## Exhibit 1

**Revised Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VYAIRE MEDICAL, INC., *et al.*,[1] | ) | Case No. 24-11217 (___) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. __** |

**ORDER (I) APPROVING THE ADEQUACY
OF THE DISCLOSURE STATEMENT ON AN INTERIM
BASIS, (II) SCHEDULING A COMBINED DISCLOSURE STATEMENT
APPROVAL AND PLAN CONFIRMATION HEARING, (III) APPROVING
THE SOLICITATION AND NOTICE PROCEDURES, (IV) APPROVING
THE COMBINED HEARING NOTICE, AND (V) GRANTING RELATED RELIEF**

Upon the motion (the "<u>Motion</u>")[2] of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") for the entry of an order (this "<u>Order</u>"), (a) authorizing the Debtors to approve the adequacy of the Disclosure Statement on an interim basis, (b) schedule the Combined Hearing on the adequacy of the Disclosure Statement on a final basis and Confirmation of the Plan, (c) establish the Objection Deadline and approving related procedures, (d) approve the Solicitation Procedures, (e) approve the form and manner of the Combined Hearing Notice, and (f) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the Court under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware,

---

[1]   The last four digits of Debtor Vyaire Medical, Inc.'s federal tax identification number are 6495. A complete list of each of the Debtors in these Chapter 11 Cases and each such Debtor's federal tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/Vyaire. The location of Debtor Vyaire Medical, Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 26125 North Riverwoods Boulevard, Mettawa, Illinois, USA 60045.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted to the extent set forth herein.

**I.      Interim Approval of the Disclosure Statement.**

2.      The Disclosure Statement, substantially in the form attached hereto as **Exhibit 1**, is hereby approved on an interim basis as providing Holders of Claims entitled to vote on the Plan with adequate information to make an informed decision as to whether to vote to accept or reject the Plan in accordance with sections 105 and 1125(a)(1) of the Bankruptcy Code and Bankruptcy Rule 3017.

3.      The Disclosure Statement (including all applicable exhibits thereto) provides Holders of Claims or Interests, and other parties in interest with sufficient notice of the injunction, exculpation, and release provisions contained in Article VIII of the Plan, in satisfaction of the requirements of Bankruptcy Rule 3016(c).

**II.     Approval of the Solicitation and Voting Procedures.**

4.      The Debtors are authorized to solicit, receive, and tabulate votes to accept the Plan in accordance with the Solicitation and Voting Procedures, substantially in the form attached hereto as **Exhibit 2**, which are hereby approved in their entirety.

5.      Any party wishing to file a motion under Bankruptcy Rule 3018(a) to temporarily allow a Claim or Interest solely for purposes of voting to accept or reject the Plan shall have until ten days from the later of (a) the distribution of the Combined Hearing Notice and (b) the filing of an objection to such Claim or Interest to file such a motion.  The Debtors and other parties in interest shall have until November 4, 2024 as the deadline to file objections to any motion filed pursuant to Bankruptcy Rule 3018(a).

**III.    Approval of the Materials and Timeline for Soliciting Votes and the Procedures for Confirming the Plan.**

**A.     Approval of Certain Dates and Deadlines with Respect to the Plan and Disclosure Statement.**

6.      The following dates are hereby established (subject to modification as necessary) with respect to solicitation of votes on the Plan and Confirmation of the Plan:

| Event | Date |
|---|---|
| Disclosure Statement Objection Deadline | September 25, 2024, at 4:00 p.m. (prevailing Eastern Time) |
| Voting Record Date | October 2, 2024 |
| Disclosure Statement Hearing | October 2, 2024 |
| Solicitation Launch | October 7, 2024 |
| Plan Supplement Filing Date | October 28, 2024 |
| Voting Deadline | November 4, 2024, at 4:00 p.m. (prevailing Eastern Time) |
| Confirmation Objection Deadline | November 4, 2024, at 4:00 p.m. (prevailing Eastern Time) |
| Voting Report Filing Deadline | November 7, 2024 |
| Confirmation Brief Filing Deadline | November 11, 2024 |
| Confirmation Hearing | November 14, 2024, at 1:30 p.m. (prevailing Eastern Time) |

**B.      Approval of the Form of and Distribution of Solicitation Packages to Parties Entitled to Vote on the Plan.**

7.      In addition to a copy of this Order, the Solicitation Packages to be transmitted on or before the Solicitation Deadline to those Holders of Claims the Voting Classes entitled to vote on the Plan as of the Voting Record Date, shall include the following, the form of each of which is hereby approved:

a.      Ballots substantially in the forms attached hereto as **Exhibit 3A** and **3B**, and, for those Ballots distributed by first-class mail, a pre-addressed, postage prepaid return envelope;[3]

b.      the Cover Letter, including instructions to obtain access, free of charge, to the Plan and Disclosure Statement and the Order (without exhibits, except the Solicitation and Voting Procedures), substantially in the form attached hereto as **Exhibit 7**; and

c.      the Combined Hearing Notice substantially in the form attached hereto as **Exhibit 8**.

8.      The Solicitation Packages provide the Holders of Claims entitled to vote on the Plan with adequate information to make informed decisions with respect to voting on the Plan in accordance with Bankruptcy Rules 2002(b) and 3017(d), the Bankruptcy Code, and the Local Rules.

9.      The Debtors shall distribute Solicitation Packages by email, where available, and otherwise by first-class U.S. mail, to all Holders of Claims entitled to vote on the Plan on or before the Solicitation Deadline.  Such service shall satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

---

[3]      The Debtors will use commercially reasonable efforts to ensure that any Holder of a Claim who has filed duplicate Claims against the Debtors (whether against the same or multiple Debtors) that are classified under the Plan in the same Voting Class receives no more than one Solicitation Package (and, therefore, one Ballot) on account of such Claim and with respect to that Class.

10.     The Debtors are authorized, but not directed or required, to distribute the Plan and Disclosure Statement to Holders of Claims entitled to vote on the Plan by providing instructions as part of the Solicitation Package for accessing these documents through the Debtors' restructuring website (https://omniagentsolutions.com/Vyaire), and if requested, a hard copy or flash drive within three business days of receipt of such request.  On or before the Solicitation Deadline, the Debtors shall provide (a) complete Solicitation Packages (other than Ballots) to the U.S. Trustee and (b) the Order (in electronic format) and the Combined Hearing Notice to all parties on the 2002 List as of the Voting Record Date.

11.     Any party that would prefer to receive materials in paper format may contact the Notice and Claims Agent and request paper copies of the materials (to be provided at the Debtors' expense).

12.     The Notice and Claims Agent is authorized to assist the Debtors in (a) distributing the Solicitation Package, (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by Holders of Claims and Interests against the Debtors, (c) responding to inquiries from Holders of Claims and Interests and other parties in interest relating to the Disclosure Statement, the Plan, the Ballots, the Solicitation Package, and all other related documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan and for objecting to the Plan, (d) soliciting votes on the Plan, and (e) if necessary, contacting creditors regarding the Plan.

13.     The Notice and Claims Agent is also authorized to accept Ballots via electronic online transmission solely through a customized online balloting portal on the Debtors' case website.  The encrypted ballot data and audit trail created by such electronic submission shall become part of the record of any Ballot submitted in this manner and the creditor's electronic

signature will be deemed to be immediately legally valid and effective.  Ballots submitted via the customized online balloting portal shall be deemed to contain an original signature.

14.     All votes to accept or reject the Plan must be cast by using the appropriate Ballot. All Ballots must be properly executed, completed, and delivered according to their applicable voting instructions by:  (a) first class mail; (b) overnight courier; (c) personal delivery; or (d) via E-Ballot Portal, so that the Ballots are actually received by the Notice and Claims Agent no later than the Voting Deadline at the return address set forth in the applicable Ballot. Alternatively, Ballots may be submitted via an electronic Ballot through the Solicitation Agent's online electronic Ballot submission portal at https://omniagentsolutions.com/Vyaire by no later than the Voting Deadline.  The Debtors are authorized to extend the Voting Deadline in their sole discretion and without further order of the Court.

**C.     Approval of the Combined Hearing Notice.**

15.     The Combined Hearing Notice constitutes adequate and sufficient notice of the hearing to consider approval of the Plan, the manner in which a copy of the Plan could be obtained, and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

16.     The Combined Hearing Notice, substantially in the form attached hereto as **Exhibit 8**, shall be filed by the Debtors and served, within three business days following entry of this Order, upon the Debtors' entire creditor matrix and all interest holders of record; *provided, however*, that in lieu of mailing a Combined Hearing Notice to such parties for whom the Debtors maintain active electronic mail addresses on record (meaning that such electronic mails do not respond that the message is undeliverable), the Debtors will cause the Combined Hearing Notice to be sent by electronic mail to such parties.

17.     In addition, the Debtors shall publish the Combined Hearing Notice in a format modified for publication (the "<u>Publication Notice</u>") one time, as soon as reasonably practicable after entry of this Order, in a nationally recognized and circulated news publication.

**D.     Approval of Notice of Filing of the Plan Supplement.**

18.     The Debtors are authorized to file and post the Plan Supplement on the Debtors' restructuring website at https://omniagentsolutions.com/Vyaire, which will be filed and posted at least seven days prior to the Voting Deadline, substantially in the form attached hereto as **Exhibit 9**.

**E.     Approval of the Form of Notices to Non-Voting Classes.**

19.     Except to the extent the Debtors determine otherwise, the Debtors are not required to provide Solicitation Packages to Holders of Claims in Non-Voting Classes, as such Holders are not entitled to vote on the Plan.  Instead, on or before the Solicitation Deadline, the Notice and Claims Agent shall distribute by email, where available, and otherwise by mail (first-class postage prepaid), a Non-Voting Status Notice in lieu of Solicitation Packages, the form of each of which is hereby approved, to those parties, outlined below, who are not entitled to vote on the Plan:

| Class | Status | Treatment |
|---|---|---|
| Classes 1, 2 and 3 | Unimpaired—Conclusively Presumed to Accept | Will receive a Non-Voting Status Notice, substantially in the form attached hereto as **Exhibit 4** in lieu of a Solicitation Package. |
| Classes 6, 7, 8, 9, and 10 | Impaired—Deemed to Reject | Will receive a Non-Voting Status Notice, substantially in the forms attached hereto as **Exhibit 5** in lieu of a Solicitation Package. |
| N/A | Disputed Claims | Holders of Claims and Interests that are subject to a pending objection by the Debtors are not entitled to vote the disputed portion of their Claim.  As such, Holders of such Claims will receive a notice, substantially in the forms attached hereto as **Exhibit 6** (which notice shall be served together with such objection). |

20.     The Debtors are not required to distribute Solicitation Packages or other solicitation materials to the following:  (a) Holders of Claims that have already been paid in full during these Chapter 11 Cases or that are authorized to be paid in full in the ordinary course of business pursuant to an order previously entered by this Court; (b) any party to whom a notice of the hearing regarding the Court's interim approval of the Disclosure Statement was sent but was subsequently returned as undeliverable; or (c) Holders of Class 7 Intercompany Claims and Class 8 Intercompany Interests.

### F.      Approval of Assumption Notice.

21.     The Debtors are authorized to distribute by email, where available, and otherwise by first-class U.S. mail, an Assumption Notice of any Executory Contracts or Unexpired Leases, substantially in the form attached hereto as **Exhibit 10**, to the applicable counterparties to Executory Contracts and Unexpired Leases that will be assumed pursuant to the Plan, within the time periods and any reservation of rights period specified in the Plan.

### G.      Approval of Rejection Notice.

22.     The Debtors are authorized to distribute by email, where available, and otherwise by first-class U.S. mail, a Rejection Notice of any Executory Contracts or Unexpired Leases, substantially in the form attached hereto as **Exhibit 11**, to the applicable counterparties to Executory Contracts and Unexpired Leases that will be rejected pursuant to the Plan, within the time periods specified in the Plan.  If certain, but not all, of a contract counterparty's Executory Contracts and Unexpired Leases are assumed pursuant to the Plan, the Confirmation Order will be a determination that such counterparty's Executory Contracts and Unexpired Leases that are being rejected pursuant to the Plan are severable agreements that are not integrated with those Executory Contracts and Unexpired Leases that are being assumed pursuant to the Plan.  Parties seeking to contest this finding with respect to their Executory Contracts or Unexpired Leases must file a

timely objection by the Confirmation Objection Deadline on the grounds that their agreements are integrated and not severable.

**H.       Approval of the Procedures for Filing Objections to the Plan.**

23.       Objections to the Plan will not be considered by the Court unless such objections are timely filed and properly served in accordance with this Order.  Additionally, all objections to Confirmation of the Plan or requests for modifications to the Plan, if any, must:  (a) be in writing, (b) conform to the Bankruptcy Rules and the Local Rules, (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection, and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the notice parties identified in the Combined Hearing Notice on or before **November 4, 2024, at 4:00 p.m.**, prevailing Eastern Time.  All objections to Confirmation of the Plan are fully reserved.

**IV.    Miscellaneous.**

24.       Notwithstanding anything in this Order or the Plan to the contrary, not later than 12:00 p.m. ET on the date that is three (3) business days prior to the deadline to object to the Plan, the Debtors shall serve upon counsel for Cigna (as defined in the *Objection of Cigna to Disclosure Statement for the Joint Chapter 11 Plan of Vyaire Medical, Inc. and Its Debtor Affiliates* [Docket No. 567] ("Cigna Objection")) written notice (email will suffice) ("Cigna Notice") of their irrevocable (conditioned on the Effective Date of the Plan) decision as to whether or not the Debtors propose to assume or reject (or otherwise terminate) the Employee Benefits Agreements (as defined in the Cigna Objection) pursuant to the Plan.  If the Debtors propose to terminate the Employee Benefits Agreements, the Cigna Notice shall state whether the effective date of such termination shall be: (i) the Effective Date of the Plan; or (ii) such other date as the Debtors may propose, upon at least 30 days' notice.  If the Debtors propose to reject or otherwise terminate the

9

ASO Agreement (as defined in the Cigna Objection), the Cigna Notice shall also include the Debtors' decision as to whether: (i) the payment of employee healthcare claims that were incurred, but not submitted, processed and paid prior to the effective date of termination ("Run-Out Claims") will be funded by the Debtors (or a successor thereto) for the twelve (12) month period following such rejection, and the source of such funding; or (ii) the payment of Run-Out Claims will not be funded, in which case the Cigna Notice shall include (x) irrevocable notice to Cigna of Debtors' direction to not process Run-Out Claims after the effective date of termination, (y) confirmation that affected current and former employees of the Debtors ("Affected Employees") have been given notice that Run-Out Claims will not be funded, and (z) the name and contact information of a representative of the Debtors or their successor to whom Cigna can direct inquiries from Affected Employees whose healthcare claims will not be paid.  This resolves the Cigna Objection.

25.     The Debtors may make non-substantive changes to the Disclosure Statement, Plan, Combined Hearing Notice, Solicitation Packages, Non-Voting Status Notices, Ballots, Publication Notice, Cover Letter, Solicitation and Voting Procedures, Plan Supplement Notice, Assumption Notice, Rejection Notice, Voting and Tabulation Procedures, and related documents after the entry of this Order without further order of the Court, including changes to correct typographical and grammatical errors, if any, and to make conforming changes to the Disclosure Statement, the Plan, and any other materials in the Solicitation Packages before distribution.

26.     The Debtors reserve the right to modify the Plan without further order of the Court in accordance with Article X of the Plan, including the right to withdraw the Plan as to any or all Debtors at any time before the Confirmation Date.

27.     Nothing contained in the Motion or this Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Order),

is intended as or shall be construed or deemed to be:  (a) an admission as to the amount, validity or priority of, or basis for any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

28.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

29.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

30.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

31.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## **Exhibit 1**

**Disclosure Statement**

[*To Be Filed Separately*]

## Exhibit 2

### Solicitation and Voting Procedures

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VYAIRE MEDICAL, INC., *et al.*,[1] | ) | Case No. 24-11217 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## SOLICITATION AND VOTING PROCEDURES

**PLEASE TAKE NOTICE THAT** on [●], 2024, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"): (a) authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to solicit votes on the *Joint Chapter 11 Plan of Vyaire Medical, Inc. and Its Debtor Afffiliates* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *Disclosure Statement for the Joint Chapter 11 Plan of Vyaire Medical, Inc. and Its Debtor Afffiliates* [Docket No. [●]] (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan; and (e) granting related relief.

### A.    The Voting Record Date.

The Court has established **October 2, 2024**, as the record date for purposes of determining which Holders of Claims in Class 4 (First Lien Claims) and Class 5 (Second Lien Claims) are entitled to vote on the Plan (the "Voting Record Date").

### B.    The Voting Deadline.

The Court has established **November 4, 2024, at 4:00 p.m., prevailing Eastern Time**, as the voting deadline (the "Voting Deadline") for the Plan.  The Debtors may extend the Voting Deadline without further order of the Court.  To be counted as votes to accept or reject the Plan, all ballots (collectively, the "Ballots") must be properly executed, completed, and delivered pursuant to the instructions provided on or with the Ballot.

---

[1]    The last four digits of Debtor Vyaire Medical, Inc.'s federal tax identification number are 6495.  A complete list of each of the Debtors in these chapter 11 cases and each such Debtor's federal tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/Vyaire.  The location of Debtor Vyaire Medical, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 26125 North Riverwoods Boulevard, Mettawa, Illinois, USA 60045.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Plan.

**C.      Form, Content, and Manner of Notices.**

**1.      The Solicitation Package.**

The following materials shall constitute the solicitation package (the "Solicitation Package"):

a.      The Disclosure Statement Order (without exhibits, except for these Solicitation and Voting Procedures);

b.      the Combined Hearing Notice, in substantially the form attached as Exhibit 8 to the Disclosure Statement Order;

c.      the Cover Letter in support of the Plan, in substantially the form attached as Exhibit 7 to the Disclosure Statement Order;

d.      a Ballot with applicable voting instructions, attached as Exhibits 3A and 3B to the Disclosure Statement Order, and, for those Ballots distributed via first-class mail, a pre-addressed, postage pre-paid return envelope;

e.      the Disclosure Statement (and exhibits thereto, including the Plan and all exhibits thereto); and

f.      such other materials as the Court may direct.

**2.      Distribution of the Solicitation Package.**

The Solicitation Packages shall provide certain materials, including the Ballots, the Cover Letter, and the Combined Hearing Notice by email, where applicable, and otherwise by first-class U.S. mail.  In addition, these Solicitation and Voting Procedures, the Disclosure Statement, the Plan, and the Order shall be made available on the Debtors' case website at https://omniagentsolutions.com/Vyaire.  Paper copies are available upon request by contacting Omni Agent Solutions, Inc., the claims and noticing agent retained by the Debtors in these chapter 11 cases (the "Claims and Noticing Agent") by:  (a) writing via first class mail, to Vyaire Medical, Inc. *et al.*, c/o Omni Agent Solutions, Inc., 5955 De Soto Avenue, Suite 100, Woodland Hills, CA 91367; (b) writing via electronic mail to Vyaireinquiries@omniagnt.com; or (c) calling the Debtors' restructuring hotline at (866) 956-2140 (U.S. Toll-Free/Domestic) or +1 (818) 666-3635 (International).

The Debtors shall serve, or cause to be served, all of the materials in the Solicitation Package (excluding the Ballots) on the U.S. Trustee, counsel to the Committee, and all parties required to be notified under Bankruptcy Rule 2002 and Local Rule 2002-1 (the "2002 List") as of the Voting Record Date.  In addition, the Debtors shall distribute (or cause to be distributed) by email, where available, and otherwise by first-class mail the Solicitation Package to all Holders of Claims in the Voting Classes by no later than **October 7, 2024 (or as soon as reasonably practicable thereafter)**, who are entitled to vote, as described in **Section D** below.

For purposes of serving the Solicitation Packages, the Debtors may rely on the address and email address (as applicable) information for Voting Classes as compiled, updated, and maintained by the Claims and Noticing Agent as of the Voting Record Date. The Debtors and the Claims and Noticing Agent are not required to conduct any additional research for updated addresses or email addresses based on undeliverable Solicitation Packages (including Ballots) or Non-Voting Status Notices.

To avoid duplication and reduce expenses, the Debtors will use commercially reasonable efforts to ensure that each Holder of a Claim entitled to vote on the Plan receives no more than one Solicitation Package (and, therefore, one Ballot per Class) and is only entitled to submit one Ballot on account of such Holder's Claim in a particular Class.

**3.** **Resolution of Disputed Claims for Voting Purposes; Resolution Event.**

a. The Debtors shall have until ten (10) days prior to the Voting Deadline to object to Proofs of Claims for purposes of voting on the Plan (the "Voting Claims Objection Deadline"). To the extent the Debtors wish to object to a Proof of Claim that is timely filed following the Voting Claims Objection Deadline but prior to the Voting Deadline, the Debtors shall promptly file such objection. Any such objection that remains pending as of the Confirmation Hearing Date will be heard on an emergency basis at the Confirmation Hearing.

b. Absent a further order of the Court, the Holder of a Claim in a Voting Class that is the subject of a pending objection on a "reduce and allow" basis shall be entitled to vote such Claim in the reduced amount contained in such objection.

c. If a Claim in a Voting Class is subject to an objection other than a "reduce and allow" objection that is filed with the Court on or prior to the Voting Deadline: (i) the Debtors shall cause the applicable Holder to be served with a Non-Voting Status Notice substantially in the form attached as Exhibit 6 to the Disclosure Statement Order (which notice shall be served together with such objection); and (ii) the applicable Holder shall not be entitled to vote to accept or reject the Plan on account of such claim unless a Resolution Event (as defined herein) occurs as provided herein.

d. A "Resolution Event" means the occurrence of one or more of the following events no later than two (2) business days prior to the Voting Deadline:

- an order of the Court is entered allowing such Claim pursuant to section 502(b) of the Bankruptcy Code, after notice and a hearing;

- an order of the Court is entered temporarily allowing such Claim for voting purposes only pursuant to Bankruptcy Rule 3018(a), after notice and a hearing;

- a stipulation or other agreement is executed between the Holder and the Debtors resolving the objection and allowing such Claim in an agreed upon amount; or

- the pending objection is voluntarily withdrawn by the objecting party.

e. To the extent an applicable Claim is in a Voting Class, no later than one (1) business day following the occurrence of a Resolution Event, or as soon as reasonably practicable thereafter, the Debtors shall cause the Claims and Noticing Agent to distribute via email, hand delivery, or overnight courier service a Solicitation Package and a pre-addressed, postage pre-paid envelope, if applicable, to the relevant Holder to the extent such Holder has not already received a Solicitation Package.

**4.     Non-Voting Status Notices for Unimpaired Classes and Classes Deemed to Reject the Plan.**

Certain Holders of Claims and Interests that are not classified pursuant to section 1123(a)(1) of the Bankruptcy Code, or who are not entitled to vote because they are Unimpaired or otherwise presumed to accept the Plan under section 1126(f) of the Bankruptcy Code, will receive only the *Notice of Non-Voting Status and Opt In to Releases for Holders of Unimpaired Claims or Interests Conclusively Presumed to Accept the Plan*, substantially in the form attached as Exhibit 4 to the Disclosure Statement Order.  Certain Holders of Claims who are not entitled to vote because they are deemed to reject the Plan under section 1126(g) of the Bankruptcy Code will receive the *Notice of Non-Voting Status and Opt In to Releases for Holders of Impaired Claims or Interests Conclusively Deemed to Reject the Plan*, substantially in the form attached as Exhibit 5 to the Disclosure Statement Order.  Such notice will instruct these Holders as to how they may obtain copies of the documents contained in the Solicitation Package (excluding Ballots).  Such notice will also include a form by which all Holders or potential Holders of Claims or Interests can elect to opt in to the third-party release provision included in the Plan. The Holders of Claims may affirmatively opt in by completing and returning the form (the paper version or electronically) or file an objection with the Court on or before **November 4, 2024, at 4:00 p.m., prevailing Eastern Time**.

**5.     Notices Regarding Executory Contracts and Unexpired Leases Assumed, Assumed and Assigned, or Rejected, in Each Case, Under the Plan.**

Counterparties to Executory Contracts or Unexpired Leases that receive an Assumption Notice or a Rejection Notice, substantially in the forms attached as Exhibit 10 and Exhibit 11 to the Disclosure Statement Order, respectively, may file an objection to the Debtors' proposed assumption, assumption and assignment, rejection, and/or cure amount, each under the Plan, as applicable.  Any objection by a counterparty to an Executory Contract or Unexpired Lease to a proposed assumption or assumption and assignment or related cure amount (in each case, under the Plan) must be Filed, served, and actually received by the Debtors by no later than fourteen (14) days after actual receipt of this Notice, *provided* that, if the Debtors modify the Assumed Executory Contract or Unexpired Lease List (for the avoidance of doubt, under the Plan), any party affected by such modifications shall have fourteen (14) days to object to the proposed modified treatment from the date of their recept of notice of such modification.  Any objection by a counterparty to an Executory Contract or Unexpired Lease in connection with the rejection of the Executory Contract(s) and Unexpired Lease(s) and/or related rejection damages proposed in

connection with the Plan must be filed with the Court by **November 4, 2024, at 4:00 p.m., prevailing Eastern Time**.

 For the avoidance of doubt, the deadline to object to the proposed Cure Amounts, proposed assignment to the Successful Bidder of any Assigned Contract, or ability of the Successful Bidder to provide adequate assurance of future performance with respect to any Assigned Contract is fourteen (14) days following service of any notice of proposed assumption and assignment or as otherwise set in accordance with the *Order (I) Approving Bidding Procedures in Connection with the Sale of Substantially All of the Debtors' Assets, (II) Authorizing the Debtors to Enter into a Stalking Horse Agreement and Provide Bid Protections, (III) Approving the Form and Manner of Notice Thereof, (IV) Scheduling an Auction and Sale Hearing, (V) Approving Procedures for the Assumption and Assignment of Contracts, (VI) Approving the Sale of the Debtors' Assets Free and Clear, and (VII) Granting Related Relief* [Docket No. 249] (the "Bidding Procedures Order") or the applicable Sale Orders.

 **D.** **Voting and Tabulation Procedures.**

 **1.** **Holders of Claims Entitled to Vote.**

 Only the following Holders of Claims in the Voting Classes shall be entitled to vote with regard to such Claims:

 a. Holders of Claims that are listed in the Schedules; and

 b. The assignee of any Claim that was transferred on or before the Voting Record Date by any Entity described in subparagraph (a) above; provided that such transfer or assignment has been fully effectuated pursuant to the procedures set forth in Bankruptcy Rule 3001(e) and such transfer is reflected on the Claims Register on the Voting Record Date.

 **Claims in Classes 4 and 5**.  For voting purposes, claim amounts for Claims in Class 4 (First Lien Claims) and Class 5 (Second Lien Claims) will be established by reference to the Plan.

 **2.** **Voting and Ballot Tabulation Procedures.**

 The following voting procedures and standard assumptions shall be used in tabulating Ballots, subject to the Debtors' right to waive any of the below specified requirements for completion and submission of Ballots so long as such requirement is not otherwise required by the Bankruptcy Code, Bankruptcy Rules, or Local Rules.

 a. Except as otherwise provided in the Solicitation and Voting Procedures, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline (as the same may be extended by the Debtors), the Debtors, in their sole discretion, shall be entitled to reject such Ballot as invalid and, therefore, not count it in connection with Confirmation of the Plan.

 b. The Debtors will file with the Court by **November 7, 2024** a voting report (the "Voting Report").  The Voting Report shall, among other things, delineate every Ballot that does not conform to the voting instructions or that contains any form of irregularity

including, but not limited to, those Ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking signatures, or lacking necessary information, received via facsimile, or damaged (in each case, an "Irregular Ballot").  The Voting Report shall indicate the Debtors' intentions with regard to each Irregular Ballot.

c.  The method of delivery of Ballots to be sent to the Claims and Noticing Agent is at the election and risk of each Holder.  Except as otherwise provided, a Ballot will be deemed delivered only when the Claims and Noticing Agent actually receives the properly executed Ballot.

d.  An executed Ballot is required to be submitted by the Entity submitting such Ballot. Delivery of a Ballot to the Claims and Noticing Agent by facsimile, telecopy, electronic mail, or any electronic means other than the Claims and Noticing Agent's online portal will not be valid.

e.  No Ballot should be sent to the Debtors, the Debtors' agents (other than the Claims and Noticing Agent), or the Debtors' financial or legal advisors, and if so sent will not be counted.

f.  If multiple Ballots are received from the same Holder with respect to the same Claim prior to the Voting Deadline, the last properly executed Ballot timely received will be deemed to reflect that voter's intent and will supersede and revoke any prior received Ballot.

g.  Holders must vote all of their Claims within a particular Class either to accept or reject the Plan and may not split any votes.  Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.  Further, to the extent there are multiple Claims within the same Class, the applicable Debtor may, in its discretion, aggregate the Claims of any particular Holder within a Class for the purpose of counting votes.

h.  Holders of Claims that may be asserted against multiple Debtors must vote such Claims either to accept or reject the Plan at each such Debtor and may not vote any such Claim to accept at one Debtor and reject at another Debtor.  Accordingly, a Ballot that rejects the Plan for a Claim at one Debtor and accepts the Plan for the same Claim at another Debtor will not be counted.

i.  A person signing a Ballot in its capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity of a Holder of Claims must indicate such capacity when signing.

j.  The Debtors, subject to a contrary order of the Court, may waive any defects or irregularities as to any particular Irregular Ballot at any time, either before or after the close of voting, and any such waivers will be documented in the Voting Report or a supplemental voting report, as applicable.

k.  Neither the Debtors, nor any other Entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in

the Voting Report, nor will any of them incur any liability for failure to provide such notification.

l.  Unless waived or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured by the Holder of Claims or their Nominee prior to the Voting Deadline or such Ballots will not be counted.

m.  In the event a designation of lack of good faith is requested by a party in interest under section 1126(e) of the Bankruptcy Code, the Court will determine whether any vote to accept and/or reject the Plan cast with respect to that Claim will be counted for purposes of determining whether the Plan has been accepted and/or rejected.

n.  Subject to any order of the Court, the Debtors reserve the right to reject any and all Ballots not in proper form, the acceptance of which, in the opinion of the Debtors, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules; *provided* that any such rejections will be documented in the Voting Report.

o.  If a Claim has been estimated or a Claim has otherwise been Allowed only for voting purposes by order of the Court, such Claim shall be temporarily Allowed in the amount so estimated or Allowed by the Court for voting purposes only, and not for purposes of allowance or distribution.

p.  If an objection to a Claim is filed, such Claim shall be treated in accordance with the procedures set forth herein.

q.  The following Ballots shall not be counted in determining the acceptance or rejection of the Plan:  (i) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of such Claim; (ii) any Ballot cast by any Entity that does not hold a Claim in a Voting Class; (iii) any Ballot cast for a Claim scheduled as unliquidated, contingent, or disputed for which no Proof of Claim was timely filed by the Voting Record Date (unless the applicable bar date has not yet passed, in which case such Claim shall be entitled to vote in the amount of $1.00); (iv) any unsigned Ballot or Ballot lacking an original signature; (v) any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan; and (vi) any Ballot submitted by any Entity not entitled to vote pursuant to the procedures described herein.

r.  After the Voting Deadline, no Ballot may be withdrawn or modified without the prior written consent of the Debtors; *provided*, for the avoidance of doubt, upon the occurrence of a Termination Date (as defined in the Restructuring Support Agreement) prior to the Confirmation Order being entered by the Court, any and all consents or ballots tendered by the parties subject to such termination before the Termination Date shall be deemed, for all purposes, to be null and void from the first instance and shall be allowed to be withdrawn or modified pursuant to the Restructuring Support Agreement.

s.  The Debtors are authorized to enter into stipulations with the Holder of any Claim agreeing to the amount of a Claim for voting purposes.  The Debtors will provide notice

to the Committee of any such stipulation as soon as reasonably practicable following entry into the stipulation.

t.   Where any portion of a single Claim has been transferred to a transferee, all Holders of any portion of such single Claim will be (i) treated as a single creditor for purposes of the numerosity requirements in section 1126(c) of the Bankruptcy Code (and for the other voting and solicitation procedures set forth herein), and (ii) required to vote every portion of such Claim collectively to accept or reject the Plan.  In the event that (x) a Ballot, (y) a group of Ballots within a Voting Class received from a single creditor, or (z) a group of Ballots received from the various Holders of multiple portions of a single Claim partially reject and partially accept the Plan, such Ballots shall not be counted.

u.   For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class will be aggregated and treated as if such creditor held one Claim in such Class, and all votes related to such Claim will be treated as a single vote to accept or reject the Plan; *provided* that if separate affiliated entities hold Claims in a particular Class, these Claims will not be aggregated and will not be treated as if such creditor held one Claim in such Class, and the vote of each affiliated entity will be counted separately as a vote to accept or reject the Plan.

**E.    Amendments to the Plan and Solicitation and Voting Procedures.**

The Debtors reserve the right to make non-substantive or immaterial changes to the Disclosure Statement, Plan (including, for the avoidance of doubt, the Plan Supplement), Ballots, Combined Hearing Notice, and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors, if any, and to make conforming changes among the Disclosure Statement, the Plan, and any other materials in the Solicitation Package before their distribution; *provided* that all such modifications shall be made in accordance with the terms of the document being modified, the Plan, and the consent requirements contained in the Restructuring Support Agreement and/or the DIP Credit Agreement.

**<u>Exhibit 3A</u>**

**Form of Ballot for Holders of Class 4 First Lien Claims**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VYAIRE MEDICAL, INC., *et al.*,[1] | ) | Case No. 24-11217 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**BALLOT FOR VOTING TO**
**ACCEPT OR REJECT THE JOINT CHAPTER 11 PLAN OF**
**VYAIRE MEDICAL, INC. AND ITS DEBTOR AFFILIATES**

**CLASS 4 BALLOT FOR HOLDERS OF CLASS 4 FIRST LIEN CLAIMS**

> **PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**
>
> **IN ORDER FOR YOUR VOTE TO BE COUNTED, THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED* BY THE CLAIMS AND NOTICING AGENT BY NOVEMBER 4, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME (THE "VOTING DEADLINE") IN ACCORDANCE WITH THE FOLLOWING:**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes with respect to the *Joint Chapter 11 Plan of Vyaire Medical, Inc. and Its Debtor Affiliates* [Docket No.[●]] (as may be amended, supplemented, or otherwise modified from time to time, the "Plan") as set forth in the *Disclosure Statement for the Joint Chapter 11 Plan of Vyaire Medical, Inc. and Its Debtor Affiliates* [Docket No. [●]] (as may be amended, supplemented, or otherwise modified from time to time, the "Disclosure Statement"). The Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has approved the Disclosure Statement on an interim basis as containing adequate information pursuant to section 1125 of title 11 of the United States Code (the "Bankruptcy Code"), by entry of an order on [●], 2024 [Docket No. [●]] (the "Disclosure Statement Order"). The Bankruptcy Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court. Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

---

[1]   The last four digits of Debtor Vyaire Medical, Inc.'s federal tax identification number are 6495. A complete list of each of the Debtors in these chapter 11 cases and each such Debtor's federal tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/Vyaire. The location of Debtor Vyaire Medical, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 26125 North Riverwoods Boulevard, Mettawa, Illinois, USA 60045.

You are receiving this ballot (this "Ballot") because you are a Holder of a Class 4 First Lien Claim (a "Voting Class") as of **October 2, 2024** (the "Voting Record Date").  Accordingly, you have a right to vote to accept or reject the Plan.

**YOUR VOTE ON THIS BALLOT WILL BE APPLIED TO EACH DEBTOR AGAINST WHICH YOU HAVE A CLAIM.**

Your rights are described in the Disclosure Statement, which was included in the package (the "Solicitation Package") you are receiving with this Ballot (as well as the Plan, Disclosure Statement Order, and certain other materials). If you received Solicitation Package materials in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them by  (a) writing via first class mail, to Vyaire Medical, Inc. *et al.*, c/o Omni Agent Solutions, Inc., 5955 De Soto Avenue, Suite 100, Woodland Hills, CA 91367; (b) writing via electronic mail to Vyaireinquiries@omniagnt.com; or (c) calling the Debtors' restructuring hotline at (866) 956-2140 (U.S. Toll-Free/Domestic) or +1 (818) 666-3635 (International).  You may also obtain copies of any pleadings filed in these chapter 11 cases (a) for a fee via PACER at: http://www.deb.uscourts.gov; or (b) at no charge from Omni Agent Solutions, Inc. by accessing the Debtors' restructuring website at https://omniagentsolutions.com/Vyaire.

**U.S. Toll Free: (866) 956-2140**
**International:  +1 (818) 666-3635**

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan.  If you believe you have received this Ballot in error, or if you believe you have received the wrong ballot, please contact the Claims and Noticing Agent *immediately* at the address, telephone number, or email address set forth above.

**You should review the Disclosure Statement, the Plan, and the instructions contained herein before you vote.**  You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim.  Your Claim has been placed in Class 4 under the Plan.

**PLEASE SUBMIT YOUR BALLOT BY ONE OF THE FOLLOWING TWO METHODS:**

**Electronically, Via Ballot Portal.  Submit your Ballot via upload through the Claims and Noticing Agent's online portal, by visiting https://omniagentsolutions.com/Vyaire (the "Ballot Portal") and following the instructions to submit your Ballot.**

**Creditors who cast a Ballot using the Ballot Portal should NOT also submit a paper Ballot.**

**The Claims and Noticing Agent's Ballot Portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.**

*OR*

**Via Paper Ballot (if applicable).  Complete, sign, and date this Ballot and return it (with an original signature) promptly via first-class mail (or in the enclosed reply envelope provided), overnight courier, or hand delivery to:**

**By regular mail, overnight mail, or hand delivery at:**

**Vyaire Medical, Inc. Ballot Processing**
**c/o Omni Agent Solutions, Inc.**
**5955 De Soto Avenue, Suite 100**
**Woodland Hills, CA 91367**

**If you would like to coordinate hand delivery of your Ballot, please send an email to Vyaireinquiries@omniagnt.com and provide the anticipated date and time of your delivery.**

**Item 1.          Amount of Claim.**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Holder of a Class 4 First Lien Claim in the following *aggregate* unpaid amount:

$\$\rule{3cm}{0.4pt}$

**Item 2.          Vote on Plan.**

The Holder of the Class 4 First Lien Claim against the Debtors, the aggregate amount of which is set forth in Item 1, votes to (please check <u>one</u>):

| ☐    **ACCEPT** (vote FOR) the Plan | ☐    **REJECT** (vote AGAINST) the Plan |
|---|---|

**<u>Your vote on the Plan will be applied to each applicable Debtor in the same manner and in the same amount as indicated in Item 1 and Item 2 above.</u>**

**Item 3.          Important information regarding releases under the Plan.**[2]

Article VIII.B of the Plan provides for a release by the Debtors (the "**<u>Debtor Release</u>**"):

**Except as otherwise specifically provided herein or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, upon entry of the Confirmation Order, as of the Effective Date, each Released Party is, and is deemed, hereby fully, conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by each and all of the Debtors, the Wind-Down Debtors, and their Estates, in each case on behalf of themselves and**

---

[2]    The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights.  If there is any inconsistency between the provisions set forth herein and the Plan, the Plan governs.  Please read the Plan carefully before completing this Ballot.

their respective successors, assigns, and representatives from any and all Claims, obligations, rights, suits, damages, and Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, including any derivative claims asserted or assertable on behalf of any of the Debtors, the Wind-Down Debtors, and their Estates, that the Debtors, the Wind-Down Debtors, or their Estates would have been legally entitled to assert in their own right (whether individually or collectively), or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, or that any Holder of any Claim against or Interest in a Debtor or other Entity could have asserted on behalf of the Debtors based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the capital structure, management, ownership, or operation thereof or otherwise), the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor or the Wind-Down Debtors and any Released Party, the Debtors' in- or out-of-court restructuring efforts, the purchase, sale, or rescission of any security of the Debtors or the Wind-Down Debtors, intercompany transactions between or among the Debtors or between the Debtors and their non-Debtor Affiliates, the First Lien Credit Agreement, the Second Lien Credit Agreement, the Note Purchase Agreement, the DIP Facility, the DIP Facility Documents, the Disclosure Statement Order, the Confirmation Order, the Sale Order, the First Day Pleadings, the Chapter 11 Cases, the formulation, preparation, dissemination, solicitation, negotiation, entry into, or filing of the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, the Prepetition Loan Documents, any other Definitive Document, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the DIP Facility, the Plan, the Plan Supplement, the Sale Transactions, any other Definitive Document, any of the Restructuring Transactions, the Chapter 11 Cases, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to any of the foregoing.

Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any post-Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan or the Restructuring Transactions, (ii) any Causes of Action specifically retained by the Debtors pursuant to the Schedule of Retained Causes of Action to be attached as an exhibit to the Plan Supplement, or (iii) any Claims or Causes of Action arising out of, or related to, any act or omission of a Released Party that is determined by a Final Order of the Bankruptcy Court or any other court of competent jurisdiction to have constituted actual fraud, gross negligence, or willful misconduct (it being agreed that any Released Parties' consideration, approval, or receipt of any distribution did not arise from or relate to actual fraud, gross negligence, or willful misconduct).

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases set forth in Article VIII.B of the Plan,

which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that such release is: (1) in exchange for the good and valuable consideration provided by the Released Parties, including, the Released Parties' contribution to facilitating the Restructuring Transactions and implementing the Plan; (2) a good faith settlement and compromise of the Claims released by the Debtor Release; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for a hearing; and (6) a bar to any of the Debtors, the Wind-Down Debtors, or the Debtors' Estates asserting any Claim or Cause of Action released pursuant to the Debtor Release.

Article VIII.C of the Plan provides for a third-party release by Holders of Claims and Interests (the "**Third-Party Release**"):

Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, upon entry of the Confirmation Order, as of the Effective Date, each Releasing Party is, and is deemed to have, hereby fully, conclusively, absolutely, unconditionally, irrevocably and forever released each Debtor, Wind-Down Debtor, and Released Party from any and all Claims, obligations, rights, suits, damages, and Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, including any derivative claims asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, and their Estates (as applicable) that such Entity would have been legally entitled to assert in their own right (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the capital structure, management, ownership, or operation thereof or otherwise), the purchase, sale, or recission of any security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor or the Wind-Down Debtors and any Released Party, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions between or among the Debtors or between the Debtors and their non-Debtor Affiliates, the First Lien Credit Agreement, the Second Lien Credit Agreement, the Note Purchase Agreement, the DIP Facility, the DIP Facility Documents, the Disclosure Statement Order, the Confirmation Order, the Sale Order, the First Day Pleadings, the Chapter 11 Cases, the formulation, preparation, dissemination, solicitation, negotiation, entry into, or filing of the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, the Prepetition Loan Documents, any other Definitive Document, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the DIP Facility, the Plan, the Plan Supplement, the Sale Transactions, any other Definitive Document, any of the Restructuring Transactions, the Chapter 11 Cases, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to any of the foregoing.

**Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any post-Effective Date obligations of any party or Entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, (ii) any Causes of Action specifically retained by the Debtors pursuant to the Schedule of Retained Causes of Action to be attached as an exhibit to the Plan Supplement, or (iii) any Claims or Causes of Action arising out of, or related to, any act or omission of a Released Party that is determined by a Final Order of the Bankruptcy Court or any other court of competent jurisdiction to have constituted actual fraud, gross negligence, or willful misconduct (it being agreed that any Released Parties' consideration, approval, or receipt of any distribution did not arise from or relate to actual fraud, gross negligence, or willful misconduct).**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases set forth in Article VIII.C of the Plan, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that such releases are: (1) consensual; (2) essential to the Confirmation of the Plan; (3) given in exchange for the good and valuable consideration provided by the Released Parties; (4) a good faith settlement and compromise of the Claims released by the releases provided in Article VIII.C of the Plan; (5) in the best interests of the Debtors and their Estates; (6) fair, equitable, and reasonable; (7) given and made after due notice and opportunity for a hearing; and (8) a bar to any of the Releasing Parties asserting any Claim or Cause of Action released pursuant to the releases provided in Article VIII.C of the Plan.**

Definitions Related to the Debtor Release and the Third-Party Release:

UNDER THE PLAN, "*AVOIDANCE ACTIONS*" MEANS ANY AND ALL AVOIDANCE, RECOVERY, OR SUBORDINATION ACTIONS OR REMEDIES THAT MAY BE BROUGHT BY OR ON BEHALF OF THE DEBTORS OR THEIR ESTATES UNDER THE BANKRUPTCY CODE OR APPLICABLE NON-BANKRUPTCY LAW, INCLUDING ACTIONS OR REMEDIES UNDER SECTIONS 544, 547, 548, 549, 550, 551, 552, OR 553 OF THE BANKRUPTCY CODE.

UNDER THE PLAN, "*DEBTOR RELEASE*" MEANS THE RELEASES GIVEN ON BEHALF OF THE DEBTORS AND THEIR ESTATES AS SET FORTH IN ARTICLE VIII.B OF THE PLAN.

UNDER THE PLAN, "***RELEASED PARTIES***" MEANS, EACH OF, AND IN EACH CASE, IN THEIR RESPECTIVE CAPACITIES AS SUCH:  (A) THE DEBTORS AND THE WIND-DOWN DEBTORS, AS APPLICABLE; (B) THE PLAN ADMINISTRATOR; (C) EACH CONSENTING STAKEHOLDER; (D) THE COMMITTEE AND ITS MEMBERS; (E) THE PURCHASERS; (F) THE DIP LENDERS; (G) THE AGENTS; (H) ALL HOLDERS OF CLAIMS WHO OPT IN TO GRANTING THESE RELEASES SET FORTH IN THE PLAN; (I) ALL HOLDERS OF INTERESTS WHO OPT IN TO GRANTING THESE RELEASES SET FORTH IN THE PLAN; (J) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH THE FOLLOWING CLAUSE (K); AND (K) EACH RELATED PARTY OF EACH ENTITY IN CLAUSE (A) THROUGH THIS CLAUSE (K), EACH IN THEIR CAPACITY AS SUCH; *PROVIDED* THAT, IN EACH CASE, AN ENTITY SHALL NOT BE A RELEASED PARTY IF IT TIMELY OBJECTS TO THE RELEASES SET FORTH IN ARTICLE VIII.C OF THE PLAN AND SUCH OBJECTION IS NOT WITHDRAWN OR OTHERWISE RESOLVED BEFORE THE CONFIRMATION ORDER IS ENTERED.

UNDER THE PLAN, "***RELEASING PARTIES***" MEANS, EACH OF, AND IN EACH CASE, IN THEIR RESPECTIVE CAPACITIES AS SUCH:  (A) THE DEBTORS AND THE WIND-DOWN DEBTORS, AS APPLICABLE; (B) THE PLAN ADMINISTRATOR; (C) EACH CONSENTING STAKEHOLDER; (D) THE COMMITTEE AND ITS MEMBERS; (E) THE PURCHASERS; (F) THE DIP LENDERS; (G) THE AGENTS; (H) ALL HOLDERS OF CLAIMS WHO OPT IN TO GRANTING THESE RELEASES SET FORTH IN THE PLAN; (I) ALL HOLDERS OF INTERESTS WHO OPT IN TO GRANTING THESE RELEASES SET FORTH IN THE PLAN; (J) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH THE FOLLOWING CLAUSE (K); AND (K) EACH RELATED PARTY OF EACH ENTITY IN CLAUSE (A) THROUGH THIS CLAUSE (K), FOR WHICH SUCH ENTITY IS LEGALLY ENTITLED TO BIND SUCH RELATED PARTY TO THE RELEASES CONTAINED IN THE PLAN UNDER APPLICABLE LAW; *PROVIDED, HOWEVER*, THAT IN EACH CASE, AN ENTITY SHALL NOT BE RELEASING PARTY IF IT TIMELY OBJECTS TO THE RELEASES SET FORTH IN ARTICLE VIII.C OF THE PLAN AND SUCH OBJECTION IS NOT WITHDRAWN OR OTHERWISE RESOLVED BEFORE THE CONFIRMATION ORDER IS ENTERED.

**<u>IMPORTANT INFORMATION REGARDING THE RELEASES</u>:**

AS A HOLDER OF CLAIMS AGAINST OR INTERESTS IN THE DEBTORS, YOU MAY BE A "RELEASING PARTY" UNDER THE PLAN AND PROVIDE THE THIRD-PARTY RELEASE CONTAINED IN ARTICLE VIII.C OF THE PLAN, AS SET FORTH ABOVE.  IF YOU CHECK THE BOX BELOW TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII.C OF THE PLAN, YOU WILL BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN.  AN ENTITY SHALL NOT BE A "RELEASING PARTY" UNDER THE PLAN IF IT FILES AN OBJECTION TO THE RELEASES CONTAINED IN THE PLAN WITH THE BANKRUPTCY COURT PRIOR TO THE PLAN OBJECTION DEADLINE THAT IS NOT WITHDRAWN OR OTHERWISE RESOLVED BEFORE THE CONFIRMATION ORDER IS ENTERED.  THE ELECTION TO CONSENT TO GRANT THE THIRD-PARTY RELEASE IS AT YOUR OPTION, SUBJECT TO ANY OBLIGATION YOU MAY HAVE UNDER THE RESTRUCTURING SUPPORT AGREEMENT.  BY OPTING IN TO THE RELEASES SET FORTH IN ARTICLE VIII.C OF THE PLAN, YOU WILL RECEIVE THE BENEFIT OF OBTAINING THE RELEASES SET FORTH IN ARTICLE VIII.C OF THE PLAN IF YOU ARE A "RELEASED PARTY" IN CONNECTION THEREWITH.

YOU WILL RECEIVE THE SAME TREATMENT ON ACCOUNT OF YOUR CLAIM(S) UNDER THE PLAN REGARDLESS OF WHETHER YOU ELECT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII.C OF THE PLAN.

**<u>The Holder of the Claim identified in Item 1 elects to</u>:**



☐ **<u>OPT IN to the Third Party Release</u>**

Article VIII.D of the Plan provides for an exculpation of certain parties (the "**<u>Exculpation</u>**"):

**Except as otherwise expressly provided in the Plan or the Confirmation Order, to the fullest extent permitted by applicable law and solely to the extent such acts or omissions occurred between the Petition Date and the Effective Date, no Exculpated Party shall have or incur any liability for, and each Exculpated Party is released and exculpated from any Cause of Action for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Disclosure Statement, the Sale Transactions, the Plan, the Plan Supplement, any other Definitive Document, or any Restructuring Transaction, or any contract, instrument, release or other agreement or document created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Sale Transactions, any other Definitive Document, any of the Restructuring Transactions, the filing of the Chapter 11 Cases, the participation in the DIP Facility, the pursuit of the Sale Transactions, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, except for claims related to any act or omission that is determined in a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and**

responsibilities pursuant to the Plan. **The Exculpated Parties have, and upon Consummation shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.**

Article VIII.E of the Plan establishes an injunction (the "**Injunction**"):

**In accordance with Bankruptcy Code section 1141(d)(3), the Plan does not discharge the Debtors. Bankruptcy Code section 1141(c) nevertheless provides, among other things, that the property dealt with by the Plan is free and clear of all Claims and Interests against the Debtors. Except as otherwise specifically provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold, or may hold Claims or Interests that have been released or are subject to exculpation pursuant to the Plan are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtors, the Exculpated Parties, or the Released Parties, and any successors, assigns or representatives of such Persons or Entities: (a) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (b) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims or Interests; (c) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Claims or Interests; (d) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims or Interests unless such Holder has Filed a motion requesting the right to perform such setoff on or before the Effective Date; and (e) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests released or settled pursuant to the Plan. Notwithstanding anything to the contrary in the foregoing, the injunction set forth above does not enjoin the enforcement of any obligations arising on or after the Effective Date of any Person or Entity under the Plan, any post-Effective Date transaction contemplated by the Restructuring Transactions, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.**

**Upon entry of the Confirmation Order, all Holders of Claims and Interests and their respective current and former employees, agents, officers, directors, managers, principals, and direct and indirect Affiliates, in their capacities as such, shall be enjoined from taking any actions to interfere with the implementation or Consummation of the Plan. Each Holder of an Allowed Claim or Allowed Interest, as applicable, by accepting, or being eligible to accept, distributions under or Reinstatement of such Claim or Interest, as applicable, pursuant to the Plan, shall be deemed to have consented to the injunction provisions set forth in Article VIII.E of the Plan.**

**<u>Item 4</u>.**        **Certifications.**

By signing this Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors that:

(a)     as of the Voting Record Date, the Entity is the Holder (or authorized signatory for a Holder) of the Claims in the Voting Class(es) as set forth in Item 1;

(b)     the Entity (or in the case of an authorized signatory, the Holder) has reviewed a copy of the Disclosure Statement, the Plan, and the remainder of the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c)     the Entity has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

(e)     no other Ballots with respect to the amount of the Claim identified in Item 1 has been cast or, if any other Ballots have been cast with respect to such Claim, then any such earlier Ballots are hereby revoked;

(f)     the Entity understands and acknowledges that if multiple Ballots are submitted voting the Claim set forth in Item 1, only the last properly completed Ballot voting the Claim and received by the Claims and Noticing Agent before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Claims and Noticing Agent; and

(g)     the Entity understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the Holder hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the Holder and shall not be affected by, and shall survive, the death or incapacity of the Holder.

Name of Holder: _____

(Print or Type)

Signature: _____

Name of Signatory: _____

(If other than the Holder)

Title: _____

Address: _____

_____

_____

Telephone
Number: _____

Email: _____

Date Completed: _____

---

**IF THE CLAIMS AND NOTICING AGENT DOES NOT *ACTUALLY RECEIVE* THIS BALLOT ON OR BEFORE NOVEMBER 4, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME, AND IF THE VOTING DEADLINE IS NOT EXTENDED, YOUR VOTE TRANSMITTED BY THIS BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS.**

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

1.  The Debtors are soliciting the votes of Holders of Class 4 and 5 Claims with respect to the Plan referred to in the Disclosure Statement. **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.  The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims or at least two-thirds in amount of Interests in at least one class that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

3.  To ensure that your Ballot is counted, you ***must*** complete and submit this Ballot as instructed herein. **Ballots will not be accepted by electronic mail or facsimile.**

4.  **Use of Ballot**. To ensure that your Ballot is counted, you must: (a) complete your Ballot in accordance with these instructions; (b) clearly indicate your decision either to accept or

reject the Plan in the boxes provided in Item 2 of the Ballot; and (c) clearly sign and submit your Ballot as instructed herein.

5.      Your Ballot **must** be returned to the Claims and Noticing Agent so as to be ***actually received*** by the Claims and Noticing Agent on or before the Voting Deadline.  **The Voting Deadline is <u>November 4, 2024, at 4:00 p.m.</u>, prevailing Eastern Time.**

6.      If a Ballot is received after the Voting Deadline and if the Voting Deadline is not extended, it may be counted only in the sole and absolute discretion of the Debtors.  Additionally, **the following Ballots will *not* be counted**:

(a)      any Ballot that partially rejects and partially accepts the Plan;

(b)      Ballots sent to the Debtors, the Debtors' agents (other than Claims and Noticing Agent), the Debtors' financial or legal advisors or any other person (other than the Claims and Noticing Agent);

(c)      Ballots sent by electronic mail or facsimile;

(d)      any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim;

(e)      any Ballot cast by an Entity that does not hold a claim in Classes 4 and 5;

(f)      any Ballot submitted by a Holder not entitled to vote pursuant to the Plan;

(g)      any unsigned Ballot (for the avoidance of doubt, Ballots validly submitted through the Ballot Portal will be deemed signed);

(h)      any non-original Ballot (for the avoidance of doubt, Ballots validly submitted through the Ballot Portal will be deemed original); and/or

(i)      any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan.

7.      The method of delivery of Ballots to the Claims and Noticing Agent is at the election and risk of each Holder of Claim.  Except as otherwise provided herein, such delivery will be deemed made only when the Claims and Noticing Agent ***actually receives*** the originally executed Ballot.  In all cases, Holders should allow sufficient time to assure timely delivery.

8.      If multiple Ballots are received from the same Holder Claim with respect to the same Class prior to the Voting Deadline, the latest, timely received, and properly completed Ballot will supersede and revoke any earlier received Ballots.

9.      You must vote all of your Claims within your respective class either to accept or reject the Plan and may ***not*** split your vote.

10.    This Ballot does ***not*** constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

11.    **<u>Please be sure to sign and date your Ballot</u>**.  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Claims and Noticing Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the ballot.

### <u>PLEASE SUBMIT YOUR BALLOT PROMPTLY</u>

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS, OR THE PROCEDURES FOR VOTING, PLEASE CALL THE RESTRUCTURING HOTLINE AT:**

**U.S. TOLL FREE: (866) 956-2140 (US toll free)**
**INTERNATIONAL: +1 (818) 666-3635 (International)**

**OR BY EMAILING <u>VYAIREINQUIRIES@OMNIAGNT.COM</u>**

**IF THE CLAIMS AND NOTICING AGENT DOES NOT *ACTUALLY RECEIVE* THIS BALLOT**
**ON OR BEFORE THE VOTING DEADLINE, WHICH IS**
**<u>NOVEMBER 4, 2024, AT 4:00 P.M.</u>, PREVAILING EASTERN TIME, AND IF**
**THE VOTING DEADLINE IS NOT EXTENDED, YOUR VOTE TRANSMITTED**
**HEREBY MAY BE COUNTED ONLY IN THE DISCRETION OF THE DEBTORS.**

**Exhibit 3B**

**Form of Ballot for Holders of Class 5 Second Lien Claims**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VYAIRE MEDICAL, INC., *et al.*,[1] | ) | Case No. 24-11217 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**BALLOT FOR VOTING TO
ACCEPT OR REJECT THE JOINT CHAPTER 11 PLAN OF
VYAIRE MEDICAL, INC. AND ITS DEBTOR AFFILIATES**

**CLASS 5 BALLOT FOR HOLDERS OF CLASS 5 SECOND LIEN CLAIMS**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR
COMPLETING BALLOTS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**IN ORDER FOR YOUR VOTE TO BE COUNTED, THIS BALLOT MUST BE
COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED*
BY THE CLAIMS AND NOTICING AGENT BY NOVEMBER 4, 2024, AT 4:00 P.M.,
PREVAILING EASTERN TIME (THE "VOTING DEADLINE") IN ACCORDANCE
WITH THE FOLLOWING:**

---

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes with respect to the *Joint Chapter 11 Plan of Vyaire Medical, Inc. and Its Debtor Affiliates* [Docket No.[●]] (as may be amended, supplemented, or otherwise modified from time to time, the "Plan") as set forth in the *Disclosure Statement for the Joint Chapter 11 Plan of Vyaire Medical, Inc. and Its Debtor Affiliates* [Docket No. [●]] (as may be amended, supplemented, or otherwise modified from time to time, the "Disclosure Statement"). The Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has approved the Disclosure Statement on an interim basis as containing adequate information pursuant to section 1125 of title 11 of the United States Code (the "Bankruptcy Code"), by entry of an order on [●], 2024 [Docket No. [●]] (the "Disclosure Statement Order"). Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court. Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

---

[1] The last four digits of Debtor Vyaire Medical, Inc.'s federal tax identification number are 6495. A complete list of each of the Debtors in these chapter 11 cases and each such Debtor's federal tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/Vyaire. The location of Debtor Vyaire Medical, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 26125 North Riverwoods Boulevard, Mettawa, Illinois, USA 60045.

You are receiving this ballot (this "Ballot") because you are a Holder of a Class 5 Second Lien Claim (a "Voting Class") as of **October 2, 2024** (the "Voting Record Date").  Accordingly, you have a right to vote to accept or reject the Plan.

**YOUR VOTE ON THIS BALLOT WILL BE APPLIED TO EACH DEBTOR AGAINST WHICH YOU HAVE A CLAIM.**

Your rights are described in the Disclosure Statement, which was included in the package (the "Solicitation Package") you are receiving with this Ballot (as well as the Plan, Disclosure Statement Order, and certain other materials).  If you received Solicitation Package materials in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them by  (a) writing via first class mail, to Vyaire Medical, Inc. *et al*., c/o Omni Agent Solutions, Inc., 5955 De Soto Avenue, Suite 100, Woodland Hills, CA 91367; (b) writing via electronic mail to Vyaireinquiries@omniagnt.com; or (c) calling the Debtors' restructuring hotline at (866) 956-2140 (U.S. Toll-Free/Domestic) or +1 (818) 666-3635 (International).  You may also obtain copies of any pleadings filed in these chapter 11 cases (a) for a fee via PACER at: http://www.deb.uscourts.gov; or (b) at no charge from Omni Agent Solutions, Inc. by accessing the Debtors' restructuring website at https://omniagentsolutions.com/Vyaire.

**U.S. Toll Free:  (866) 956-2140**
**International:  +1 (818) 666-3635**

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan.  If you believe you have received this Ballot in error, or if you believe you have received the wrong ballot, please contact the Claims and Noticing Agent *immediately* at the address, telephone number, or email address set forth above.

You should review the Disclosure Statement, the Plan, and the instructions contained herein before you vote.  You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim.  Your Claim has been placed in Class 5 under the Plan.

**PLEASE SUBMIT YOUR BALLOT BY ONE OF THE FOLLOWING TWO METHODS:**

**Electronically, Via Ballot Portal**.  **Submit your Ballot via upload through the Claims and Noticing Agent's online portal, by visiting https://omniagentsolutions.com/Vyaire (the "Ballot Portal") and following the instructions to submit your Ballot.**

**Creditors who cast a Ballot using the Ballot Portal should NOT also submit a paper Ballot.**

**The Claims and Noticing Agent's Ballot Portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.**

*OR*

**Via Paper Ballot (if applicable).  Complete, sign, and date this Ballot and return it (with an original signature) promptly via first-class mail (or in the enclosed reply envelope provided), overnight courier, or hand delivery to:**

**By regular mail, overnight mail, or hand delivery at:**

**Vyaire Medical, Inc. Ballot Processing**
**c/o Omni Agent Solutions, Inc.**
**5955 De Soto Avenue, Suite 100**
**Woodland Hills, CA 91367**

**If you would like to coordinate hand delivery of your Ballot, please send an email to Vyaireinquiries@omniagnt.com and provide the anticipated date and time of your delivery.**

**Item 1.**        **Amount of Claim.**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Holder of a Class 5 Second Lien Claim in the following *aggregate* unpaid amount:

$$\boxed{\$\underline{\hspace{3cm}}}$$

**Item 2.**        **Vote on Plan.**

The Holder of the Class 5 Second Lien Claim against the Debtors, the aggregate amount of which is set forth in Item 1, votes to (please check <u>one</u>):

| ☐    **ACCEPT** (vote FOR) the Plan | ☐    **REJECT** (vote AGAINST) the Plan |
|---|---|

**Your vote on the Plan will be applied to each applicable Debtor in the same manner and in the same amount as indicated in Item 1 and Item 2 above.**

**Item 3.**        **Important information regarding releases under the Plan.**[2]

Article VIII.B of the Plan provides for a release by the Debtors (the "**Debtor Release**"):

    Except as otherwise specifically provided herein or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, upon entry of the Confirmation Order, as of the Effective Date, each Released Party is, and is deemed, hereby fully, conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by each and all of the Debtors, the Wind-Down Debtors, and their Estates, in each case on behalf of themselves and

---

[2]    The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights.  If there is any inconsistency between the provisions set forth herein and the Plan, the Plan governs.  Please read the Plan carefully before completing this Ballot.

**their respective successors, assigns, and representatives from any and all Claims, obligations, rights, suits, damages, and Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, including any derivative claims asserted or assertable on behalf of any of the Debtors, the Wind-Down Debtors, and their Estates, that the Debtors, the Wind-Down Debtors, or their Estates would have been legally entitled to assert in their own right (whether individually or collectively), or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, or that any Holder of any Claim against or Interest in a Debtor or other Entity could have asserted on behalf of the Debtors based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the capital structure, management, ownership, or operation thereof or otherwise), the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor or the Wind-Down Debtors and any Released Party, the Debtors' in- or out-of-court restructuring efforts, the purchase, sale, or rescission of any security of the Debtors or the Wind-Down Debtors, intercompany transactions between or among the Debtors or between the Debtors and their non-Debtor Affiliates, the First Lien Credit Agreement, the Second Lien Credit Agreement, the Note Purchase Agreement, the DIP Facility, the DIP Facility Documents, the Disclosure Statement Order, the Confirmation Order, the Sale Order, the First Day Pleadings, the Chapter 11 Cases, the formulation, preparation, dissemination, solicitation, negotiation, entry into, or filing of the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, the Prepetition Loan Documents, any other Definitive Document, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the DIP Facility, the Plan, the Plan Supplement, the Sale Transactions, any other Definitive Document, any of the Restructuring Transactions, the Chapter 11 Cases, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to any of the foregoing.**

**Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any post-Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan or the Restructuring Transactions, (ii) any Causes of Action specifically retained by the Debtors pursuant to the Schedule of Retained Causes of Action to be attached as an exhibit to the Plan Supplement, or (iii) any Claims or Causes of Action arising out of, or related to, any act or omission of a Released Party that is determined by a Final Order of the Bankruptcy Court or any other court of competent jurisdiction to have constituted actual fraud, gross negligence, or willful misconduct (it being agreed that any Released Parties' consideration, approval, or receipt of any distribution did not arise from or relate to actual fraud, gross negligence, or willful misconduct).**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases set forth in Article VIII.B of the Plan,**

**which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that such release is: (1) in exchange for the good and valuable consideration provided by the Released Parties, including, the Released Parties' contribution to facilitating the Restructuring Transactions and implementing the Plan; (2) a good faith settlement and compromise of the Claims released by the Debtor Release; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for a hearing; and (6) a bar to any of the Debtors, the Wind-Down Debtors, or the Debtors' Estates asserting any Claim or Cause of Action released pursuant to the Debtor Release.**

Article VIII.C of the Plan provides for a third-party release by Holders of Claims and Interests (the "**Third-Party Release**"):

**Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, upon entry of the Confirmation Order, as of the Effective Date, each Releasing Party is, and is deemed to have, hereby fully, conclusively, absolutely, unconditionally, irrevocably and forever released each Debtor, Wind-Down Debtor, and Released Party from any and all Claims, obligations, rights, suits, damages, and Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, including any derivative claims asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, and their Estates (as applicable) that such Entity would have been legally entitled to assert in their own right (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the capital structure, management, ownership, or operation thereof or otherwise), the purchase, sale, or recission of any security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor or the Wind-Down Debtors and any Released Party, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions between or among the Debtors or between the Debtors and their non-Debtor Affiliates, the First Lien Credit Agreement, the Second Lien Credit Agreement, the Note Purchase Agreement, the DIP Facility, the DIP Facility Documents, the Disclosure Statement Order, the Confirmation Order, the Sale Order, the First Day Pleadings, the Chapter 11 Cases, the formulation, preparation, dissemination, solicitation, negotiation, entry into, or filing of the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, the Prepetition Loan Documents, any other Definitive Document, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the DIP Facility, the Plan, the Plan Supplement, the Sale Transactions, any other Definitive Document, any of the Restructuring Transactions, the Chapter 11 Cases, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to any of the foregoing.**

**Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any post-Effective Date obligations of any party or Entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, (ii) any Causes of Action specifically retained by the Debtors pursuant to the Schedule of Retained Causes of Action to be attached as an exhibit to the Plan Supplement, or (iii) any Claims or Causes of Action arising out of, or related to, any act or omission of a Released Party that is determined by a Final Order of the Bankruptcy Court or any other court of competent jurisdiction to have constituted actual fraud, gross negligence, or willful misconduct (it being agreed that any Released Parties' consideration, approval, or receipt of any distribution did not arise from or relate to actual fraud, gross negligence, or willful misconduct).**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases set forth in Article VIII.C of the Plan, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that such releases are: (1) consensual; (2) essential to the Confirmation of the Plan; (3) given in exchange for the good and valuable consideration provided by the Released Parties; (4) a good faith settlement and compromise of the Claims released by the releases provided in Article VIII.C of the Plan; (5) in the best interests of the Debtors and their Estates; (6) fair, equitable, and reasonable; (7) given and made after due notice and opportunity for a hearing; and (8) a bar to any of the Releasing Parties asserting any Claim or Cause of Action released pursuant to the releases provided in Article VIII.C of the Plan.**

Definitions Related to the Debtor Release and the Third-Party Release:

UNDER THE PLAN, "*AVOIDANCE ACTIONS*" MEANS ANY AND ALL AVOIDANCE, RECOVERY, OR SUBORDINATION ACTIONS OR REMEDIES THAT MAY BE BROUGHT BY OR ON BEHALF OF THE DEBTORS OR THEIR ESTATES UNDER THE BANKRUPTCY CODE OR APPLICABLE NON-BANKRUPTCY LAW, INCLUDING ACTIONS OR REMEDIES UNDER SECTIONS 544, 547, 548, 549, 550, 551, 552, OR 553 OF THE BANKRUPTCY CODE.

UNDER THE PLAN, "*DEBTOR RELEASE*" MEANS THE RELEASES GIVEN ON BEHALF OF THE DEBTORS AND THEIR ESTATES AS SET FORTH IN ARTICLE VIII.B OF THE PLAN.

UNDER THE PLAN, "***RELEASED PARTIES***" MEANS, EACH OF, AND IN EACH CASE, IN THEIR RESPECTIVE CAPACITIES AS SUCH:  (A) THE DEBTORS AND THE WIND-DOWN DEBTORS, AS APPLICABLE; (B) THE PLAN ADMINISTRATOR; (C) EACH CONSENTING STAKEHOLDER; (D) THE COMMITTEE AND ITS MEMBERS; (E) THE PURCHASERS; (F) THE DIP LENDERS; (G) THE AGENTS; (H) ALL HOLDERS OF CLAIMS WHO OPT IN TO GRANTING THESE RELEASES SET FORTH IN THE PLAN; (I) ALL HOLDERS OF INTERESTS WHO OPT IN TO GRANTING THESE RELEASES SET FORTH IN THE PLAN; (J) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH THE FOLLOWING CLAUSE (K); AND (K) EACH RELATED PARTY OF EACH ENTITY IN CLAUSE (A) THROUGH THIS CLAUSE (K), EACH IN THEIR CAPACITY AS SUCH; *PROVIDED* THAT, IN EACH CASE, AN ENTITY SHALL NOT BE A RELEASED PARTY IF IT TIMELY OBJECTS TO THE RELEASES SET FORTH IN ARTICLE VIII.C OF THE PLAN AND SUCH OBJECTION IS NOT WITHDRAWN OR OTHERWISE RESOLVED BEFORE THE CONFIRMATION ORDER IS ENTERED.

UNDER THE PLAN, "***RELEASING PARTIES***" MEANS, EACH OF, AND IN EACH CASE, IN THEIR RESPECTIVE CAPACITIES AS SUCH:  (A) THE DEBTORS AND THE WIND-DOWN DEBTORS, AS APPLICABLE; (B) THE PLAN ADMINISTRATOR; (C) EACH CONSENTING STAKEHOLDER; (D) THE COMMITTEE AND ITS MEMBERS; (E) THE PURCHASERS; (F) THE DIP LENDERS; (G) THE AGENTS; (H) ALL HOLDERS OF CLAIMS WHO OPT IN TO GRANTING THESE RELEASES SET FORTH IN THE PLAN; (I) ALL HOLDERS OF INTERESTS WHO OPT IN TO GRANTING THESE RELEASES SET FORTH IN THE PLAN; (J) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH THE FOLLOWING CLAUSE (K); AND (K) EACH RELATED PARTY OF EACH ENTITY IN CLAUSE (A) THROUGH THIS CLAUSE (K), FOR WHICH SUCH ENTITY IS LEGALLY ENTITLED TO BIND SUCH RELATED PARTY TO THE RELEASES CONTAINED IN THE PLAN UNDER APPLICABLE LAW; *PROVIDED, HOWEVER*, THAT IN EACH CASE, AN ENTITY SHALL NOT BE RELEASING PARTY IF IT TIMELY OBJECTS TO THE RELEASES SET FORTH IN ARTICLE VIII.C OF THE PLAN AND SUCH OBJECTION IS NOT WITHDRAWN OR OTHERWISE RESOLVED BEFORE THE CONFIRMATION ORDER IS ENTERED.

**<u>IMPORTANT INFORMATION REGARDING THE RELEASES</u>:**

AS A HOLDER OF CLAIMS AGAINST OR INTERESTS IN THE DEBTORS, YOU MAY BE A "RELEASING PARTY" UNDER THE PLAN AND PROVIDE THE THIRD-PARTY RELEASE CONTAINED IN ARTICLE VIII.C OF THE PLAN, AS SET FORTH ABOVE.  IF YOU CHECK THE BOX BELOW TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII.C OF THE PLAN, YOU WILL BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN.  AN ENTITY SHALL NOT BE A "RELEASING PARTY" UNDER THE PLAN IF IT FILES AN OBJECTION TO THE RELEASES CONTAINED IN THE PLAN WITH THE BANKRUPTCY COURT PRIOR TO THE PLAN OBJECTION DEADLINE THAT IS NOT WITHDRAWN OR OTHERWISE RESOLVED BEFORE THE CONFIRMATION ORDER IS ENTERED.  THE ELECTION TO CONSENT TO GRANT THE THIRD-PARTY RELEASE IS AT YOUR OPTION, SUBJECT TO ANY OBLIGATION YOU MAY HAVE UNDER THE RESTRUCTURING SUPPORT AGREEMENT.  BY OPTING IN TO THE RELEASES SET FORTH IN ARTICLE VIII.C OF THE PLAN, YOU WILL RECEIVE THE BENEFIT OF OBTAINING THE RELEASES SET FORTH IN ARTICLE VIII.C OF THE PLAN IF YOU ARE A "RELEASED PARTY" IN CONNECTION THEREWITH.

YOU WILL RECEIVE THE SAME TREATMENT ON ACCOUNT OF YOUR CLAIM(S) UNDER THE PLAN REGARDLESS OF WHETHER YOU ELECT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII.C OF THE PLAN.

**<u>The Holder of the Claim identified in Item 1 elects to</u>:**



□ **<u>OPT IN of the Third Party Release</u>**

Article VIII.D of the Plan provides for an exculpation of certain parties (the "**<u>Exculpation</u>**"):

**Except as otherwise expressly provided in the Plan or the Confirmation Order, to the fullest extent permitted by applicable law and solely to the extent such acts or omissions occurred between the Petition Date and the Effective Date, no Exculpated Party shall have or incur any liability for, and each Exculpated Party is released and exculpated from any Cause of Action for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Disclosure Statement, the Sale Transactions, the Plan, the Plan Supplement, any other Definitive Document, or any Restructuring Transaction, or any contract, instrument, release or other agreement or document created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Sale Transactions, any other Definitive Document, any of the Restructuring Transactions, the filing of the Chapter 11 Cases, the participation in the DIP Facility, the pursuit of the Sale Transactions, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, except for claims related to any act or omission that is determined in a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and**

responsibilities pursuant to the Plan.  The Exculpated Parties have, and upon Consummation shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

Article VIII.E of the Plan establishes an injunction (the "**Injunction**"):

In accordance with Bankruptcy Code section 1141(d)(3), the Plan does not discharge the Debtors.  Bankruptcy Code section 1141(c) nevertheless provides, among other things, that the property dealt with by the Plan is free and clear of all Claims and Interests against the Debtors.  Except as otherwise specifically provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold, or may hold Claims or Interests that have been released or are subject to exculpation pursuant to the Plan are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtors, the Exculpated Parties, or the Released Parties, and any successors, assigns or representatives of such Persons or Entities:  (a) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (b) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims or Interests; (c) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Claims or Interests; (d) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims or Interests unless such Holder has Filed a motion requesting the right to perform such setoff on or before the Effective Date; and (e) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests released or settled pursuant to the Plan.  Notwithstanding anything to the contrary in the foregoing, the injunction set forth above does not enjoin the enforcement of any obligations arising on or after the Effective Date of any Person or Entity under the Plan, any post-Effective Date transaction contemplated by the Restructuring Transactions, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

Upon entry of the Confirmation Order, all Holders of Claims and Interests and their respective current and former employees, agents, officers, directors, managers, principals, and direct and indirect Affiliates, in their capacities as such, shall be enjoined from taking any actions to interfere with the implementation or Consummation of the Plan.  Each Holder of an Allowed Claim or Allowed Interest, as applicable, by accepting, or being eligible to accept, distributions under or Reinstatement of such Claim or Interest, as applicable, pursuant to the Plan, shall be deemed to have consented to the injunction provisions set forth in Article VIII.E of the Plan.

**Item 4.**          **Certifications.**

By signing this Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors that:

(a)     as of the Voting Record Date, either: (i) the Entity is the Holder (or authorized signatory for a Holder) of the Claims in the Voting Class(es) as set forth in Item 1;

(b)     the Entity (or in the case of an authorized signatory, the Holder) has reviewed a copy of the Disclosure Statement, the Plan, and the remainder of the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c)     the Entity has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

(e)     no other Ballots with respect to the amount of the Claim identified in Item 1 has been cast or, if any other Ballots have been cast with respect to such Claim, then any such earlier Ballots are hereby revoked;

(f)     the Entity understands and acknowledges that if multiple Ballots are submitted voting the Claim set forth in Item 1, only the last properly completed Ballot voting the Claim and received by the Claims and Noticing Agent before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Claims and Noticing Agent; and

(g)     the Entity understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the Holder hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the Holder and shall not be affected by, and shall survive, the death or incapacity of the Holder.

| | |
|---|---|
| Name of Holder: | _____ |
| | (Print or Type) |
| | |
| Signature: | _____ |
| Name of Signatory: | _____ |
| | (If other than the Holder) |
| Title: | _____ |
| Address: | _____ |
| | _____ |
| | _____ |
| Telephone Number: | _____ |
| Email: | _____ |
| Date Completed: | _____ |

**IF THE CLAIMS AND NOTICING AGENT DOES NOT *ACTUALLY RECEIVE* THIS BALLOT ON OR BEFORE NOVEMBER 4, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME, AND IF THE VOTING DEADLINE IS NOT EXTENDED, YOUR VOTE TRANSMITTED BY THIS BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS.**

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

1. The Debtors are soliciting the votes of Holders of Class 4 and 5 Claims with respect to the Plan referred to in the Disclosure Statement. **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2. The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims or at least two-thirds in amount of Interests in at least one class that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

3. To ensure that your Ballot is counted, you **must** complete and submit this Ballot as instructed herein. **Ballots will not be accepted by electronic mail or facsimile.**

4. **Use of Ballot**. To ensure that your Ballot is counted, you must: (a) complete your Ballot in accordance with these instructions; (b) clearly indicate your decision either to accept or

reject the Plan in the boxes provided in Item 2 of the Ballot; and (c) clearly sign and submit your Ballot as instructed herein.

5. Your Ballot **must** be returned to the Claims and Noticing Agent so as to be ***actually received*** by the Claims and Noticing Agent on or before the Voting Deadline. **The Voting Deadline is <u>November 4, 2024, at 4:00 p.m.</u>, prevailing Eastern Time.**

6. If a Ballot is received after the Voting Deadline and if the Voting Deadline is not extended, it may be counted only in the sole and absolute discretion of the Debtors. Additionally, **the following Ballots will *not* be counted**:

    (a)     any Ballot that partially rejects and partially accepts the Plan;

    (b)     Ballots sent to the Debtors, the Debtors' agents (other than Claims and Noticing Agent), the Debtors' financial or legal advisors or any other person (other than the Claims and Noticing Agent);

    (c)     Ballots sent by electronic mail or facsimile;

    (d)     any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of thIlaim;

    (e)     any Ballot cast by an Entity that does not hold a claim in Classes 4 and 5;

    (f)     any Ballot submitted by a Holder not entitled to vote pursuant to the Plan;

    (g)     any unsigned Ballot (for the avoidance of doubt, Ballots validly submitted through the Ballot Portal will be deemed signed);

    (h)     any non-original Ballot (for the avoidance of doubt, Ballots validly submitted through the Ballot Portal will be deemed original); and/or

    (i)     any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan.

7. The method of delivery of Ballots to the Claims and Noticing Agent is at the election and risk of each Holder of Claim. Except as otherwise provided herein, such delivery will be deemed made only when the Claims and Noticing Agent ***actually receives*** the originally executed Ballot. In all cases, Holders should allow sufficient time to assure timely delivery.

8. If multiple Ballots are received from the same Holder Claim with respect to the same Class prior to the Voting Deadline, the latest, timely received, and properly completed Ballot will supersede and revoke any earlier received Ballots.

9. You must vote all of your Claims within your respective class either to accept or reject the Plan and may ***not*** split your vote.

10.     This Ballot does ***not*** constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

11.     **<u>Please be sure to sign and date your Ballot</u>**.  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Claims and Noticing Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the ballot.

**<u>PLEASE SUBMIT YOUR BALLOT PROMPTLY</u>**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS, OR THE PROCEDURES FOR VOTING, PLEASE CALL THE RESTRUCTURING HOTLINE AT:**

**U.S. TOLL FREE: (866) 956-2140 (US toll free)**
**INTERNATIONAL: +1 (818) 666-3635 (International)**

**OR BY EMAILING <u>VYAIREINQUIRIES@OMNIAGNT.COM</u>**

**IF THE CLAIMS AND NOTICING AGENT DOES NOT *ACTUALLY RECEIVE* THIS BALLOT
ON OR BEFORE THE VOTING DEADLINE, WHICH IS
<u>NOVEMBER 4, 2024, AT 4:00 P.M.,</u> PREVAILING EASTERN TIME, AND IF
THE VOTING DEADLINE IS NOT EXTENDED, YOUR VOTE TRANSMITTED
HEREBY MAY BE COUNTED ONLY IN THE DISCRETION OF THE DEBTORS.**

## Exhibit 4

**Form of Unimpaired Non-Voting Status Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| VYAIRE MEDICAL, INC., *et al.*,[1] | ) | Case No. 24-11217 (BLS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## NOTICE OF NON-VOTING STATUS AND
## OPT IN TO RELEASES FOR HOLDERS OF UNIMPAIRED
## CLAIMS OR INTERESTS CONCLUSIVELY PRESUMED TO ACCEPT THE PLAN

**PLEASE TAKE NOTICE THAT** on [●], 2024, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"): (a) authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to solicit votes on the *Joint Chapter 11 Plan of Vyaire Medical, Inc. and Its Debtor Affiliates* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving on an interim basis the *Disclosure Statement for the Joint Chapter 11 Plan of Vyaire Medical, Inc. and Its Debtor Affiliates* [Docket No. [●]] (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan; and (e) granting related relief.

**PLEASE TAKE FURTHER NOTICE THAT** because of the nature and treatment of your Claim under the Plan, *you are not entitled to vote on the Plan*. Specifically, under the terms of the Plan, as a Holder of a Claim (as currently asserted against the Debtors) that is not Impaired and conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code, you are *not* entitled to vote on the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **November 14, 2024, at 1:30 p.m., prevailing Eastern Time**, before The Honorable Brendan L. Shannon, in the United States Bankruptcy Court for the District of Delaware, located at 824 North Market St., 6th Floor, Courtroom No. 1, Wilmington, DE 19801.

---

[1]   The last four digits of Debtor Vyaire Medical, Inc.'s federal tax identification number are 6495. A complete list of each of the Debtors in these chapter 11 cases and each such Debtor's federal tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/Vyaire. The location of Debtor Vyaire Medical, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 26125 North Riverwoods Boulevard, Mettawa, Illinois, USA 60045.

[2]   Capitalized terms not otherwise defined herein have the same meaning as set forth in the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **November 4, 2024, at 4:00 p.m., prevailing Eastern Time** (the "Plan Objection Deadline"). All objections to the relief sought at the Confirmation Hearing *must*: (a) be in writing; (b) conform to the Bankruptcy Code, Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state, with particularity, the basis and nature of any objection to the Plan or Disclosure Statement and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Court on or before the Plan Objection Deadline.

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact Omni Agent Solutions, Inc., the claims and noticing agent retained by the Debtors in these chapter 11 cases (the "Claims and Noticing Agent"), by: (a) writing via first class mail, to Vyaire Medical, Inc. *et al.*, c/o Omni Agent Solutions, Inc., 5955 De Soto Avenue, Suite 100, Woodland Hills, CA 91367; (b) writing via electronic mail to Vyaireinquiries@omniagnt.com; or (c) calling the Debtors' restructuring hotline at (866) 956-2140 (U.S. Toll-Free/Domestic) or +1 (818) 666-3635 (International). You may also obtain copies of any pleadings filed in these chapter 11 cases (a) for a fee via PACER at: http://www.deb.uscourts.gov; or (b) at no charge from Omni Agent Solutions, Inc. by accessing the Debtors' restructuring website at https://omniagentsolutions.com/Vyaire.

---

ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE VIII.C OF THE PLAN CONTAINS A THIRD-PARTY RELEASE**. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER. DIRECTIONS REGARDING THE RELEASE OPT-IN FORM ARE INCLUDED IN THIS NOTICE.

AS SET FORTH IN THE PLAN, ALL HOLDERS OF CLAIMS OR INTERESTS THAT ELECT TO OPT IN TO THE PROVISIONS CONTAINED IN ARTICLE VIII OF THE PLAN USING THE ENCLOSED OPT IN FORM WILL BE DEEMED TO HAVE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY, AND COLLECTIVELY CONSENTED TO THE RELEASE AND DISCHARGE OF ALL CLAIMS AND CAUSES OF ACTION AGAINST THE DEBTORS AND THE RELEASED PARTIES. BY ELECTING TO OPT IN TO THE RELEASES SET FORTH IN ARTICLE VIII.C OF THE PLAN, YOU WILL RECEIVE THE BENEFIT OF OBTAINING THE RELEASES SET FORTH IN ARTICLE VIII OF THE PLAN IF YOU ARE A RELEASED PARTY IN CONNECTION THEREWITH.

---

Dated: [●], 2024
Wilmington, Delaware

*/s/ DRAFT*

**COLE SCHOTZ P.C.**
Patrick J. Reilley, Esq. (DE Bar No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone:     (302) 652-3131
Facsimile:     (302) 652-3117
Email:          preilley@coleschotz.com


- and -

Michael D. Sirota, Esq. (admitted *pro hac vice*)
Warren A. Usatine, Esq (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:     (201) 489-3000
Facsimile:     (201) 489-1536
Email:          msirota@coleschotz.com
                wusatine@coleschotz.com


*Co-Counsel to the Debtors*
*and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
601 Lexington Ave
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:          joshua.sussberg@kirkland.com


- and -

Spencer A. Winters, P.C. (admitted *pro hac vice*)
Yusuf U. Salloum (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
Email:          spencer.winters@kirkland.com
                yusuf.salloum@kirkland.com


*Co-Counsel to the Debtors*
*and Debtors in Possession*

**OPTIONAL:  RELEASE OPT IN FORM**

You are receiving this optional opt in form (the "Opt In Form") because you are or may be a Holder of a Claim or Interest that is not entitled to vote on the *Joint Chapter 11 Plan of Vyaire Medical, Inc, and Its Debtor Affiliates* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Plan").  Holders of Claims or Interests are deemed to grant the Third-Party Release set forth in the Plan unless a Holder affirmatively opts in by **November 4, 2024, at 4:00 p.m., prevailing Eastern Time** (the "Opt In Deadline").  Holders of Claims or Interests may affirmatively opt in by, no later than the Voting Deadline, (i) submitting this form in accordance with the directions herein or (ii) filing an objection to the Third-Party Release with the Bankruptcy Court.

**If you believe you are a Holder of a Claim or Interest with respect to the Debtors and choose to opt in to the Third-Party Release set forth in Article VIII.C of the Plan, please either** (i) promptly complete, sign, and date this Opt In Form and return it via first class mail, overnight courier, or hand delivery to Omni Agent Solutions, Inc. (the "Claims and Noticing Agent") at the address set forth below or (ii)  submit your Opt In Form through the Claims and Noticing Agent's online Opt In Portal in accordance with the directions provided below.  Parties that submit their Opt In Form using the Opt In Portal should NOT also submit a paper Opt In Form.

**THIS OPT IN FORM MUST BE ACTUALLY RECEIVED (WHETHER A PHYSICAL COPY IS RETURNED OR THE OPT IN FORM IS COMPLETED ONLINE) BY THE CLAIMS AND NOTICING AGENT BY THE OPT IN DEADLINE.  IF THE OPT IN FORM IS RECEIVED AFTER THE OPT IN DEADLINE, IT WILL NOT BE COUNTED.**

**Item 1.**        **Important information regarding releases under the Plan.**[1]

Article VIII.B of the Plan provides for a release by the Debtors (the "**Debtor Release**"):

> **Except as otherwise specifically provided herein or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, upon entry of the Confirmation Order, as of the Effective Date, each Released Party is, and is deemed, hereby fully, conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by each and all of the Debtors, the Wind-Down Debtors, and their Estates, in each case on behalf of themselves and their respective successors, assigns, and representatives from any and all Claims, obligations, rights, suits, damages, and Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, including any derivative claims asserted or assertable on behalf of any of the Debtors, the Wind-Down Debtors, and their Estates, that the Debtors, the Wind-Down Debtors, or their Estates would have been legally entitled to assert in their own right (whether individually or collectively), or on behalf of the Holder of any Claim against, or**

---

[1]    The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights.  If there is any inconsistency between the provisions set forth herein and the Plan, the Plan governs.  Please read the Plan carefully before completing this Opt In Form.  Defined terms used bot not defined herein shall have the meaning ascribed to such term as in the Plan.

Interest in, a Debtor or other Entity, or that any Holder of any Claim against or Interest in a Debtor or other Entity could have asserted on behalf of the Debtors based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the capital structure, management, ownership, or operation thereof or otherwise), the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor or the Wind-Down Debtors and any Released Party, the Debtors' in- or out-of-court restructuring efforts, the purchase, sale, or rescission of any security of the Debtors or the Wind-Down Debtors, intercompany transactions between or among the Debtors or between the Debtors and their non-Debtor Affiliates, the First Lien Credit Agreement, the Second Lien Credit Agreement, the Note Purchase Agreement, the DIP Facility, the DIP Facility Documents, the Disclosure Statement Order, the Confirmation Order, the Sale Order, the First Day Pleadings, the Chapter 11 Cases, the formulation, preparation, dissemination, solicitation, negotiation, entry into, or filing of the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, the Prepetition Loan Documents, any other Definitive Document, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the DIP Facility, the Plan, the Plan Supplement, the Sale Transactions, any other Definitive Document, any of the Restructuring Transactions, the Chapter 11 Cases, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to any of the foregoing.

Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any post-Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan or the Restructuring Transactions, (ii) any Causes of Action specifically retained by the Debtors pursuant to the Schedule of Retained Causes of Action to be attached as an exhibit to the Plan Supplement, or (iii) any Claims or Causes of Action arising out of, or related to, any act or omission of a Released Party that is determined by a Final Order of the Bankruptcy Court or any other court of competent jurisdiction to have constituted actual fraud, gross negligence, or willful misconduct (it being agreed that any Released Parties' consideration, approval, or receipt of any distribution did not arise from or relate to actual fraud, gross negligence, or willful misconduct).

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases set forth in Article VIII.B of the Plan, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that such release is: (1) in exchange for the good and valuable consideration provided by the Released Parties, including, the Released Parties' contribution to facilitating the Restructuring Transactions and implementing the Plan; (2) a good faith settlement and compromise of the Claims released by the Debtor Release; (3) in the best interests of the Debtors and all Holders of

**Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for a hearing; and (6) a bar to any of the Debtors, the Wind-Down Debtors, or the Debtors' Estates asserting any Claim or Cause of Action released pursuant to the Debtor Release.**

Article VIII.C of the Plan provides for a third-party release by Holders of Claims and Interests (the "**Third-Party Release**"):

> **Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, upon entry of the Confirmation Order, as of the Effective Date, each Releasing Party is, and is deemed to have, hereby fully, conclusively, absolutely, unconditionally, irrevocably and forever released each Debtor, Wind-Down Debtor, and Released Party from any and all Claims, obligations, rights, suits, damages, and Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, including any derivative claims asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, and their Estates (as applicable) that such Entity would have been legally entitled to assert in their own right (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the capital structure, management, ownership, or operation thereof or otherwise), the purchase, sale, or recission of any security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor or the Wind-Down Debtors and any Released Party, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions between or among the Debtors or between the Debtors and their non-Debtor Affiliates, the First Lien Credit Agreement, the Second Lien Credit Agreement, the Note Purchase Agreement, the DIP Facility, the DIP Facility Documents, the Disclosure Statement Order, the Confirmation Order, the Sale Order, the First Day Pleadings, the Chapter 11 Cases, the formulation, preparation, dissemination, solicitation, negotiation, entry into, or filing of the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, the Prepetition Loan Documents, any other Definitive Document, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the DIP Facility, the Plan, the Plan Supplement, the Sale Transactions, any other Definitive Document, any of the Restructuring Transactions, the Chapter 11 Cases, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to any of the foregoing.**

> **Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any post-Effective Date obligations of any party or Entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, (ii) any Causes of Action specifically retained by the Debtors pursuant to the Schedule of Retained Causes of Action**

**to be attached as an exhibit to the Plan Supplement, or (iii) any Claims or Causes of Action arising out of, or related to, any act or omission of a Released Party that is determined by a Final Order of the Bankruptcy Court or any other court of competent jurisdiction to have constituted actual fraud, gross negligence, or willful misconduct (it being agreed that any Released Parties' consideration, approval, or receipt of any distribution did not arise from or relate to actual fraud, gross negligence, or willful misconduct).**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases set forth in Article VIII.C of the Plan, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that such releases are: (1) consensual; (2) essential to the Confirmation of the Plan; (3) given in exchange for the good and valuable consideration provided by the Released Parties; (4) a good faith settlement and compromise of the Claims released by the releases provided in Article VIII.C of the Plan; (5) in the best interests of the Debtors and their Estates; (6) fair, equitable, and reasonable; (7) given and made after due notice and opportunity for a hearing; and (8) a bar to any of the Releasing Parties asserting any Claim or Cause of Action released pursuant to the releases provided in Article VIII.C of the Plan.**

Definitions Related to the Debtor Release and the Third-Party Release:

UNDER THE PLAN, "*AVOIDANCE ACTIONS*" MEANS ANY AND ALL AVOIDANCE, RECOVERY, OR SUBORDINATION ACTIONS OR REMEDIES THAT MAY BE BROUGHT BY OR ON BEHALF OF THE DEBTORS OR THEIR ESTATES UNDER THE BANKRUPTCY CODE OR APPLICABLE NON-BANKRUPTCY LAW, INCLUDING ACTIONS OR REMEDIES UNDER SECTIONS 544, 547, 548, 549, 550, 551, 552, OR 553 OF THE BANKRUPTCY CODE.

UNDER THE PLAN, "*DEBTOR RELEASE*" MEANS THE RELEASES GIVEN ON BEHALF OF THE DEBTORS AND THEIR ESTATES AS SET FORTH IN ARTICLE VIII.B OF THE PLAN.

UNDER THE PLAN, "*RELEASED PARTIES*" MEANS, EACH OF, AND IN EACH CASE, IN THEIR RESPECTIVE CAPACITIES AS SUCH: (A) THE DEBTORS AND THE WIND-DOWN DEBTORS, AS APPLICABLE; (B) THE PLAN ADMINISTRATOR; (C) EACH CONSENTING STAKEHOLDER; (D) THE COMMITTEE AND ITS MEMBERS; (E) THE PURCHASERS; (F) THE DIP LENDERS; (G) THE AGENTS; (H) ALL HOLDERS OF CLAIMS WHO OPT IN TO GRANTING THESE RELEASES SET FORTH IN THE PLAN; (I) ALL HOLDERS OF INTERESTS WHO OPT IN TO GRANTING THESE RELEASES SET FORTH IN THE PLAN; (J) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH THE FOLLOWING CLAUSE (K); AND (K) EACH RELATED PARTY OF EACH ENTITY IN CLAUSE (A) THROUGH THIS CLAUSE (K), EACH IN THEIR CAPACITY AS SUCH; *PROVIDED* THAT, IN EACH CASE, AN ENTITY SHALL NOT BE A RELEASED PARTY IF IT TIMELY OBJECTS TO THE RELEASES SET FORTH IN ARTICLE VIII.C OF THE PLAN AND SUCH OBJECTION IS NOT WITHDRAWN OR OTHERWISE RESOLVED BEFORE THE CONFIRMATION ORDER IS ENTERED.

UNDER THE PLAN, "***RELEASING PARTIES***" MEANS, EACH OF, AND IN EACH CASE, IN THEIR RESPECTIVE CAPACITIES AS SUCH:  (A) THE DEBTORS AND THE WIND-DOWN DEBTORS, AS APPLICABLE; (B) THE PLAN ADMINISTRATOR; (C) EACH CONSENTING STAKEHOLDER; (D) THE COMMITTEE AND ITS MEMBERS; (E) THE PURCHASERS; (F) THE DIP LENDERS; (G) THE AGENTS; (H) ALL HOLDERS OF CLAIMS WHO OPT IN TO GRANTING THESE RELEASES SET FORTH IN THE PLAN; (I) ALL HOLDERS OF INTERESTS WHO OPT IN TO GRANTING THESE RELEASES SET FORTH IN THE PLAN; (J) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH THE FOLLOWING CLAUSE (K); AND (K) EACH RELATED PARTY OF EACH ENTITY IN CLAUSE (A) THROUGH THIS CLAUSE (K), FOR WHICH SUCH ENTITY IS LEGALLY ENTITLED TO BIND SUCH RELATED PARTY TO THE RELEASES CONTAINED IN THE PLAN UNDER APPLICABLE LAW; *PROVIDED*, *HOWEVER*, THAT IN EACH CASE, AN ENTITY SHALL NOT BE RELEASING PARTY IF IT TIMELY OBJECTS TO THE RELEASES SET FORTH IN ARTICLE VIII.C OF THE PLAN AND SUCH OBJECTION IS NOT WITHDRAWN OR OTHERWISE RESOLVED BEFORE THE CONFIRMATION ORDER IS ENTERED.

## <u>IMPORTANT INFORMATION REGARDING THE RELEASES:</u>

AS A HOLDER OF CLAIMS AGAINST OR INTERESTS IN THE DEBTORS, YOU MAY BE A "RELEASING PARTY" UNDER THE PLAN AND PROVIDE THE THIRD-PARTY RELEASE CONTAINED IN ARTICLE VIII.C OF THE PLAN, AS SET FORTH ABOVE.  IF YOU CHECK THE BOX BELOW TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII.C OF THE PLAN, YOU WILL BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN.  AN ENTITY SHALL NOT BE A "RELEASING PARTY" UNDER THE PLAN IF IT FILES AN OBJECTION TO THE RELEASES CONTAINED IN THE PLAN WITH THE BANKRUPTCY COURT PRIOR TO THE PLAN OBJECTION DEADLINE THAT IS NOT WITHDRAWN OR OTHERWISE RESOLVED BEFORE THE CONFIRMATION ORDER IS ENTERED.  THE ELECTION TO CONSENT TO GRANT THE THIRD-PARTY RELEASE IS AT YOUR OPTION, SUBJECT TO ANY OBLIGATION YOU MAY HAVE UNDER THE RESTRUCTURING SUPPORT AGREEMENT.  BY OPTING IN TO THE RELEASES SET FORTH IN ARTICLE VIII.C OF THE PLAN, YOU WILL RECEIVE THE BENEFIT OF OBTAINING THE RELEASES SET FORTH IN ARTICLE VIII.C OF THE PLAN IF YOU ARE A "RELEASED PARTY" IN CONNECTION THEREWITH.

YOU WILL RECEIVE THE SAME TREATMENT ON ACCOUNT OF YOUR CLAIM(S) UNDER THE PLAN REGARDLESS OF WHETHER YOU ELECT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII.C OF THE PLAN.

**<u>OPTIONAL RELEASE ELECTION</u>**.  **YOU MAY ELECT TO OPT IN TO THE RELEASE CONTAINED IN ARTICLE VIII.C OF THE PLAN ONLY IF YOU CHECK THE BOX BELOW:**

☐     **The Undersigned Holder of the Claim or Interest elects to <u>OPT IN to the Third-Party Release</u>**

Article VIII.D of the Plan provides for an exculpation of certain parties (the "**Exculpation**"):

**Except as otherwise expressly provided in the Plan or the Confirmation Order, to the fullest extent permitted by applicable law and solely to the extent such acts or omissions occurred between the Petition Date and the Effective Date, no Exculpated Party shall have or incur any liability for, and each Exculpated Party is released and exculpated from any Cause of Action for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Disclosure Statement, the Sale Transactions, the Plan, the Plan Supplement, any other Definitive Document, or any Restructuring Transaction, or any contract, instrument, release or other agreement or document created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Sale Transactions, any other Definitive Document, any of the Restructuring Transactions, the filing of the Chapter 11 Cases, the participation in the DIP Facility, the pursuit of the Sale Transactions, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, except for claims related to any act or omission that is determined in a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan.  The Exculpated Parties have, and upon Consummation shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.**

Article VIII.E of the Plan establishes an injunction (the "**Injunction**"):

**In accordance with Bankruptcy Code section 1141(d)(3), the Plan does not discharge the Debtors.  Bankruptcy Code section 1141(c) nevertheless provides, among other things, that the property dealt with by the Plan is free and clear of all Claims and Interests against the Debtors.  Except as otherwise specifically provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold, or may hold Claims or Interests that have been released or are subject to exculpation pursuant to the Plan are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtors, the Exculpated Parties, or the Released Parties, and any successors, assigns or representatives of such Persons or Entities:  (a) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (b) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims or Interests; (c) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Claims or Interests; (d) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on**

**account of or in connection with or with respect to any such Claims or Interests unless such Holder has Filed a motion requesting the right to perform such setoff on or before the Effective Date; and (e) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests released or settled pursuant to the Plan. Notwithstanding anything to the contrary in the foregoing, the injunction set forth above does not enjoin the enforcement of any obligations arising on or after the Effective Date of any Person or Entity under the Plan, any post-Effective Date transaction contemplated by the Restructuring Transactions, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.**

**Upon entry of the Confirmation Order, all Holders of Claims and Interests and their respective current and former employees, agents, officers, directors, managers, principals, and direct and indirect Affiliates, in their capacities as such, shall be enjoined from taking any actions to interfere with the implementation or Consummation of the Plan. Each Holder of an Allowed Claim or Allowed Interest, as applicable, by accepting, or being eligible to accept, distributions under or Reinstatement of such Claim or Interest, as applicable, pursuant to the Plan, shall be deemed to have consented to the injunction provisions set forth in Article VIII.E of the Plan.**

<u>**Item 2**</u>.   **Certifications.**

By signing this Opt In Form, the undersigned certifies to the Bankruptcy Court and the Debtors that:

(a)   as of the Voting Record Date, either: (i) the Entity is the Holder of a Claim or Interest; or (ii) the Entity is an authorized signatory for the Entity that is a Holder of a Claim or Interest;

(b)   the Entity (or in the case of an authorized signatory, the Holder) has received a copy of the *Notice of Non-Voting Status and Opt In to Releases for Holders of Unimpaired Claims or Interests Conclusively Deemed to Accept the Plan* and that this Opt In Form is made pursuant to the terms and conditions set forth therein;

(c)   the Entity has submitted the same respective election concerning the releases with respect to all Claims or Interests in a single Class; and

(d)   no other Opt In Form has been submitted or, if any other Opt In Forms have been submitted with respect to such Claims or Interests, then any such earlier Opt In Forms are hereby revoked.

Name of Holder:＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

(*print or type*)

Signature:＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

Name of Signatory:＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

(*if other than Holder*)

Title: ＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

Address:＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

Telephone Number:＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

Email:＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

Date Completed:＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

**IF YOU HAVE MADE THE OPTIONAL OPT IN ELECTION, PLEASE COMPLETE, SIGN, AND DATE THIS OPT IN FORM AND RETURN IT PROMPTLY BY ONLY ONE OF THE METHODS BELOW.**

**By regular mail, overnight mail, or hand delivery at:**

**Vyaire Medical, Inc. Ballot Processing**
**c/o Omni Agent Solutions, Inc.**
**5955 De Soto Avenue, Suite 100**
**Woodland Hills, CA 91367**

**OR**

**By electronic, online submission:**

The Claims and Noticing Agent will accept Opt In Forms if properly completed through the Opt In Portal. To submit your Opt In Form, please visit https://omniagentsolutions.com/Vyaire (the "Opt In Portal") and follow the instructions to submit your Opt In Form.

**The Claims and Noticing Agent's Opt In Portal is the sole manner in which Opt In Forms will be accepted via electronic or online transmission.  Opt In Forms submitted by facsimile, email, or other means of electronic transmission will not be counted.**

Parties that submit their Opt In Form using the Opt In Portal should **NOT** also submit a paper Opt In Form.

---

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON NOVEMBER 4, 2024.**

THE CLAIMS AND NOTICING AGENT MUST ACTUALLY RECEIVE YOUR OPT IN ELECTION ON OR BEFORE THE VOTING DEADLINE.  IF YOU HAVE ANY QUESTIONS REGARDING THIS OPT IN FORM, PLEASE CONTACT: VYAIREINQUIRIES@OMNIAGNT.COM FOR FURTHER ASSISTANCE.

---

## <u>Exhibit 5</u>

**Form of Impaired Non-Voting Status Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VYAIRE MEDICAL, INC., *et al.*,[1] | ) | Case No. 24-11217 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## NOTICE OF NON-VOTING STATUS AND OPT IN
## TO RELEASES FOR HOLDERS OF IMPAIRED CLAIMS OR
## INTERESTS CONCLUSIVELY DEEMED TO REJECT THE PLAN

**PLEASE TAKE NOTICE THAT** on [●], 2024, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"): (a) authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to solicit votes on the *Joint Chapter 11 Plan of Vyaire Medical, Inc. and Its Debtor Affiliates* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving on an interim basis the *Disclosure Statement for the Joint Chapter 11 Plan of Vyaire Medical, Inc. and Its Debtor Affiliates* [Docket No. [●]] (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan; and (e) granting related relief.

**PLEASE TAKE FURTHER NOTICE THAT** because of the nature and treatment of your Claim under the Plan, *you are not entitled to vote on the Plan*. Specifically, under the terms of the Plan, as a Holder of a Claim (as currently asserted against the Debtors) or Interest in the Debtors that is Impaired and conclusively deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code, you are ***not*** entitled to vote on the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **November 14, 2024, at 1:30 p.m., prevailing Eastern Time**, before The Honorable Brendan L. Shannon, in the United States Bankruptcy Court for the District of Delaware, located at 824 North Market St., 6th Floor, Courtroom No. 1, Wilmington, DE 19801.

---

[1] The last four digits of Debtor Vyaire Medical, Inc.'s federal tax identification number are 6495. A complete list of each of the Debtors in these chapter 11 cases and each such Debtor's federal tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/Vyaire. The location of Debtor Vyaire Medical, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 26125 North Riverwoods Boulevard, Mettawa, Illinois, USA 60045.

[2] Capitalized terms not otherwise defined herein have the same meaning as set forth in the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **November 4, 2024, at 4:00 p.m., prevailing Eastern Time** (the "Plan Objection Deadline"). All objections to the relief sought at the Confirmation Hearing *must*: (a) be in writing; (b) conform to the Bankruptcy Code, Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan or Disclosure Statement that would resolve such objection; and (d) be filed with the Court on or before the Plan Objection Deadline.

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact Omni Agent Solutions, Inc., the claims and noticing agent retained by the Debtors in these chapter 11 cases (the "Claims and Noticing Agent"), by: (a) writing via first class mail, to Vyaire Medical, Inc. *et al.*, c/o Omni Agent Solutions, Inc., 5955 De Soto Avenue, Suite 100, Woodland Hills, CA 91367; (b) writing via electronic mail to Vyaireinquiries@omniagnt.com; or (c) calling the Debtors' restructuring hotline at (866) 956-2140 (U.S. Toll-Free/Domestic) or +1 (818) 666-3635 (International). You may also obtain copies of any pleadings filed in these chapter 11 cases (a) for a fee via PACER at: http://www.deb.uscourts.gov; or (b) at no charge from Omni Agent Solutions, Inc. by accessing the Debtors' restructuring website at https://omniagentsolutions.com/Vyaire.

---

ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE VIII.C OF THE PLAN CONTAINS A THIRD-PARTY RELEASE**. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER. DIRECTIONS REGARDING THE RELEASE OPT-IN FORM ARE INCLUDED IN THIS NOTICE.

AS SET FORTH IN THE PLAN, ALL HOLDERS OF CLAIMS OR INTERESTS THAT ELECT TO OPT IN TO THE PROVISIONS CONTAINED IN ARTICLE VIII OF THE PLAN USING THE ENCLOSED OPT IN FORM WILL BE DEEMED TO HAVE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY, AND COLLECTIVELY CONSENTED TO THE RELEASE AND DISCHARGE OF ALL CLAIMS AND CAUSES OF ACTION AGAINST THE DEBTORS AND THE RELEASED PARTIES. BY ELECTING TO OPT IN TO THE RELEASES SET FORTH IN ARTICLE VIII.C OF THE PLAN, YOU WILL RECEIVE THE BENEFIT OF OBTAINING THE RELEASES SET FORTH IN ARTICLE VIII OF THE PLAN IF YOU ARE A RELEASED PARTY IN CONNECTION THEREWITH.

---

Dated:  [●], 2024
Wilmington, Delaware

*/s/ DRAFT*

**COLE SCHOTZ P.C.**
Patrick J. Reilley, Esq. (DE Bar No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone:    (302) 652-3131
Facsimile:    (302) 652-3117
Email:        preilley@coleschotz.com


- and -

Michael D. Sirota, Esq. (admitted *pro hac vice*)
Warren A. Usatine, Esq (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:    (201) 489-3000
Facsimile:    (201) 489-1536
Email:        msirota@coleschotz.com
              wusatine@coleschotz.com


*Co-Counsel to the Debtors*
*and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
601 Lexington Ave
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        joshua.sussberg@kirkland.com


- and -

Spencer A. Winters, P.C. (admitted *pro hac vice*)
Yusuf U. Salloum (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        spencer.winters@kirkland.com
              yusuf.salloum@kirkland.com


*Co-Counsel to the Debtors*
*and Debtors in Possession*

## OPTIONAL:  RELEASE OPT IN FORM

You are receiving this optional opt in form (the "Opt In Form") because you are or may be a Holder of a Claim or Interest that is not entitled to vote on the *Joint Chapter 11 Plan of Vyaire Medical, Inc. and Its Debtor Affiliates* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Plan").  Holders of Claims or Interests are deemed to grant the Third-Party Release set forth in the Plan unless a Holder affirmatively opts in by **November 4, 2024, at 4:00 p.m., prevailing Eastern Time** (the "Opt In Deadline").  Holders of Claims or Interests may affirmatively opt in by, no later than the Voting Deadline, (i) submitting this form in accordance with the directions herein or (ii) filing an objection to the Third-Party Release with the Bankruptcy Court.

**If you believe you are a Holder of a Claim or Interest with respect to the Debtors and choose to opt in to the Third-Party Release set forth in Article VIII.C of the Plan, please either** (i) promptly complete, sign, and date this Opt In Form and return it via first class mail, overnight courier, or hand delivery to Omni Agent Solutions, Inc. (the "Claims and Noticing Agent") at the address set forth below or (ii)  submit your Opt In Form through the Claims and Noticing Agent's online Opt In Portal in accordance with the directions provided below.  Parties that submit their Opt In Form using the Opt In Portal should NOT also submit a paper Opt In Form.

**THIS OPT IN FORM MUST BE ACTUALLY RECEIVED (WHETHER A PHYSICAL COPY IS RETURNED OR THE OPT IN FORM IS COMPLETED ONLINE) BY THE CLAIMS AND NOTICING AGENT BY THE OPT IN DEADLINE.  IF THE OPT IN FORM IS RECEIVED AFTER THE OPT IN DEADLINE, IT WILL NOT BE COUNTED.**

Item 1.         **Important information regarding releases under the Plan.**[1]

Article VIII.B of the Plan provides for a release by the Debtors (the "**Debtor Release**"):

        **Except as otherwise specifically provided herein or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, upon entry of the Confirmation Order, as of the Effective Date, each Released Party is, and is deemed, hereby fully, conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by each and all of the Debtors, the Wind-Down Debtors, and their Estates, in each case on behalf of themselves and their respective successors, assigns, and representatives from any and all Claims, obligations, rights, suits, damages, and Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, including any derivative claims asserted or assertable on behalf of any of the Debtors, the Wind-Down Debtors, and their Estates, that the Debtors, the Wind-Down Debtors, or their Estates would have been legally entitled to assert in their own right**

---

[1]    The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights.  If there is any inconsistency between the provisions set forth herein and the Plan, the Plan governs.  Please read the Plan carefully before completing this Opt In Form.  Defined terms used bot not defined herein shall have the meaning ascribed to such term as in the Plan.

(whether individually or collectively), or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, or that any Holder of any Claim against or Interest in a Debtor or other Entity could have asserted on behalf of the Debtors based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the capital structure, management, ownership, or operation thereof or otherwise), the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor or the Wind-Down Debtors and any Released Party, the Debtors' in- or out-of-court restructuring efforts, the purchase, sale, or rescission of any security of the Debtors or the Wind-Down Debtors, intercompany transactions between or among the Debtors or between the Debtors and their non-Debtor Affiliates, the First Lien Credit Agreement, the Second Lien Credit Agreement, the Note Purchase Agreement, the DIP Facility, the DIP Facility Documents, the Disclosure Statement Order, the Confirmation Order, the Sale Order, the First Day Pleadings, the Chapter 11 Cases, the formulation, preparation, dissemination, solicitation, negotiation, entry into, or filing of the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, the Prepetition Loan Documents, any other Definitive Document, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the DIP Facility, the Plan, the Plan Supplement, the Sale Transactions, any other Definitive Document, any of the Restructuring Transactions, the Chapter 11 Cases, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to any of the foregoing.

Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any post-Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan or the Restructuring Transactions, (ii) any Causes of Action specifically retained by the Debtors pursuant to the Schedule of Retained Causes of Action to be attached as an exhibit to the Plan Supplement, or (iii) any Claims or Causes of Action arising out of, or related to, any act or omission of a Released Party that is determined by a Final Order of the Bankruptcy Court or any other court of competent jurisdiction to have constituted actual fraud, gross negligence, or willful misconduct (it being agreed that any Released Parties' consideration, approval, or receipt of any distribution did not arise from or relate to actual fraud, gross negligence, or willful misconduct).

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases set forth in Article VIII.B of the Plan, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that such release is:  (1) in exchange for the good and valuable consideration provided by the Released Parties, including, the Released Parties' contribution to facilitating the Restructuring Transactions and implementing the Plan; (2) a good faith settlement and compromise of the Claims

**released by the Debtor Release; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for a hearing; and (6) a bar to any of the Debtors, the Wind-Down Debtors, or the Debtors' Estates asserting any Claim or Cause of Action released pursuant to the Debtor Release.**

Article VIII.C of the Plan provides for a third-party release by Holders of Claims and Interests (the "**Third-Party Release**"):

**Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, upon entry of the Confirmation Order, as of the Effective Date, each Releasing Party is, and is deemed to have, hereby fully, conclusively, absolutely, unconditionally, irrevocably and forever released each Debtor, Wind-Down Debtor, and Released Party from any and all Claims, obligations, rights, suits, damages, and Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, including any derivative claims asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, and their Estates (as applicable) that such Entity would have been legally entitled to assert in their own right (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the capital structure, management, ownership, or operation thereof or otherwise), the purchase, sale, or recission of any security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor or the Wind-Down Debtors and any Released Party, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions between or among the Debtors or between the Debtors and their non-Debtor Affiliates, the First Lien Credit Agreement, the Second Lien Credit Agreement, the Note Purchase Agreement, the DIP Facility, the DIP Facility Documents, the Disclosure Statement Order, the Confirmation Order, the Sale Order, the First Day Pleadings, the Chapter 11 Cases, the formulation, preparation, dissemination, solicitation, negotiation, entry into, or filing of the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, the Prepetition Loan Documents, any other Definitive Document, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the DIP Facility, the Plan, the Plan Supplement, the Sale Transactions, any other Definitive Document, any of the Restructuring Transactions, the Chapter 11 Cases, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to any of the foregoing.**

**Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any post-Effective Date obligations of any party or Entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, (ii) any Causes of Action**

**specifically retained by the Debtors pursuant to the Schedule of Retained Causes of Action to be attached as an exhibit to the Plan Supplement, or (iii) any Claims or Causes of Action arising out of, or related to, any act or omission of a Released Party that is determined by a Final Order of the Bankruptcy Court or any other court of competent jurisdiction to have constituted actual fraud, gross negligence, or willful misconduct (it being agreed that any Released Parties' consideration, approval, or receipt of any distribution did not arise from or relate to actual fraud, gross negligence, or willful misconduct).**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases set forth in Article VIII.C of the Plan, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that such releases are: (1) consensual; (2) essential to the Confirmation of the Plan; (3) given in exchange for the good and valuable consideration provided by the Released Parties; (4) a good faith settlement and compromise of the Claims released by the releases provided in Article VIII.C of the Plan; (5) in the best interests of the Debtors and their Estates; (6) fair, equitable, and reasonable; (7) given and made after due notice and opportunity for a hearing; and (8) a bar to any of the Releasing Parties asserting any Claim or Cause of Action released pursuant to the releases provided in Article VIII.C of the Plan.**

Definitions Related to the Debtor Release and the Third-Party Release:

UNDER THE PLAN, "*AVOIDANCE ACTIONS*" MEANS ANY AND ALL AVOIDANCE, RECOVERY, OR SUBORDINATION ACTIONS OR REMEDIES THAT MAY BE BROUGHT BY OR ON BEHALF OF THE DEBTORS OR THEIR ESTATES UNDER THE BANKRUPTCY CODE OR APPLICABLE NON-BANKRUPTCY LAW, INCLUDING ACTIONS OR REMEDIES UNDER SECTIONS 544, 547, 548, 549, 550, 551, 552, OR 553 OF THE BANKRUPTCY CODE.

UNDER THE PLAN, "*DEBTOR RELEASE*" MEANS THE RELEASES GIVEN ON BEHALF OF THE DEBTORS AND THEIR ESTATES AS SET FORTH IN ARTICLE VIII.B OF THE PLAN.

UNDER THE PLAN, "*RELEASED PARTIES*" MEANS, EACH OF, AND IN EACH CASE, IN THEIR RESPECTIVE CAPACITIES AS SUCH: (A) THE DEBTORS AND THE WIND-DOWN DEBTORS, AS APPLICABLE; (B) THE PLAN ADMINISTRATOR; (C) EACH CONSENTING STAKEHOLDER; (D) THE COMMITTEE AND ITS MEMBERS; (E) THE PURCHASERS; (F) THE DIP LENDERS; (G) THE AGENTS; (H) ALL HOLDERS OF CLAIMS WHO OPT IN TO GRANTING THESE RELEASES SET FORTH IN THE PLAN; (I) ALL HOLDERS OF INTERESTS WHO OPT IN TO GRANTING THESE RELEASES SET FORTH IN CLAUSE (A) THROUGH THE FOLLOWING CLAUSE (K); (J) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH THE FOLLOWING CLAUSE (K); AND (K) EACH RELATED PARTY OF EACH ENTITY IN CLAUSE (A) THROUGH THIS CLAUSE (K), EACH IN THEIR CAPACITY AS SUCH; *PROVIDED* THAT, IN EACH CASE, AN ENTITY SHALL NOT BE A RELEASED PARTY IF IT TIMELY OBJECTS TO THE RELEASES SET FORTH IN ARTICLE VIII.C OF THE PLAN AND SUCH OBJECTION IS NOT WITHDRAWN OR OTHERWISE RESOLVED BEFORE THE CONFIRMATION ORDER IS ENTERED.

UNDER THE PLAN, "***RELEASING PARTIES***" MEANS, EACH OF, AND IN EACH CASE, IN THEIR RESPECTIVE CAPACITIES AS SUCH:  (A) THE DEBTORS AND THE WIND-DOWN DEBTORS, AS APPLICABLE; (B) THE PLAN ADMINISTRATOR; (C) EACH CONSENTING STAKEHOLDER; (D) THE COMMITTEE AND ITS MEMBERS; (E) THE PURCHASERS; (F) THE DIP LENDERS; (G) THE AGENTS; (H) ALL HOLDERS OF CLAIMS WHO OPT IN TO GRANTING THESE RELEASES SET FORTH IN THE PLAN; (I) ALL HOLDERS OF INTERESTS WHO OPT IN TO GRANTING THESE RELEASES SET FORTH IN THE PLAN; (J) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH THE FOLLOWING CLAUSE (K); AND (K) EACH RELATED PARTY OF EACH ENTITY IN CLAUSE (A) THROUGH THIS CLAUSE (K), FOR WHICH SUCH ENTITY IS LEGALLY ENTITLED TO BIND SUCH RELATED PARTY TO THE RELEASES CONTAINED IN THE PLAN UNDER APPLICABLE LAW; *PROVIDED*, *HOWEVER*, THAT IN EACH CASE, AN ENTITY SHALL NOT BE RELEASING PARTY IF IT TIMELY OBJECTS TO THE RELEASES SET FORTH IN ARTICLE VIII.C OF THE PLAN AND SUCH OBJECTION IS NOT WITHDRAWN OR OTHERWISE RESOLVED BEFORE THE CONFIRMATION ORDER IS ENTERED.

### <u>IMPORTANT INFORMATION REGARDING THE RELEASES:</u>

AS A HOLDER OF CLAIMS AGAINST OR INTERESTS IN THE DEBTORS, YOU MAY BE A "RELEASING PARTY" UNDER THE PLAN AND PROVIDE THE THIRD-PARTY RELEASE CONTAINED IN ARTICLE VIII.C OF THE PLAN, AS SET FORTH ABOVE.  IF YOU CHECK THE BOX BELOW TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII.C OF THE PLAN, YOU WILL BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN.  AN ENTITY SHALL NOT BE A "RELEASING PARTY" UNDER THE PLAN IF IT FILES AN OBJECTION TO THE RELEASES CONTAINED IN THE PLAN WITH THE BANKRUPTCY COURT PRIOR TO THE PLAN OBJECTION DEADLINE THAT IS NOT WITHDRAWN OR OTHERWISE RESOLVED BEFORE THE CONFIRMATION ORDER IS ENTERED.  THE ELECTION TO CONSENT TO GRANT THE THIRD-PARTY RELEASE IS AT YOUR OPTION, SUBJECT TO ANY OBLIGATION YOU MAY HAVE UNDER THE RESTRUCTURING SUPPORT AGREEMENT.  BY OPTING IN TO THE RELEASES SET FORTH IN ARTICLE VIII.C OF THE PLAN, YOU WILL RECEIVE THE BENEFIT OF OBTAINING THE RELEASES SET FORTH IN ARTICLE VIII.C OF THE PLAN IF YOU ARE A "RELEASED PARTY" IN CONNECTION THEREWITH.

YOU WILL RECEIVE THE SAME TREATMENT ON ACCOUNT OF YOUR CLAIM(S) UNDER THE PLAN REGARDLESS OF WHETHER YOU ELECT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII.C OF THE PLAN.

**<u>OPTIONAL RELEASE ELECTION</u>.  YOU MAY ELECT TO OPT IN TO THE RELEASE CONTAINED IN ARTICLE VIII.C OF THE PLAN ONLY IF YOU CHECK THE BOX BELOW:**

☐    **The Undersigned Holder of the Claim or Interest elects to <u>OPT IN to the Third-Party Release</u>**

Article VIII.D of the Plan provides for an exculpation of certain parties (the "**Exculpation**"):

**Except as otherwise expressly provided in the Plan or the Confirmation Order, to the fullest extent permitted by applicable law and solely to the extent such acts or omissions occurred between the Petition Date and the Effective Date, no Exculpated Party shall have or incur any liability for, and each Exculpated Party is released and exculpated from any Cause of Action for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Disclosure Statement, the Sale Transactions, the Plan, the Plan Supplement, any other Definitive Document, or any Restructuring Transaction, or any contract, instrument, release or other agreement or document created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Sale Transactions, any other Definitive Document, any of the Restructuring Transactions, the filing of the Chapter 11 Cases, the participation in the DIP Facility, the pursuit of the Sale Transactions, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, except for claims related to any act or omission that is determined in a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan.  The Exculpated Parties have, and upon Consummation shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.**

Article VIII.E of the Plan establishes an injunction (the "**Injunction**"):

**In accordance with Bankruptcy Code section 1141(d)(3), the Plan does not discharge the Debtors.  Bankruptcy Code section 1141(c) nevertheless provides, among other things, that the property dealt with by the Plan is free and clear of all Claims and Interests against the Debtors.  Except as otherwise specifically provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold, or may hold Claims or Interests that have been released or are subject to exculpation pursuant to the Plan are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtors, the Exculpated Parties, or the Released Parties, and any successors, assigns or representatives of such Persons or Entities:  (a) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (b) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims or Interests; (c) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Claims or Interests; (d) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on**

**account of or in connection with or with respect to any such Claims or Interests unless such Holder has Filed a motion requesting the right to perform such setoff on or before the Effective Date; and (e) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests released or settled pursuant to the Plan.  Notwithstanding anything to the contrary in the foregoing, the injunction set forth above does not enjoin the enforcement of any obligations arising on or after the Effective Date of any Person or Entity under the Plan, any post-Effective Date transaction contemplated by the Restructuring Transactions, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.**

**Upon entry of the Confirmation Order, all Holders of Claims and Interests and their respective current and former employees, agents, officers, directors, managers, principals, and direct and indirect Affiliates, in their capacities as such, shall be enjoined from taking any actions to interfere with the implementation or Consummation of the Plan.  Each Holder of an Allowed Claim or Allowed Interest, as applicable, by accepting, or being eligible to accept, distributions under or Reinstatement of such Claim or Interest, as applicable, pursuant to the Plan, shall be deemed to have consented to the injunction provisions set forth in Article VIII.E of the Plan.**

<u>**Item 2**</u>.    **Certifications.**

By signing this Opt In Form, the undersigned certifies to the Bankruptcy Court and the Debtors that:

(a)    as of the Voting Record Date, either: (i) the Entity is the Holder of a Claim or Interest; or (ii) the Entity is an authorized signatory for the Entity that is a Holder of a Claim or Interest;

(b)    the Entity (or in the case of an authorized signatory, the Holder) has received a copy of the *Notice of Non-Voting Status and Opt In to Releases for Holders of Unimpaired Claims or Interests Conclusively Deemed to Accept the Plan* and that this Opt In Form is made pursuant to the terms and conditions set forth therein;

(c)    the Entity has submitted the same respective election concerning the releases with respect to all Claims or Interests in a single Class; and

(d)    no other Opt In Form has been submitted or, if any other Opt In Forms have been submitted with respect to such Claims or Interests, then any such earlier Opt In Forms are hereby revoked.

Name of Holder:_____

                        (*print or type*)

Signature:_____


Name of Signatory:_____

                        (*if other than Holder*)

Title: _____

Address:_____

        _____

        _____

Telephone Number:_____

Email:_____

Date Completed:_____

**IF YOU HAVE MADE THE OPTIONAL OPT IN ELECTION, PLEASE COMPLETE, SIGN, AND DATE THIS OPT IN FORM AND RETURN IT PROMPTLY BY ONLY ONE OF THE METHODS BELOW.**

**By regular mail, overnight mail, or hand delivery at:**

**Vyaire Medical, Inc. Ballot Processing**
**c/o Omni Agent Solutions, Inc.**
**5955 De Soto Avenue, Suite 100**
**Woodland Hills, CA 91367**

**OR**

**By electronic, online submission:**

The Claims and Noticing Agent will accept Opt In Forms if properly completed through the Opt In Portal. To submit your Opt In Form, please visit https://omniagentsolutions.com/Vyaire (the "Opt in Portal") and follow the instructions to submit your Opt In Form.

**The Claims and Noticing Agent's Opt in Portal is the sole manner in which Opt In Forms will be accepted via electronic or online transmission.  Opt In Forms submitted by facsimile, email, or other means of electronic transmission will not be counted.**

Parties that submit their Opt In Form using the Opt In Portal should **NOT** also submit a paper Opt In Form.

---

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON NOVEMBER 4, 2024.**

THE CLAIMS AND NOTICING AGENT MUST ACTUALLY RECEIVE YOUR OPT IN ELECTION ON OR BEFORE THE VOTING DEADLINE.  IF YOU HAVE ANY QUESTIONS REGARDING THIS OPT IN FORM, PLEASE CONTACT: VYAIREINQUIRIES@OMNIAGNT.COM FOR FURTHER ASSISTANCE.

---

## Exhibit 6

**Form of Notice to Disputed Claim Holders**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| VYAIRE MEDICAL, INC., *et al.*,[1] | ) | Case No. 24-11217 (BLS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## NOTICE OF NON-VOTING STATUS AND OPT IN
## TO RELEASES WITH RESPECT TO DISPUTED CLAIMS

**PLEASE TAKE NOTICE THAT** on [●], 2024, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"):  (a) authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to solicit votes on the *Joint Chapter 11 Plan of Vyaire Medical, Inc. and Its Debtor Affiliates* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving on an interim basis the *Disclosure Statement for the Joint Chapter 11 Plan of Vyaire Medical, Inc. and Its Debtor Affiliates* [Docket No. [●]] (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan; and (e) granting related relief.

**PLEASE TAKE FURTHER NOTICE THAT** you are receiving this notice because you are the Holder of a Claim or Interest that is subject to a pending objection by the Debtors.  **You are not entitled to vote any disputed portion of your Claim on the Plan unless one or more of the following events have taken place before November 2, 2024 (the date that is two (2) business days before the Voting Deadline)** (each, a "Resolution Event"):

1. an order of the Court is entered allowing such Claim pursuant to section 502(b) of the Bankruptcy Code, after notice and a hearing;

2. an order of the Court is entered temporarily allowing such Claim for voting purposes only pursuant to Bankruptcy Rule 3018(a), after notice and a hearing;

---

[1]   The last four digits of Debtor Vyaire Medical, Inc.'s federal tax identification number are 6495.  A complete list of each of the Debtors in these chapter 11 cases and each such Debtor's federal tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/Vyaire. The location of Debtor Vyaire Medical, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 26125 North Riverwoods Boulevard, Mettawa, Illinois, USA 60045.

[2]   Capitalized terms not otherwise defined herein have the same meaning as set forth in the Plan.

3.      a stipulation or other agreement is executed between the Holder of such Claim and the Debtors temporarily allowing the Holder of such Claim or Interest to vote its Claim or Interest in an agreed upon amount; or

4.      the pending objection to such Claim is voluntarily withdrawn by the objecting party.

This notice is being sent to you for informational purposes only.

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact Omni Agent Solutions, Inc., the claims and noticing agent retained by the Debtors in these chapter 11 cases (the "Claims and Noticing Agent"), by: (a) writing via first class mail, to Vyaire Medical, Inc. *et al.*, c/o Omni Agent Solutions, Inc., 5955 De Soto Avenue, Suite 100, Woodland Hills, CA 91367; (b) writing via electronic mail to Vyaireinquiries@omniagnt.com; or (c) calling the Debtors' restructuring hotline at (866) 956-2140 (U.S. Toll-Free/Domestic) or +1 (818) 666-3635 (International). You may also obtain copies of any pleadings filed in these chapter 11 cases (a) for a fee via PACER at: http://www.deb.uscourts.gov; or (b) at no charge from Omni Agent Solutions, Inc. by accessing the Debtors' restructuring website at https://omniagentsolutions.com/Vyaire.

**PLEASE TAKE FURTHER NOTICE THAT** if a Resolution Event occurs, then no later than one (1) business day thereafter, the Claims and Noticing Agent shall distribute a Ballot, and a pre-addressed, postage pre-paid envelope to you, which must be returned to the Claims and Noticing Agent no later than the Voting Deadline, which is on **November 4, 2024, at 4:00 p.m., prevailing Eastern Time.**

**PLEASE TAKE FURTHER NOTICE THAT** if you have any questions about the status of any of your Claims or Interests, you should contact the Claims and Noticing Agent in accordance with the instructions provided above.

ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE VIII.C OF THE PLAN CONTAINS A THIRD-PARTY RELEASE**.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER. DIRECTIONS REGARDING THE RELEASE OPT-IN FORM ARE INCLUDED IN THIS NOTICE.

AS SET FORTH IN THE PLAN, ALL HOLDERS OF CLAIMS OR INTERESTS THAT ELECT TO OPT IN TO THE PROVISIONS CONTAINED IN ARTICLE VIII OF THE PLAN USING THE ENCLOSED OPT IN FORM WILL BE DEEMED TO HAVE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY, AND COLLECTIVELY CONSENTED TO THE RELEASE AND DISCHARGE OF ALL CLAIMS AND CAUSES OF ACTION AGAINST THE DEBTORS AND THE RELEASED PARTIES.  BY ELECTING TO OPT IN TO THE RELEASES SET FORTH IN ARTICLE VIII.C OF THE PLAN, YOU WILL RECEIVE THE BENEFIT OF OBTAINING THE RELEASES SET FORTH IN ARTICLE VIII OF THE PLAN IF YOU ARE A RELEASED PARTY IN CONNECTION THEREWITH.

Dated: [●], 2024
Wilmington, Delaware

*/s/ DRAFT*

| | |
|---|---|
| **COLE SCHOTZ P.C.** | **KIRKLAND & ELLIS LLP** |
| Patrick J. Reilley, Esq. (DE Bar No. 4451) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| 500 Delaware Avenue, Suite 1410 | Joshua A. Sussberg, P.C. (admitted *pro hac vice*) |
| Wilmington, Delaware 19801 | 601 Lexington Ave |
| Telephone:    (302) 652-3131 | New York, New York 10022 |
| Facsimile:    (302) 652-3117 | Telephone:    (212) 446-4800 |
| Email:        preilley@coleschotz.com | Facsimile:    (212) 446-4900 |
| | Email:        joshua.sussberg@kirkland.com |

- and -                                              - and -

| | |
|---|---|
| Michael D. Sirota, Esq. (admitted *pro hac vice*) | Spencer A. Winters, P.C. (admitted *pro hac vice*) |
| Warren A. Usatine, Esq (admitted *pro hac vice*) | Yusuf U. Salloum (admitted *pro hac vice*) |
| Court Plaza North, 25 Main Street | 333 West Wolf Point Plaza |
| Hackensack, New Jersey 07601 | Chicago, Illinois 60654 |
| Telephone:    (201) 489-3000 | Telephone:    (312) 862-2000 |
| Facsimile:    (201) 489-1536 | Facsimile:    (312) 862-2200 |
| Email:        msirota@coleschotz.com | Email:        spencer.winters@kirkland.com |
|          wusatine@coleschotz.com |          yusuf.salloum@kirkland.com |

*Co-Counsel to the Debtors*                          *Co-Counsel to the Debtors*
*and Debtors in Possession*                          *and Debtors in Possession*

5

**OPTIONAL:  RELEASE OPT IN FORM**

You are receiving this optional opt in form (the "Opt In Form") because you are or may be a Holder of a Claim or Interest that is not entitled to vote on the *Joint Chapter 11 Plan of Vyaire Medical, Inc. and Its Debtor Affiliates* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Plan").  Holders of Claims or Interests are deemed to grant the Third-Party Release set forth in the Plan unless a Holder affirmatively opts in by **November 4, 2024, at 4:00 p.m., prevailing Eastern Time** (the "Opt In Deadline").    Holders of Claims or Interests may affirmatively opt in by, no later than the Voting Deadline, (i) submitting this form in accordance with the directions herein or (ii) filing an objection to the Third-Party Release with the Bankruptcy Court.

**If you believe you are a Holder of a Claim or Interest with respect to the Debtors and choose to opt in to the Third-Party Release set forth in Article VIII.C of the Plan, please either** (i) promptly complete, sign, and date this Opt In Form and return it via first class mail, overnight courier,    or    hand    delivery    to    Omni    Agent    Solutions,    Inc. (the "Claims and Noticing Agent") at the address set forth below or (ii)  submit your Opt In Form through the Claims and Noticing Agent's online Opt In Portal in accordance with the directions provided below.  Parties that submit their Opt In Form using the Opt In Portal should NOT also submit a paper Opt In Form.

**THIS OPT IN FORM MUST BE ACTUALLY RECEIVED (WHETHER A PHYSICAL COPY IS RETURNED OR THE OPT IN FORM IS COMPLETED ONLINE) BY THE CLAIMS AND NOTICING AGENT BY THE OPT IN DEADLINE.  IF THE OPT IN FORM IS RECEIVED AFTER THE OPT IN DEADLINE, IT WILL NOT BE COUNTED.**

**Item 1.**        **Important information regarding releases under the Plan.**[1]

Article VIII.B of the Plan provides for a release by the Debtors (the "**Debtor Release**"):

> **Except as otherwise specifically provided herein or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, upon entry of the Confirmation Order, as of the Effective Date, each Released Party is, and is deemed, hereby fully, conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by each and all of the Debtors, the Wind-Down Debtors, and their Estates, in each case on behalf of themselves and their respective successors, assigns, and representatives from any and all Claims, obligations, rights, suits, damages, and Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, including any derivative claims asserted or assertable on behalf of any of the Debtors, the Wind-Down Debtors, and their Estates, that the Debtors, the Wind-Down Debtors, or their Estates would have been legally entitled to assert in their own right**

---

[1]    The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights.  If there is any inconsistency between the provisions set forth herein and the Plan, the Plan governs.  Please read the Plan carefully before completing this Opt In Form.  Defined terms used bot not defined herein shall have the meaning ascribed to such term as in the Plan.

(whether individually or collectively), or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, or that any Holder of any Claim against or Interest in a Debtor or other Entity could have asserted on behalf of the Debtors based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the capital structure, management, ownership, or operation thereof or otherwise), the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor or the Wind-Down Debtors and any Released Party, the Debtors' in- or out-of-court restructuring efforts, the purchase, sale, or rescission of any security of the Debtors or the Wind-Down Debtors, intercompany transactions between or among the Debtors or between the Debtors and their non-Debtor Affiliates, the First Lien Credit Agreement, the Second Lien Credit Agreement, the Note Purchase Agreement, the DIP Facility, the DIP Facility Documents, the Disclosure Statement Order, the Confirmation Order, the Sale Order, the First Day Pleadings, the Chapter 11 Cases, the formulation, preparation, dissemination, solicitation, negotiation, entry into, or filing of the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, the Prepetition Loan Documents, any other Definitive Document, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the DIP Facility, the Plan, the Plan Supplement, the Sale Transactions, any other Definitive Document, any of the Restructuring Transactions, the Chapter 11 Cases, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to any of the foregoing.

Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any post-Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan or the Restructuring Transactions, (ii) any Causes of Action specifically retained by the Debtors pursuant to the Schedule of Retained Causes of Action to be attached as an exhibit to the Plan Supplement, or (iii) any Claims or Causes of Action arising out of, or related to, any act or omission of a Released Party that is determined by a Final Order of the Bankruptcy Court or any other court of competent jurisdiction to have constituted actual fraud, gross negligence, or willful misconduct (it being agreed that any Released Parties' consideration, approval, or receipt of any distribution did not arise from or relate to actual fraud, gross negligence, or willful misconduct).

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases set forth in Article VIII.B of the Plan, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that such release is: (1) in exchange for the good and valuable consideration provided by the Released Parties, including, the Released Parties' contribution to facilitating the Restructuring Transactions and implementing the Plan; (2) a good faith settlement and compromise of the Claims

2

**released by the Debtor Release; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for a hearing; and (6) a bar to any of the Debtors, the Wind-Down Debtors, or the Debtors' Estates asserting any Claim or Cause of Action released pursuant to the Debtor Release.**

Article VIII.C of the Plan provides for a third-party release by Holders of Claims and Interests (the "**Third-Party Release**"):

**Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, upon entry of the Confirmation Order, as of the Effective Date, each Releasing Party is, and is deemed to have, hereby fully, conclusively, absolutely, unconditionally, irrevocably and forever released each Debtor, Wind-Down Debtor, and Released Party from any and all Claims, obligations, rights, suits, damages, and Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, including any derivative claims asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, and their Estates (as applicable) that such Entity would have been legally entitled to assert in their own right (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the capital structure, management, ownership, or operation thereof or otherwise), the purchase, sale, or recission of any security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor or the Wind-Down Debtors and any Released Party, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions between or among the Debtors or between the Debtors and their non-Debtor Affiliates, the First Lien Credit Agreement, the Second Lien Credit Agreement, the Note Purchase Agreement, the DIP Facility, the DIP Facility Documents, the Disclosure Statement Order, the Confirmation Order, the Sale Order, the First Day Pleadings, the Chapter 11 Cases, the formulation, preparation, dissemination, solicitation, negotiation, entry into, or filing of the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, the Prepetition Loan Documents, any other Definitive Document, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the DIP Facility, the Plan, the Plan Supplement, the Sale Transactions, any other Definitive Document, any of the Restructuring Transactions, the Chapter 11 Cases, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to any of the foregoing.**

**Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any post-Effective Date obligations of any party or Entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, (ii) any Causes of Action**

**specifically retained by the Debtors pursuant to the Schedule of Retained Causes of Action to be attached as an exhibit to the Plan Supplement, or (iii) any Claims or Causes of Action arising out of, or related to, any act or omission of a Released Party that is determined by a Final Order of the Bankruptcy Court or any other court of competent jurisdiction to have constituted actual fraud, gross negligence, or willful misconduct (it being agreed that any Released Parties' consideration, approval, or receipt of any distribution did not arise from or relate to actual fraud, gross negligence, or willful misconduct).**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases set forth in Article VIII.C of the Plan, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that such releases are: (1) consensual; (2) essential to the Confirmation of the Plan; (3) given in exchange for the good and valuable consideration provided by the Released Parties; (4) a good faith settlement and compromise of the Claims released by the releases provided in Article VIII.C of the Plan; (5) in the best interests of the Debtors and their Estates; (6) fair, equitable, and reasonable; (7) given and made after due notice and opportunity for a hearing; and (8) a bar to any of the Releasing Parties asserting any Claim or Cause of Action released pursuant to the releases provided in Article VIII.C of the Plan.**

Definitions Related to the Debtor Release and the Third-Party Release:

UNDER THE PLAN, "*AVOIDANCE ACTIONS*" MEANS ANY AND ALL AVOIDANCE, RECOVERY, OR SUBORDINATION ACTIONS OR REMEDIES THAT MAY BE BROUGHT BY OR ON BEHALF OF THE DEBTORS OR THEIR ESTATES UNDER THE BANKRUPTCY CODE OR APPLICABLE NON-BANKRUPTCY LAW, INCLUDING ACTIONS OR REMEDIES UNDER SECTIONS 544, 547, 548, 549, 550, 551, 552, OR 553 OF THE BANKRUPTCY CODE.

UNDER THE PLAN, "*DEBTOR RELEASE*" MEANS THE RELEASES GIVEN ON BEHALF OF THE DEBTORS AND THEIR ESTATES AS SET FORTH IN ARTICLE VIII.B OF THE PLAN.

UNDER THE PLAN, "*RELEASED PARTIES*" MEANS, EACH OF, AND IN EACH CASE, IN THEIR RESPECTIVE CAPACITIES AS SUCH: (A) THE DEBTORS AND THE WIND-DOWN DEBTORS, AS APPLICABLE; (B) THE PLAN ADMINISTRATOR; (C) EACH CONSENTING STAKEHOLDER; (D) THE COMMITTEE AND ITS MEMBERS; (E) THE PURCHASERS; (F) THE DIP LENDERS; (G) THE AGENTS; (H) ALL HOLDERS OF CLAIMS WHO OPT IN TO GRANTING THESE RELEASES SET FORTH IN THE PLAN; (I) ALL HOLDERS OF INTERESTS WHO OPT IN TO GRANTING THESE RELEASES SET FORTH IN CLAUSE (A) THROUGH THE FOLLOWING CLAUSE (K); AND (K) EACH RELATED PARTY OF EACH ENTITY IN CLAUSE (A) THROUGH THIS CLAUSE (K), EACH IN THEIR CAPACITY AS SUCH; *PROVIDED* THAT, IN EACH CASE, AN ENTITY SHALL NOT BE A RELEASED PARTY IF IT TIMELY OBJECTS TO THE RELEASES SET FORTH IN ARTICLE VIII.C OF THE PLAN AND SUCH OBJECTION IS NOT WITHDRAWN OR OTHERWISE RESOLVED BEFORE THE CONFIRMATION ORDER IS ENTERED.

UNDER THE PLAN, "***RELEASING PARTIES***" MEANS, EACH OF, AND IN EACH CASE, IN THEIR RESPECTIVE CAPACITIES AS SUCH:  (A) THE DEBTORS AND THE WIND-DOWN DEBTORS, AS APPLICABLE; (B) THE PLAN ADMINISTRATOR; (C) EACH CONSENTING STAKEHOLDER; (D) THE COMMITTEE AND ITS MEMBERS; (E) THE PURCHASERS; (F) THE DIP LENDERS; (G) THE AGENTS; (H) ALL HOLDERS OF CLAIMS WHO OPT IN TO GRANTING THESE RELEASES SET FORTH IN THE PLAN; (I) ALL HOLDERS OF INTERESTS WHO OPT IN TO GRANTING THESE RELEASES SET FORTH IN THE PLAN; (J) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH THE FOLLOWING CLAUSE (K); AND (K) EACH RELATED PARTY OF EACH ENTITY IN CLAUSE (A) THROUGH THIS CLAUSE (K), FOR WHICH SUCH ENTITY IS LEGALLY ENTITLED TO BIND SUCH RELATED PARTY TO THE RELEASES CONTAINED IN THE PLAN UNDER APPLICABLE LAW; *PROVIDED*, *HOWEVER*, THAT IN EACH CASE, AN ENTITY SHALL NOT BE RELEASING PARTY IF IT TIMELY OBJECTS TO THE RELEASES SET FORTH IN ARTICLE VIII.C OF THE PLAN AND SUCH OBJECTION IS NOT WITHDRAWN OR OTHERWISE RESOLVED BEFORE THE CONFIRMATION ORDER IS ENTERED.

### IMPORTANT INFORMATION REGARDING THE RELEASES:

AS A HOLDER OF CLAIMS AGAINST OR INTERESTS IN THE DEBTORS, YOU MAY BE A "RELEASING PARTY" UNDER THE PLAN AND PROVIDE THE THIRD-PARTY RELEASE CONTAINED IN ARTICLE VIII.C OF THE PLAN, AS SET FORTH ABOVE.  IF YOU CHECK THE BOX BELOW TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII.C OF THE PLAN, YOU WILL BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN.  AN ENTITY SHALL NOT BE A "RELEASING PARTY" UNDER THE PLAN IF IT FILES AN OBJECTION TO THE RELEASES CONTAINED IN THE PLAN WITH THE BANKRUPTCY COURT PRIOR TO THE PLAN OBJECTION DEADLINE THAT IS NOT WITHDRAWN OR OTHERWISE RESOLVED BEFORE THE CONFIRMATION ORDER IS ENTERED.  THE ELECTION TO CONSENT TO GRANT THE THIRD-PARTY RELEASE IS AT YOUR OPTION, SUBJECT TO ANY OBLIGATION YOU MAY HAVE UNDER THE RESTRUCTURING SUPPORT AGREEMENT.  BY OPTING IN TO THE RELEASES SET FORTH IN ARTICLE VIII.C OF THE PLAN, YOU WILL RECEIVE THE BENEFIT OF OBTAINING THE RELEASES SET FORTH IN ARTICLE VIII.C OF THE PLAN IF YOU ARE A "RELEASED PARTY" IN CONNECTION THEREWITH.

YOU WILL RECEIVE THE SAME TREATMENT ON ACCOUNT OF YOUR CLAIM(S) UNDER THE PLAN REGARDLESS OF WHETHER YOU ELECT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII.C OF THE PLAN.

**OPTIONAL RELEASE ELECTION**.  **YOU MAY ELECT TO OPT IN TO THE RELEASE CONTAINED IN ARTICLE VIII.C OF THE PLAN ONLY IF YOU CHECK THE BOX BELOW:**

☐   **The Undersigned Holder of the Claim or Interest elects to <u>OPT IN to the Third-Party Release</u>**

Article VIII.D of the Plan provides for an exculpation of certain parties (the "**Exculpation**"):

**Except as otherwise expressly provided in the Plan or the Confirmation Order, to the fullest extent permitted by applicable law and solely to the extent such acts or omissions occurred between the Petition Date and the Effective Date, no Exculpated Party shall have or incur any liability for, and each Exculpated Party is released and exculpated from any Cause of Action for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Disclosure Statement, the Sale Transactions, the Plan, the Plan Supplement, any other Definitive Document, or any Restructuring Transaction, or any contract, instrument, release or other agreement or document created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Sale Transactions, any other Definitive Document, any of the Restructuring Transactions, the filing of the Chapter 11 Cases, the participation in the DIP Facility, the pursuit of the Sale Transactions, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, except for claims related to any act or omission that is determined in a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. The Exculpated Parties have, and upon Consummation shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.**

Article VIII.E of the Plan establishes an injunction (the "**Injunction**"):

**In accordance with Bankruptcy Code section 1141(d)(3), the Plan does not discharge the Debtors. Bankruptcy Code section 1141(c) nevertheless provides, among other things, that the property dealt with by the Plan is free and clear of all Claims and Interests against the Debtors. Except as otherwise specifically provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold, or may hold Claims or Interests that have been released or are subject to exculpation pursuant to the Plan are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtors, the Exculpated Parties, or the Released Parties, and any successors, assigns or representatives of such Persons or Entities: (a) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (b) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims or Interests; (c) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Claims or Interests; (d) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on**

6

account of or in connection with or with respect to any such Claims or Interests unless such Holder has Filed a motion requesting the right to perform such setoff on or before the Effective Date; and (e) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests released or settled pursuant to the Plan. Notwithstanding anything to the contrary in the foregoing, the injunction set forth above does not enjoin the enforcement of any obligations arising on or after the Effective Date of any Person or Entity under the Plan, any post-Effective Date transaction contemplated by the Restructuring Transactions, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

Upon entry of the Confirmation Order, all Holders of Claims and Interests and their respective current and former employees, agents, officers, directors, managers, principals, and direct and indirect Affiliates, in their capacities as such, shall be enjoined from taking any actions to interfere with the implementation or Consummation of the Plan. Each Holder of an Allowed Claim or Allowed Interest, as applicable, by accepting, or being eligible to accept, distributions under or Reinstatement of such Claim or Interest, as applicable, pursuant to the Plan, shall be deemed to have consented to the injunction provisions set forth in Article VIII.E of the Plan.

**<u>Item 2</u>.    Certifications.**

By signing this Opt In Form, the undersigned certifies to the Bankruptcy Court and the Debtors that:

(a)    as of the Voting Record Date, either: (i) the Entity is the Holder of a Claim or Interest; or (ii) the Entity is an authorized signatory for the Entity that is a Holder of a Claim or Interest;

(b)    the Entity (or in the case of an authorized signatory, the Holder) has received a copy of the *Notice of Non-Voting Status and Opt In to Releases for Holders of Unimpaired Claims or Interests Conclusively Deemed to Accept the Plan* and that this Opt In Form is made pursuant to the terms and conditions set forth therein;

(c)    the Entity has submitted the same respective election concerning the releases with respect to all Claims or Interests in a single Class; and

(d)    no other Opt In Form has been submitted or, if any other Opt In Forms have been submitted with respect to such Claims or Interests, then any such earlier Opt In Forms are hereby revoked.

Name of Holder:_____
                          (*print or type*)

Signature:_____


Name of Signatory:_____
                          (*if other than Holder*)

Title: _____

Address:_____

        _____

        _____

Telephone Number:_____

Email:_____

Date Completed:_____

**IF YOU HAVE MADE THE OPTIONAL OPT IN ELECTION, PLEASE COMPLETE, SIGN, AND DATE THIS OPT IN FORM AND RETURN IT PROMPTLY BY ONLY ONE OF THE METHODS BELOW.**

**By regular mail, overnight mail, or hand delivery at:**

**Vyaire Medical, Inc. Ballot Processing**
**c/o Omni Agent Solutions, Inc.**
**5955 De Soto Avenue, Suite 100**
**Woodland Hills, CA 91367**

**OR**

**By electronic, online submission:**

The Claims and Noticing Agent will accept Opt In Forms if properly completed through the Opt In Portal.  To submit your Opt In Form, please visit https://omniagentsolutions.com/Vyaire (the "Opt In Portal") and follow the instructions to submit your Opt In Form.

**The Claims and Noticing Agent's Opt In Portal is the sole manner in which Opt In Forms will be accepted via electronic or online transmission.  Opt In Forms submitted by facsimile, email, or other means of electronic transmission will not be counted.**

Parties that submit their Opt In Form using the Opt In Portal should **NOT** also submit a paper Opt In Form.

| |
|---|
| **THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON <u>NOVEMBER 4, 2024</u>.**<br><br>THE CLAIMS AND NOTICING AGENT MUST ACTUALLY RECEIVE YOUR OPT IN ELECTION ON OR BEFORE THE VOTING DEADLINE.  IF YOU HAVE ANY QUESTIONS REGARDING THIS OPT IN FORM, PLEASE CONTACT: <u>VYAIREINQUIRIES@OMNIAGNT.COM</u> FOR FURTHER ASSISTANCE. |

**<u>Exhibit 7</u>**

**Form of Cover Letter**

[INSERT COMPANY LOGO]

**[●], 2024**

<u>Via [First Class Mail / Email]</u>

**RE**:    *In re Vyaire Medical, Inc.*, *et al.* Chapter 11 Case No. 24-11217 (BLS), Summary of Chapter 11 Plan and Information Regarding Certain Key Dates.

TO ALL HOLDERS OF CLAIMS ENTITLED TO VOTE ON THE PLAN:

Vyaire Medical, Inc. and certain of its affiliated debtors and debtors in possession in the above captioned cases, (collectively, the "<u>Debtors</u>")[1] each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code  (the "<u>Bankruptcy Code</u>")  in  the  United  States Bankruptcy Court for the District of Delaware (the "<u>Court</u>") on June 9, 2024.

You have received this letter and the enclosed materials because you are entitled to vote on the *Joint Chapter 11 Plan of Vyaire Medical, Inc. and Its Debtor Affiliates* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "<u>Plan</u>").[2] On [●], 2024, the Court entered an order [Docket No. [●]] (the "<u>Disclosure Statement Order</u>"): (a) authorizing the Debtors to solicit acceptances for the Plan; (b)  approving the *Disclosure Statement for the Joint Chapter 11 Plan of Vyaire Medical, Inc. and Its Debtor Affiliates* [Docket No. [●]] (the "<u>Disclosure Statement</u>") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan; and (e) granting related relief.

> YOU ARE RECEIVING THIS LETTER BECAUSE YOU ARE ENTITLED TO VOTE ON THE PLAN.  THEREFORE, YOU SHOULD READ THIS LETTER CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY.  IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.

In addition to this cover letter, the enclosed materials comprise your Solicitation Package, and were approved by the Court for distribution to Holders of Claims in connection with the solicitation of votes to accept or reject the Plan. **The Disclosure Statement, as approved on an interim basis by the Bankruptcy Court (and all exhibits thereto, including the Plan) and the Disclosure Statement Order are only available free of charge on the Debtors' case website at**

---

[1]    The last four digits of Debtor Vyaire Medical, Inc.'s federal tax identification number are 6495.  A complete list of each of the Debtors in these chapter 11 cases and each such Debtor's federal tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/Vyaire. The location of Debtor Vyaire Medical, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 26125 North Riverwoods Boulevard, Mettawa, Illinois, USA 60045.

[2]    Capitalized terms not otherwise defined herein have the same meanings as set forth in the Plan.

**https://omniagentsolutions.com/Vyaire.  If you would like to receive paper copies of any or all of these documents, please reach out to the Claims and Noticing Agent (as defined below) using their below contact information.**  The Solicitation Package consists of the following:

a.  a copy of the Solicitation and Voting Procedures (attached to the Disclosure Statement Order as <u>Exhibit 2</u>);

b.  a Ballot, together with detailed voting instructions and a pre-addressed, postage prepaid return envelope;

c.  this letter;

d.  the Disclosure Statement, as approved on an interim basis by the Bankruptcy Court (and exhibits thereto, including the Plan);

e.  the Disclosure Statement Order (excluding the exhibits thereto, except the Solicitation and Voting Procedures);

f.  the Combined Hearing Notice;

g.  a pre-addressed, postage prepaid reply envelope, if applicable; and

h.  any additional documents that the Court has ordered to be made available.

Vyaire Medical, Inc. (on behalf of itself and each of the other Debtors) has approved the filing of the Plan and the solicitation of votes to accept or reject the Plan.  The Debtors believe that the Plan is in the best interests of their estates and all other parties in interest.  Moreover, the Debtors believe that any alternative other than Confirmation of the Plan could result in significant delays and increased administrative expenses, which, in turn, likely would result in smaller distributions (or no distributions) or recoveries on account of Claims asserted in these chapter 11 cases.

---

**THE DEBTORS STRONGLY URGE YOU TO PROPERLY AND TIMELY SUBMIT YOUR BALLOT CASTING A VOTE TO ACCEPT THE PLAN.  THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON <u>NOVEMBER 4, 2024</u>.**

---

The materials in the Solicitation Package are intended to be self-explanatory.  If you should have any questions, however, please feel free to contact Omni Agent Solutions, Inc., the notice, claims, and solicitation agent retained by the Debtors in these chapter 11 cases (the "<u>Claims and Noticing Agent</u>"), by calling the Debtors' Claims and Noticing Agent at (866) 956-2140 (U.S. Toll-Free/Domestic) or +1 (818) 666-3635 (International).  The Claims and Noticing Agent cannot and will not provide legal advice.  If you need legal advice, you should consult an attorney.

Copies of certain orders, notices, and pleadings, as well as other information regarding these chapter 11 cases, are available for inspection free of charge on the Debtors' website at https://omniagentsolutions.com/Vyaire.  You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at:  https://ecf.deb.uscourts.gov.

Sincerely,

_____

[●]

**Exhibit 8**

**Combined Hearing Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VYAIRE MEDICAL, INC., *et al.*,[1] | ) | Case No. 24-11217 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF HEARING TO CONSIDER**
**(I) THE ADEQUACY OF THE DISCLOSURE STATEMENT AND**
**(II) CONFIRMATION OF THE JOINT CHAPTER 11 PLAN FILED BY THE DEBTORS**

**PLEASE TAKE NOTICE THAT** on [●], 2024, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"): (a) authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to solicit votes on the *Joint Chapter 11 Plan of Vyaire Medical, Inc. and Its Debtor Affiliates* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving on an interim basis the *Disclosure Statement for the Joint Chapter 11 Plan of Vyaire Medical, Inc. and Its Debtor Affiliates* [Docket No. [●]] (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan; and (e) granting related relief.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider the Confirmation of the Plan (the "Confirmation Hearing") will commence on **November 14, 2024, at 1:30 p.m., prevailing Eastern Time**, before The Honorable Brendan L. Shannon, in the United States Bankruptcy Court for the District of Delaware, located at 824 North Market St., 6th Floor, Courtroom No. 1, Wilmington, DE 19801.

---

[1] The last four digits of Debtor Vyaire Medical, Inc.'s federal tax identification number are 6495. A complete list of each of the Debtors in these chapter 11 cases and each such Debtor's federal tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/Vyaire. The location of Debtor Vyaire Medical, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 26125 North Riverwoods Boulevard, Mettawa, Illinois, USA 60045.

[2] Capitalized terms not otherwise defined herein have the same meaning as set forth in the Plan.

**PLEASE BE ADVISED**:  THE COMBINED HEARING MAY BE CONTINUED FROM TIME TO TIME BY THE COURT OR THE DEBTORS **WITHOUT FURTHER NOTICE** OTHER THAN BY SUCH ADJOURNMENT BEING ANNOUNCED IN OPEN COURT OR BY A NOTICE OF ADJOURNMENT FILED WITH THE COURT AND SERVED ON ALL PARTIES ENTITLED TO NOTICE.

ANY SUCH NOTICES OF ADJOURNMENT ARE AVAILABLE FREE OF CHARGE ON THE DEBTORS' CASE WEBSITE AT HTTPS://OMNIAGENTSOLUTIONS.COM/VYAIRE.

## CRITICAL INFORMATION REGARDING VOTING ON THE PLAN

**Voting Record Date**.  The voting record date is **October 2, 2024**, which was the date for determining which Holders of Claims in Classes 4 and 5 as applicable, are entitled to vote on the Plan.

**Voting Deadline**.  The deadline for voting on the Plan is **November 4, 2024, at 4:00 p.m., prevailing Eastern Time** (the "Voting Deadline").  If you received a Solicitation Package, including a Ballot and intend to vote on the Plan you *must*:  (a) follow the instructions carefully; (b) complete *all* of the required information on the ballot; and (c) execute and return your completed Ballot according to and as set forth in detail in the voting instructions so that it is *actually received* by the Debtors' claims and noticing agent, Omni Agent Solutions, Inc. (the "Claims and Noticing Agent") on or before the Voting Deadline.  *A failure to follow such instructions may disqualify your vote*.

## CRITICAL INFORMATION REGARDING OBJECTING TO THE PLAN

ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE VIII.C OF THE PLAN CONTAINS A THIRD-PARTY RELEASE**.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

**Plan Objection Deadline**.  The deadline for filing objections to the Plan, as applicable, is **November 4, 2024, at 4:00 p.m., prevailing Eastern Time** (the "Plan Objection Deadline"). All objections to the relief sought at the Confirmation Hearing *must*:  (a) be in writing; (b) conform to the Bankruptcy Code, Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the counsel to the Debtors, the U.S. Trustee, counsel to the DIP Lenders, counsel to the Consenting First Lien Lenders, counsel to the Consenting Second Lien Lenders, and counsel to the Committee so as to be *actually received* on or before the Plan Objection Deadline.

**Please be advised that Article VIII of the Plan contains the following release, exculpation, and injunction provisions:[3]**

Article VIII.B of the Plan provides for a release by the Debtors (the "<u>Debtor Release</u>"):

**Except as otherwise specifically provided herein or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, upon entry of the Confirmation Order, as of the Effective Date, each Released Party is, and is deemed, hereby fully, conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by each and all of the Debtors, the Wind-Down Debtors, and their Estates, in each case on behalf of themselves and their respective successors, assigns, and representatives from any and all Claims, obligations, rights, suits, damages, and Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, including any derivative claims asserted or assertable on behalf of any of the Debtors, the Wind-Down Debtors, and their Estates, that the Debtors, the Wind-Down Debtors, or their Estates would have been legally entitled to assert in their own right (whether individually or collectively), or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, or that any Holder of any Claim against or Interest in a Debtor or other Entity could have asserted on behalf of the Debtors based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the capital structure, management, ownership, or operation thereof or otherwise), the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor or the Wind-Down Debtors and any Released Party, the Debtors' in- or out-of-court restructuring efforts, the purchase, sale, or rescission of any security of the Debtors or the Wind-Down Debtors, intercompany transactions between or among the Debtors or between the Debtors and their non-Debtor Affiliates, the First Lien Credit Agreement, the Second Lien Credit Agreement, the Note Purchase Agreement, the DIP Facility, the DIP Facility Documents, the Disclosure Statement Order, the Confirmation Order, the Sale Order, the First Day Pleadings, the Chapter 11 Cases, the formulation, preparation, dissemination, solicitation, negotiation, entry into, or filing of the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, the Prepetition Loan Documents, any other Definitive Document, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the DIP Facility, the Plan, the Plan Supplement, the Sale Transactions, any other Definitive Document, any of the Restructuring Transactions, the Chapter 11 Cases, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction,**

---

[3]    The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights.  If there is any inconsistency between the provisions set forth herein and the Plan, the Plan governs.

agreement, event, or other occurrence taking place on or before the Effective Date related or relating to any of the foregoing.

Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any post-Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan or the Restructuring Transactions, (ii) any Causes of Action specifically retained by the Debtors pursuant to the Schedule of Retained Causes of Action to be attached as an exhibit to the Plan Supplement, or (iii) any Claims or Causes of Action arising out of, or related to, any act or omission of a Released Party that is determined by a Final Order of the Bankruptcy Court or any other court of competent jurisdiction to have constituted actual fraud, gross negligence, or willful misconduct (it being agreed that any Released Parties' consideration, approval, or receipt of any distribution did not arise from or relate to actual fraud, gross negligence, or willful misconduct).

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases set forth in Article VIII.B of the Plan, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that such release is: (1) in exchange for the good and valuable consideration provided by the Released Parties, including, the Released Parties' contribution to facilitating the Restructuring Transactions and implementing the Plan; (2) a good faith settlement and compromise of the Claims released by the Debtor Release; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for a hearing; and (6) a bar to any of the Debtors, the Wind-Down Debtors, or the Debtors' Estates asserting any Claim or Cause of Action released pursuant to the Debtor Release.

Article VIII.C of the Plan provides for a third-party release by Holders of Claims and Interests (the "**Third-Party Release**"):

Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, upon entry of the Confirmation Order, as of the Effective Date, each Releasing Party is, and is deemed to have, hereby fully, conclusively, absolutely, unconditionally, irrevocably and forever released each Debtor, Wind-Down Debtor, and Released Party from any and all Claims, obligations, rights, suits, damages, and Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, including any derivative claims asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, and their Estates (as applicable) that such Entity would have been legally entitled to assert in their own right (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the capital structure, management, ownership, or operation thereof or otherwise), the purchase, sale, or recission of any security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor or the Wind-Down Debtors and

4

any Released Party, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions between or among the Debtors or between the Debtors and their non-Debtor Affiliates, the First Lien Credit Agreement, the Second Lien Credit Agreement, the Note Purchase Agreement, the DIP Facility, the DIP Facility Documents, the Disclosure Statement Order, the Confirmation Order, the Sale Order, the First Day Pleadings, the Chapter 11 Cases, the formulation, preparation, dissemination, solicitation, negotiation, entry into, or filing of the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, the Prepetition Loan Documents, any other Definitive Document, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the DIP Facility, the Plan, the Plan Supplement, the Sale Transactions, any other Definitive Document, any of the Restructuring Transactions, the Chapter 11 Cases, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to any of the foregoing.

Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any post-Effective Date obligations of any party or Entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, (ii) any Causes of Action specifically retained by the Debtors pursuant to the Schedule of Retained Causes of Action to be attached as an exhibit to the Plan Supplement, or (iii) any Claims or Causes of Action arising out of, or related to, any act or omission of a Released Party that is determined by a Final Order of the Bankruptcy Court or any other court of competent jurisdiction to have constituted actual fraud, gross negligence, or willful misconduct (it being agreed that any Released Parties' consideration, approval, or receipt of any distribution did not arise from or relate to actual fraud, gross negligence, or willful misconduct).

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases set forth in Article VIII.C of the Plan, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that such releases are: (1) consensual; (2) essential to the Confirmation of the Plan; (3) given in exchange for the good and valuable consideration provided by the Released Parties; (4) a good faith settlement and compromise of the Claims released by the releases provided in Article VIII.C of the Plan; (5) in the best interests of the Debtors and their Estates; (6) fair, equitable, and reasonable; (7) given and made after due notice and opportunity for a hearing; and (8) a bar to any of the Releasing Parties asserting any Claim or Cause of Action released pursuant to the releases provided in Article VIII.C of the Plan.

Definitions Related to the Debtor Release and the Third-Party Release:

UNDER THE PLAN, "*AVOIDANCE ACTIONS*" MEANS ANY AND ALL AVOIDANCE, RECOVERY, OR SUBORDINATION ACTIONS OR REMEDIES THAT MAY BE BROUGHT

BY OR ON BEHALF OF THE DEBTORS OR THEIR ESTATES UNDER THE BANKRUPTCY CODE OR APPLICABLE NON-BANKRUPTCY LAW, INCLUDING ACTIONS OR REMEDIES UNDER SECTIONS 544, 547, 548, 549, 550, 551, 552, OR 553 OF THE BANKRUPTCY CODE.

UNDER THE PLAN, "*DEBTOR RELEASE*" MEANS THE RELEASES GIVEN ON BEHALF OF THE DEBTORS AND THEIR ESTATES AS SET FORTH IN ARTICLE VIII.B OF THE PLAN.

UNDER THE PLAN, "*RELEASED PARTIES*" MEANS, EACH OF, AND IN EACH CASE, IN THEIR RESPECTIVE CAPACITIES AS SUCH:  (A) THE DEBTORS AND THE WIND-DOWN DEBTORS, AS APPLICABLE; (B) THE PLAN ADMINISTRATOR; (C) EACH CONSENTING STAKEHOLDER; (D) THE COMMITTEE AND ITS MEMBERS; (E) THE PURCHASERS; (F) THE DIP LENDERS; (G) THE AGENTS; (H) ALL HOLDERS OF CLAIMS WHO OPT IN TO GRANTING THESE RELEASES SET FORTH IN THE PLAN; (I) ALL HOLDERS OF INTERESTS WHO OPT IN TO GRANTING THESE RELEASES SET FORTH IN THE PLAN; (J) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH THE FOLLOWING CLAUSE (K); AND (K) EACH RELATED PARTY OF EACH ENTITY IN CLAUSE (A) THROUGH THIS CLAUSE (K), EACH IN THEIR CAPACITY AS SUCH; *PROVIDED* THAT, IN EACH CASE, AN ENTITY SHALL NOT BE A RELEASED PARTY IF IT TIMELY OBJECTS TO THE RELEASES SET FORTH IN ARTICLE VIII.C OF THE PLAN AND SUCH OBJECTION IS NOT WITHDRAWN OR OTHERWISE RESOLVED BEFORE THE CONFIRMATION ORDER IS ENTERED.

UNDER THE PLAN, "*RELEASING PARTIES*" MEANS, EACH OF, AND IN EACH CASE, IN THEIR RESPECTIVE CAPACITIES AS SUCH: (A) THE DEBTORS AND THE WIND-DOWN DEBTORS, AS APPLICABLE; (B) THE PLAN ADMINISTRATOR; (C) EACH CONSENTING STAKEHOLDER; (D) THE COMMITTEE AND ITS MEMBERS; (E) THE PURCHASERS; (F) THE DIP LENDERS; (G) THE AGENTS; (H) ALL HOLDERS OF CLAIMS WHO OPT IN TO GRANTING THESE RELEASES SET FORTH IN THE PLAN; (I) ALL HOLDERS OF INTERESTS WHO OPT IN TO GRANTING THESE RELEASES SET FORTH IN THE PLAN; (J) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH THE FOLLOWING CLAUSE (K); AND (K) EACH RELATED PARTY OF EACH ENTITY IN CLAUSE (A) THROUGH THIS CLAUSE (K), FOR WHICH SUCH ENTITY IS LEGALLY ENTITLED TO BIND SUCH RELATED PARTY TO THE RELEASES CONTAINED IN THE PLAN UNDER APPLICABLE LAW; *PROVIDED*, *HOWEVER*, THAT IN EACH CASE, AN ENTITY SHALL NOT BE RELEASING PARTY IF IT TIMELY OBJECTS TO THE RELEASES SET FORTH IN ARTICLE VIII.C OF THE PLAN AND SUCH OBJECTION IS NOT WITHDRAWN OR OTHERWISE RESOLVED BEFORE THE CONFIRMATION ORDER IS ENTERED.

Article VIII.D of the Plan provides for an exculpation of certain parties (the "Exculpation"):

**Except as otherwise expressly provided in the Plan or the Confirmation Order, to the fullest extent permitted by applicable law and solely to the extent such acts or omissions occurred between the Petition Date and the Effective Date, no Exculpated Party shall have or incur any liability for, and each Exculpated Party is released and exculpated from any**

Cause of Action for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Disclosure Statement, the Sale Transactions, the Plan, the Plan Supplement, any other Definitive Document, or any Restructuring Transaction, or any contract, instrument, release or other agreement or document created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Sale Transactions, any other Definitive Document, any of the Restructuring Transactions, the filing of the Chapter 11 Cases, the participation in the DIP Facility, the pursuit of the Sale Transactions, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, except for claims related to any act or omission that is determined in a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan.  The Exculpated Parties have, and upon Consummation shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

Article VIII.E of the Plan establishes an injunction (the "**Injunction**"):

In accordance with Bankruptcy Code section 1141(d)(3), the Plan does not discharge the Debtors.  Bankruptcy Code section 1141(c) nevertheless provides, among other things, that the property dealt with by the Plan is free and clear of all Claims and Interests against the Debtors. Except as otherwise specifically provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold, or may hold Claims or Interests that have been released or are subject to exculpation pursuant to the Plan are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtors, the Exculpated Parties, or the Released Parties, and any successors, assigns or representatives of such Persons or Entities:  (a) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (b) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims or Interests; (c) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Claims or Interests; (d) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims or Interests unless such Holder has Filed a motion requesting the right to perform such setoff on or before the Effective Date; and (e) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests released or settled pursuant to the Plan.  Notwithstanding anything to the contrary in the foregoing, the injunction set forth above does not enjoin the enforcement of

any obligations arising on or after the Effective Date of any Person or Entity under the Plan, any post-Effective Date transaction contemplated by the Restructuring Transactions, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

Upon entry of the Confirmation Order, all Holders of Claims and Interests and their respective current and former employees, agents, officers, directors, managers, principals, and direct and indirect Affiliates, in their capacities as such, shall be enjoined from taking any actions to interfere with the implementation or Consummation of the Plan. Each Holder of an Allowed Claim or Allowed Interest, as applicable, by accepting, or being eligible to accept, distributions under or Reinstatement of such Claim or Interest, as applicable, pursuant to the Plan, shall be deemed to have consented to the injunction provisions set forth in Article VIII.E of the Plan.

## ADDITIONAL INFORMATION

**Obtaining Solicitation Materials**.  The materials in the Solicitation Package are intended to be self-explanatory.  If you should have any questions or if you would like to obtain additional solicitation materials (or paper copies of solicitation materials), please feel free to contact the Debtors' Claims and Noticing Agent, by:  (a) writing via first class mail, to Vyaire Medical, Inc. *et al*., c/o Omni Agent Solutions, Inc., 5955 De Soto Avenue, Suite 100, Woodland Hills, CA 91367;  (b) writing via electronic mail to Vyaireinquiries@omniagnt.com;  or  (c) calling the Debtors' restructuring hotline at (866) 956-2140 (U.S. Toll-Free/Domestic) or +1 (818) 666-3635 (International).  You may also obtain copies of any pleadings filed in these chapter 11 cases (a) for a fee via PACER at:  http://www.deb.uscourts.gov; or (b) at no charge from Omni Agent Solutions, Inc. by accessing the Debtors' restructuring website at https://omniagentsolutions.com/Vyaire.

Please be advised that the Claims and Noticing Agent is authorized to answer questions about, and provide additional copies of, solicitation materials, but may *not* advise you as to whether you should vote to accept or reject the Plan.

**The Plan Supplement**.  The Debtors will file documents constituting the Plan Supplement (as defined in the Plan) on or prior to **October 28, 2024**, and will serve notice on all Holders of Claims and Interests entitled to vote on the Plan, which will:  (a) inform parties that the Debtors filed the Plan Supplement; (b) list the information contained in the Plan Supplement; and (c) explain how parties may obtain copies of the Plan Supplement.

> **BINDING NATURE OF THE PLAN**:
>
> **IF CONFIRMED, THE PLAN SHALL BIND ALL HOLDERS OF CLAIMS OR INTERESTS TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, WHETHER OR NOT SUCH HOLDER WILL RECEIVE OR RETAIN ANY PROPERTY OR INTEREST IN PROPERTY UNDER THE PLAN, HAS FILED A PROOF OF CLAIM OR INTEREST IN THESE CHAPTER 11 CASES, OR FAILED TO VOTE TO ACCEPT OR REJECT THE PLAN OR VOTED TO REJECT THE PLAN.**

Dated: [●], 2024
Wilmington, Delaware

*/s/ DRAFT*

**COLE SCHOTZ P.C.**
Patrick J. Reilley, Esq. (DE Bar No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone:    (302) 652-3131
Facsimile:    (302) 652-3117
Email:         preilley@coleschotz.com

- and -

Michael D. Sirota, Esq. (admitted *pro hac vice*)
Warren A. Usatine, Esq (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:    (201) 489-3000
Facsimile:    (201) 489-1536
Email:         msirota@coleschotz.com
               wusatine@coleschotz.com

*Co-Counsel to the Debtors*
*and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
601 Lexington Ave
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:         joshua.sussberg@kirkland.com

- and -

Spencer A. Winters, P.C. (admitted *pro hac vice*)
Yusuf U. Salloum (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:         spencer.winters@kirkland.com
               yusuf.salloum@kirkland.com

*Co-Counsel to the Debtors*
*and Debtors in Possession*

**<u>Exhibit 9</u>**

**Form of Plan Supplement Notice**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| VYAIRE MEDICAL, INC., *et al.*,[1] | ) | Case No. 24-11217 (BLS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## NOTICE OF FILING OF PLAN SUPPLEMENT

**PLEASE TAKE NOTICE THAT** on [●], 2024, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"): (a) authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to solicit votes on the *Joint Chapter 11 Plan of Vyaire Medical, Inc. and Its Debtor Affiliates* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving on an interim basis the *Disclosure Statement for the Joint Chapter 11 Plan of Vyaire Medical, Inc. and Its Debtor Affiliates* [Docket No. [●]] (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan; and (e) granting related relief.

**PLEASE TAKE FURTHER NOTICE THAT** as contemplated under the Plan and the Disclosure Statement Order, the Debtors filed the Plan Supplement on [[●]], 2024 [Docket No. [●]]. The Plan Supplement, as defined in the Plan, means the compilation of documents and forms of documents, schedules, and exhibits to the Plan (in each case, as may be altered, amended, modified, or supplemented from time to time) to be Filed by the Debtors prior to the Confirmation Hearing to the extent available, and any additional documents Filed prior to the Effective Date, including the following, as applicable: (a) Schedule of Assumed Executory Contracts and Unexpired Leases, (b) Schedule of Rejected Executory Contracts and Unexpired Leases, (c) Schedule of Retained Causes of Action, (d) the Plan Administrator Agreement, (e) the Restructuring Transactions Memorandum, (f) the Wind-Down Budget, and (g) any other necessary documentation related to the Sale Transactions or Restructuring Transactions in accordance with Article IV of the Plan. The Debtors shall have the right to alter, amend, modify, or supplement

---

[1]    The last four digits of Debtor Vyaire Medical, Inc.'s federal tax identification number are 6495. A complete list of each of the Debtors in these chapter 11 cases and each such Debtor's federal tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/Vyaire. The location of Debtor Vyaire Medical, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 26125 North Riverwoods Boulevard, Mettawa, Illinois, USA 60045.

[2]    Capitalized terms not otherwise defined herein have the same meaning as set forth in the Plan.

the documents contained in the Plan Supplement up to the Effective Date as more fully set forth in the Plan and, as necessary, approval of the Court.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **November 14, 2024, at 1:30 p.m., prevailing Eastern Time**, before The Honorable Brendan L. Shannon, in the United States Bankruptcy Court for the District of Delaware, located at 824 North Market St., 6th Floor, Courtroom No. 1, Wilmington, DE 19801.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **November 4, 2024, at 4:00 p.m., prevailing Eastern Time** (the "Plan Objection Deadline").  Any objection to the Plan ***must***:  (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Court and served upon the counsel to the Debtors, the U.S. Trustee, counsel to the DIP Lenders, counsel to the Consenting First Lien Lenders, counsel to the Consenting Second Lien Lenders, and counsel to the Committee on or before the Plan Objection Deadline.

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact Omni Agent Solutions, Inc., the claims and noticing retained by the Debtors in these chapter 11 cases (the "Claims and Noticing Agent"), by:  (a) writing via first class mail, to Vyaire Medical, Inc. *et al.*, c/o Omni Agent Solutions, Inc., 5955 De Soto Avenue, Suite 100, Woodland Hills, CA 91367; (b) writing via electronic mail to Vyaireinquiries@omniagnt.com; or (c) calling the Debtors' restructuring hotline at (866) 956-2140 (U.S. Toll-Free/Domestic) or +1 (818) 666-3635 (International).  You may also obtain copies of any pleadings filed in these chapter 11 cases (a) for a fee via PACER at:  http://www.deb.uscourts.gov; or (b) at no charge from Omni Agent Solutions, Inc. by accessing the Debtors' restructuring website at https://omniagentsolutions.com/Vyaire.

---

ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE VIII.C OF THE PLAN CONTAINS A THIRD-PARTY RELEASE**.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT THE CLAIMS AND NOTICING AGENT.**

---

Dated: [●], 2024
Wilmington, Delaware

*/s/ DRAFT*

**COLE SCHOTZ P.C.**
Patrick J. Reilley, Esq. (DE Bar No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone:     (302) 652-3131
Facsimile:     (302) 652-3117
Email:         preilley@coleschotz.com


- and -

Michael D. Sirota, Esq. (admitted *pro hac vice*)
Warren A. Usatine, Esq (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:     (201) 489-3000
Facsimile:     (201) 489-1536
Email:         msirota@coleschotz.com
               wusatine@coleschotz.com


*Co-Counsel to the Debtors*
*and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
601 Lexington Ave
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:         joshua.sussberg@kirkland.com


- and -

Spencer A. Winters, P.C. (admitted *pro hac vice*)
Yusuf U. Salloum (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
Email:         spencer.winters@kirkland.com
               yusuf.salloum@kirkland.com


*Co-Counsel to the Debtors*
*and Debtors in Possession*

## __Exhibit 10__

**Form of Notice of Assumption of Executory Contracts and Unexpired Leases**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VYAIRE MEDICAL, INC., *et al.*,[1] | ) | Case No. 24-11217 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF (A) EXECUTORY CONTRACTS AND
UNEXPIRED LEASES TO BE ASSUMED OR ASSUMED AND
ASSIGNED BY THE DEBTORS PURSUANT TO THE PLAN, (B) CURE AMOUNTS,
IF ANY, AND (C) RELATED PROCEDURES IN CONNECTION THEREWITH**

**PLEASE TAKE NOTICE THAT** on [●], 2024, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"): (a) authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to solicit votes on the *Joint Chapter 11 Plan of Vyaire Medical, Inc. and Its Debtor Affiliates* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving on an interm basis the *Disclosure Statement for the Joint Chapter 11 Plan of Vyaire Medical, Inc. and Its Debtor Affiliates* [Docket No. [●]] (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan; and (e) granting related relief.

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors filed the *Assumed Executory Contract and Unexpired Lease List* [Docket No. [●]] (the "Assumed Executory Contracts and Unexpired Leases List") with the Court as part of the Plan Supplement on [[●]], 2024 as contemplated under the Plan. The Debtors' determination to assume or assume and assign under the Plan the agreements identified on the Assumed Executory Contracts and Unexpired Leases List is subject to the Debtors' reservation of rights under the Plan terms and ongoing review, revision, and further negotiation among the Debtors and interested parties with respect thereto.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan and (the "Confirmation Hearing") will commence on

---

[1]    The last four digits of Debtor Vyaire Medical, Inc.'s federal tax identification number are 6495. A complete list of each of the Debtors in these chapter 11 cases and each such Debtor's federal tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/Vyaire. The location of Debtor Vyaire Medical, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 26125 North Riverwoods Boulevard, Mettawa, Illinois, USA 60045.

[2]    Capitalized terms not otherwise defined herein have the same meaning as set forth in the Plan.

**November 14, 2024, at 1:30 p.m., prevailing Eastern Time**, before The Honorable Brendan L. Shannon, in the United States Bankruptcy Court for the District of Delaware, located at 824 North Market St., 6th Floor, Courtroom No. 1, Wilmington, DE 19801.

PLEASE TAKE FURTHER NOTICE THAT you are receiving this notice because the Debtors' records reflect that you are a party to a contract that is listed on the Assumed Executory Contracts and Unexpired Leases List. Therefore, you are advised to carefully review the information contained in this notice and the related provisions of the Plan, including the Assumed Executory Contracts and Unexpired Leases List.

PLEASE TAKE FURTHER NOTICE THAT the Debtors are proposing to assume or assume and assign the Executory Contract(s) and Unexpired Lease(s) listed in **Exhibit A** attached hereto to which you are a party.[3]

PLEASE TAKE FURTHER NOTICE THAT section 365(b)(1) of the Bankruptcy Code requires a chapter 11 debtor to cure, or provide adequate assurance that it will promptly cure, any defaults under executory contracts and unexpired leases at the time of assumption. Accordingly, the Debtors have conducted a thorough review of their books and records and have determined the amounts required to cure defaults, if any, under the Executory Contract(s) and Unexpired Lease(s), which amounts are listed in **Exhibit A**. Please note that if no amount is stated for a particular Executory Contract or Unexpired Lease, the Debtors believe that there is no cure amount outstanding for such contract or lease.

PLEASE TAKE FURTHER NOTICE THAT any monetary defaults under an Assumed Executory Contract or Unexpired Lease, as reflected on the Cure Notice and identified in identified in **Exhibit A**, shall be satisfied, pursuant to section 365(b)(1) of the Bankruptcy Code, by payment

---

[3]    Neither the exclusion nor inclusion of any Executory Contract or Unexpired Lease on the Assumed Executory Contracts and Unexpired Leases List, nor anything contained in the Plan or the Plan Supplement, shall constitute an admission by the Debtors that any such contract or lease is in fact an Executory Contract or Unexpired Lease or that any Debtor has any liability thereunder. Notwithstanding anything to the contrary in the Plan, the Debtors and the Wind-Down Debtors, as applicable, reserve the right to alter, amend, modify, or supplement the Assumed Executory Contracts and Unexpired Leases List (i) to add or remove any Executory Contract or Unexpired Lease to or from the Assumed Executory Contracts and Unexpired Leases List at any time prior to the Confirmation Date, and (ii) to remove any Executory Contract or Unexpired Lease from the Assumed Executory Contracts and Unexpired Leases List at any time through and including ninety (90) days after the Effective Date, which removal shall constitute rejection of the applicable Executory Contract or Unexpired Lease; *provided* that, subject to Article V.D of the Plan, at any time during such ninety (90)-day period after the Effective Date, the Wind-Down Debtors shall remain liable for any and all amounts incurred under any such Executory Contracts and Unexpired Leases on the Schedule of Assumed Executory Contracts and Unexpired Leases in the ordinary course of business; *provided, further*, that, subject to Article V.C of the Plan, on the first Business Day that follows such ninety (90)-day period, (i) to the extent any Executory Contracts and Unexpired Leases remain on the Assumed Executory Contracts and Unexpired Leases List, such Executory Contracts and Unexpired Leases shall be deemed Assumed Executory Contracts and Unexpired Leases and the Wind-Down Debtors shall pay any and all Cure Claims owing under such Assumed Executory Contracts and Unexpired Leases pursuant to section 365 of the Bankruptcy Code or (ii) to the extent the Wind-Down Debtors have filed an amended or otherwise modified Assumed Executory Contracts and Unexpired Leases List, removing any Executory Contract or Unexpired Lease, such Executory Contracts and Unexpired Leases shall be deemed rejected pursuant to section 365 of the Bankruptcy Code. The Debtors shall provide notice of any amendments to the Assumed Executory Contracts and Unexpired Leases List to the counterparties to the Executory Contracts or Unexpired Leases affected thereby.

of the Cure Claim in Cash on the Effective Date, subject to the limitations described in Article V.C of the Plan, or on such other terms as the parties to such Executory Contracts or Unexpired Leases may otherwise agree.  In the event of a dispute regarding (a) the amount of any payments to cure such a default, (b) the ability of the Wind-Down Debtors or any assignee, as applicable, to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the Executory Contract or Unexpired Lease to be assumed, or (c) any other matter pertaining to assumption, the cure payments required by section 365(b)(1) of the Bankruptcy Code shall be made following the entry of a Final Order resolving the dispute and approving the assumption.[4]

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to Article V.C of the Plan, any objection by a counterparty to an Executory Contract or Unexpired Lease to a proposed assumption or assumption and assignment or related cure amount must be Filed, served, and actually received by the Debtors by no later than fourteen (14) days after actual receipt of this Notice, *provided* that, if the Debtors modify the Assumed Executory Contract or Unexpired Lease List, any party affected by such modifications shall have fourteen (14) days to object to the proposed modified treatment from the date of their recept of notice of such modification.

**PLEASE TAKE FURTHER NOTICE THAT any counterparty to an Executory Contract or Unexpired Lease that fails to object timely to the proposed assumption, assumption and assignment, or cure amount will be deemed to have assented to such assumption, assumption and assignment, or cure amount.**

**PLEASE TAKE FURTHER NOTICE THAT ASSUMPTION OR ASSUMPTION AND ASSIGNMENT OF ANY EXECUTORY CONTRACT OR UNEXPIRED LEASE PURSUANT TO THE PLAN OR OTHERWISE SHALL RESULT IN THE FULL RELEASE AND SATISFACTION OF ANY CLAIMS OR DEFAULTS, WHETHER MONETARY OR NONMONETARY, INCLUDING DEFAULTS OF PROVISIONS RESTRICTING THE CHANGE IN CONTROL OR OWNERSHIP INTEREST COMPOSITION OR OTHER BANKRUPTCY-RELATED DEFAULTS, ARISING UNDER ANY ASSUMED OR ASSUMED AND ASSIGNED EXECUTORY CONTRACT OR UNEXPIRED LEASE AT ANY TIME BEFORE THE DATE OF THE DEBTORS OR WIND-DOWN DEBTORS ASSUME OR ASSUME AND ASSIGN SUCH EXECUTORY CONTRACT OR UNEXPIRED LEASE.  ANY PROOFS OF CLAIM FILED WITH RESPECT TO AN EXECUTORY CONTRACT OR UNEXPIRED LEASE THAT HAS BEEN ASSUMED OR ASSUMED AND ASSIGNED SHALL BE DEEMED DISALLOWED AND EXPUNGED, WITHOUT FURTHER NOTICE TO OR ACTION, ORDER, OR APPROVAL OF THE BANKRUPTCY COURT.**

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact Omni Agent Solutions, Inc., the claims and noticing agent retained by the Debtors in these

---

[4]    The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights.  If there is any inconsistency between the provisions set forth herein and the Plan, the Plan governs.

chapter 11 cases (the "Claims and Noticing Agent"), by:  (a) writing via first class mail, to Vyaire Medical, Inc. *et al*., c/o Omni Agent Solutions, Inc., 5955 De Soto Avenue, Suite 100, Woodland Hills, CA 91367; (b) writing via electronic mail to Vyaireinquiries@omniagnt.com; or (c) calling the Debtors' restructuring hotline at (866) 956-2140 (U.S. Toll-Free/Domestic) or +1 (818) 666-3635 (International).  You may also obtain copies of any pleadings filed in these chapter 11 cases (a) for a fee via PACER at:  http://www.deb.uscourts.gov; or (b) at no charge from Omni Agent Solutions, Inc. by accessing the Debtors' restructuring website at https://omniagentsolutions.com/Vyaire.

---

ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE VIII.C OF THE PLAN CONTAINS A THIRD-PARTY RELEASE**.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT THE CLAIMS AND NOTICING AGENT.**

Dated: [●], 2024
Wilmington, Delaware

*/s/ DRAFT*
_____

**COLE SCHOTZ P.C.**
Patrick J. Reilley, Esq. (DE Bar No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone:       (302) 652-3131
Facsimile:       (302) 652-3117
Email:           preilley@coleschotz.com


- and -

Michael D. Sirota, Esq. (admitted *pro hac vice*)
Warren A. Usatine, Esq (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:       (201) 489-3000
Facsimile:       (201) 489-1536
Email:           msirota@coleschotz.com
                 wusatine@coleschotz.com


*Co-Counsel to the Debtors*
*and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
601 Lexington Ave
New York, New York 10022
Telephone:       (212) 446-4800
Facsimile:       (212) 446-4900
Email:           joshua.sussberg@kirkland.com


- and -

Spencer A. Winters, P.C. (admitted *pro hac vice*)
Yusuf U. Salloum (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:       (312) 862-2000
Facsimile:       (312) 862-2200
Email:           spencer.winters@kirkland.com
                 yusuf.salloum@kirkland.com


*Co-Counsel to the Debtors*
*and Debtors in Possession*

## Exhibit A

**Schedule of Contracts and Leases and Proposed Cure Amounts**

## **Exhibit 11**

**Form of Notice of Rejection of Executory Contracts and Unexpired Leases**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| VYAIRE MEDICAL, INC., *et al.*,[1] | ) | Case No. 24-11217 (BLS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**NOTICE REGARDING EXECUTORY CONTRACTS**
**AND UNEXPIRED LEASES TO BE REJECTED PURSUANT TO THE PLAN**

    **PLEASE TAKE NOTICE THAT** on [●], 2024, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"): (a) authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to solicit votes on the *Joint Chapter 11 Plan of Vyaire Medical, Inc. and Its Debtor Affiliates* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving on an interim basis the *Disclosure Statement for the Joint Chapter 11 Plan of Vyaire Medical, Inc. and Its Debtor Affiliates* [Docket No. [●]] (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan; and (e) granting related relief.

    **PLEASE TAKE FURTHER NOTICE THAT** the Debtors filed the *Rejected Executory Contract and Unexpired Lease List* [Docket No. [●]] (the "Rejected Executory Contracts and Unexpired Leases List") with the Court as part of the Plan Supplement on or prior to [[●]], 2024, as contemplated under the Plan. The Debtors' determination to reject the agreements identified on the Rejected Executory Contracts and Unexpired Leases List is subject to the Debtors' reservation of rights under the Plan terms and ongoing review, revision, and further negotiation among the Debtors and interested parties with respect thereto.

---

[1]    The last four digits of Debtor Vyaire Medical, Inc.'s federal tax identification number are 6495. A complete list of each of the Debtors in these chapter 11 cases and each such Debtor's federal tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/Vyaire. The location of Debtor Vyaire Medical, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 26125 North Riverwoods Boulevard, Mettawa, Illinois, USA 60045.

[2]    Capitalized terms not otherwise defined herein have the same meaning as set forth in the Plan.

> **PLEASE TAKE FURTHER NOTICE THAT YOU ARE RECEIVING THIS NOTICE BECAUSE THE DEBTORS' RECORDS REFLECT THAT YOU ARE A PARTY TO AN EXECUTORY CONTRACT OR UNEXPIRED LEASE THAT WILL BE REJECTED PURSUANT TO THE PLAN.  THEREFORE, YOU ARE ADVISED TO CAREFULLY REVIEW THE INFORMATION CONTAINED IN THIS NOTICE AND THE RELATED PROVISIONS OF THE PLAN.[3]**

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **November 14, 2024, at 1:30 p.m., prevailing Eastern Time**, before The Honorable Brendan L. Shannon, in the United States Bankruptcy Court for the District of Delaware, located at 824 North Market St., 6th Floor, Courtroom No. 1, Wilmington, DE 19801.

**PLEASE TAKE FURTHER NOTICE THAT** proofs of Claim with respect to Claims arising from the rejection of Executory Contracts or Unexpired Leases, if any, must be Filed with the Bankruptcy Court within the earliest to occur of (a) thirty (30) days after the date of entry of an order of the Bankruptcy Court (including the Confirmation Order) approving such rejection or (b) thirty (30) days after notice of any rejection that occurs after the Effective Date.  **Any Claims arising from the rejection of an Executory Contract or Unexpired Lease that are not Filed within such time may be automatically Disallowed, forever barred from assertion, and shall not be enforceable against, as applicable, the Debtors, the Wind-Down Debtors, the Estates, or property of the foregoing parties, without the need for any objection by the Debtors or the Wind-Down Debtors, as applicable, or further notice to, or action, order, or approval of the Bankruptcy Court or any other Entity, and any Claim arising out of the rejection of the**

---

[3]   Neither the exclusion nor inclusion of any Executory Contract or Unexpired Lease on the Rejected Executory Contracts and Unexpired Leases List, nor anything contained in the Plan or the Plan Supplement, shall constitute an admission by the Debtors that any such contract or lease is in fact an Executory Contract or Unexpired Lease or that any Debtor has any liability thereunder.  Notwithstanding anything to the contrary in the Plan, the Debtors and the Wind-Down Debtors, as applicable, reserve the right to alter, amend, modify, or supplement the Assumed Executory Contracts and Unexpired Leases List (i) to add or remove any Executory Contract or Unexpired Lease to or from the Assumed Executory Contracts and Unexpired Leases List at any time prior to the Confirmation Date, and (ii) to remove any Executory Contract or Unexpired Lease from the Assumed Executory Contracts and Unexpired Leases List at any time through and including ninety (90) days after the Effective Date, which removal shall constitute rejection of the applicable Executory Contract or Unexpired Lease; *provided* that, subject to Article V.C of the Plan, at any time during such ninety (90)-day period after the Effective Date, the Wind-Down Debtors shall remain liable for any and all amounts incurred under any such Executory Contracts and Unexpired Leases on the Schedule of Assumed Executory Contracts and Unexpired Leases in the ordinary course of business; *provided, further*, that, subject to Article V.C of the Plan, on the first Business Day that follows such ninety (90)-day period, (i) to the extent any Executory Contracts and Unexpired Leases remain on the Assumed Executory Contracts and Unexpired Leases List, such Executory Contracts and Unexpired Leases shall be deemed Assumed Executory Contracts and Unexpired Leases and the Wind-Down Debtors shall pay any and all Cure Claims owing under such Assumed Executory Contracts and Unexpired Leases pursuant to section 365 of the Bankruptcy Code or (ii) to the extent the Wind-Down Debtors have filed an amended or otherwise modified Assumed Executory Contracts and Unexpired Leases List, removing any Executory Contract or Unexpired Lease, such Executory Contracts and Unexpired Leases shall be deemed rejected pursuant to section 365 of the Bankruptcy Code.  The Debtors shall provide notice of any amendments to the Assumed Executory Contracts and Unexpired Leases List to the counterparties to the Executory Contracts or Unexpired Leases affected thereby.

Executory Contract or Unexpired Lease shall be deemed fully satisfied, and released, notwithstanding anything in the Schedules or a Proof of Claim to the contrary.

PLEASE TAKE FURTHER NOTICE THAT the deadline for filing objections to the Plan is **November 4, 2024, at 4:00 p.m., prevailing Eastern Time** (the "Plan Objection Deadline").  Any objection to the Plan **must**:  (a) be in writing; (b) conform to the Bankruptcy Code, Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Court on or before the Plan Objection Deadline.

PLEASE TAKE FURTHER NOTICE THAT any objections to the Plan in connection with the rejection of the Executory Contract(s) and Unexpired Lease(s) identified above and/or related rejection damages proposed in connection with the Plan that remain unresolved as of the Confirmation Hearing will be heard at the Confirmation Hearing (or such other date as fixed by the Court).

PLEASE TAKE FURTHER NOTICE THAT if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact Omni Agent Solutions, Inc., the claims and noticing agent retained by the Debtors in these chapter 11 cases (the "Claims and Noticing Agent"), by:  (a) writing via first class mail, to Vyaire Medical, Inc. *et al*., c/o Omni Agent Solutions, Inc., 5955 De Soto Avenue, Suite 100, Woodland Hills, CA 91367; (b) writing via electronic mail to Vyaireinquiries@omniagnt.com; or (c) calling the Debtors' restructuring hotline at (866) 956-2140 (U.S. Toll-Free/Domestic) or +1 (818) 666-3635 (International).  You may also obtain copies of any pleadings filed in these chapter 11 cases (a) for a fee via PACER at:  http://www.deb.uscourts.gov; or (b) at no charge from Omni Agent Solutions, Inc. by accessing the Debtors' restructuring website at https://omniagentsolutions.com/Vyaire.

> ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE VIII.C OF THE PLAN CONTAINS A THIRD-PARTY RELEASE**.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.
>
> **THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT THE CLAIMS AND NOTICING AGENT.**

Dated: [●], 2024
Wilmington, Delaware

*/s/ DRAFT*

**COLE SCHOTZ P.C.**
Patrick J. Reilley, Esq. (DE Bar No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone:    (302) 652-3131
Facsimile:    (302) 652-3117
Email:        preilley@coleschotz.com

- and -

Michael D. Sirota, Esq. (admitted *pro hac vice*)
Warren A. Usatine, Esq (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:    (201) 489-3000
Facsimile:    (201) 489-1536
Email:        msirota@coleschotz.com
              wusatine@coleschotz.com

*Co-Counsel to the Debtors*
*and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
601 Lexington Ave
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        joshua.sussberg@kirkland.com

- and -

Spencer A. Winters, P.C. (admitted *pro hac vice*)
Yusuf U. Salloum (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        spencer.winters@kirkland.com
              yusuf.salloum@kirkland.com

*Co-Counsel to the Debtors*
*and Debtors in Possession*