## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| VYAIRE MEDICAL, INC.,[1] | Case No. 24-11217 (BLS) |
| Liquidating Debtor. | **Hearing Date: June 11, 2025 at 10:30 a.m. (ET)** |
| | **Obj. Deadline: June 4, 2025 at 4:00 p.m. (ET)** |

### THE PLAN ADMINISTRATOR'S THIRD OMNIBUS OBJECTION
### (NON-SUBSTANTIVE) TO CERTAIN CLAIMS
#### (Duplicate, Late Filed, Insufficient Documentation)

*TO ALL PARTIES RECEIVING THIS OBJECTION:*

**YOU SHOULD REVIEW SCHEDULE 1, SCHEDULE 2, AND SCHEDULE 3 TO THE PROPOSED ORDER TO LOCATE YOUR NAME AND CLAIM(S) AND DETERMINE IF YOUR CLAIM(S) ARE SUBJECT TO THIS OBJECTION. IF YOUR CLAIM(S) ARE LISTED ON THE SCHEDULES ATTACHED TO THE PROPOSED ORDER, YOU MAY HAVE SUBSTANTIVE RIGHTS AFFECTED BY THIS OBJECTION.**

**YOUR SUBSTANTIVE RIGHTS ALSO MAY BE AFFECTED BY FURTHER OBJECTIONS THAT MAY BE FILED IN THESE CHAPTER 11 CASES.**

**THE RELIEF SOUGHT IN THIS OBJECTION IS WITHOUT PREJUDICE TO THE RIGHTS OF THE PLAN ADMINISTRATOR, THE DEBTORS, THEIR ESTATES, ANY SUCCESSORS THERETO OR ANY OTHER PARTY IN INTEREST TO PURSUE FURTHER OBJECTIONS AGAINST THE CLAIMS SUBJECT TO THIS OBJECTION, AND NOTHING HEREIN OR THE PROPOSED ORDER IS INTENDED OR SHALL BE DEEMED TO BE AN ALLOWANCE OF ANY SUCH CLAIMS.**

David M. Barse, solely in his capacity as the Plan Administrator of Vyaire Medical, Inc., *et al.* (the "Plan Administrator"), appointed pursuant to the *Second Amended Joint Chapter 11 Plan of Vyaire Medical, Inc. and Its Debtor Affiliates* [Docket No. 719] (the "Plan"), which was confirmed by the Order of the United States Bankruptcy Court for the District of Delaware (the

---

[1] This chapter 11 case is now being administered by the Plan Administrator pursuant to the terms of the *Findings of Fact, Conclusions of Law, and Order Approving the Debtors' Disclosure Statement for, and Confirming the Second Amended Joint Chapter 11 Plan of Vyaire Medical, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 745] (the "Confirmation Order"). The Plan Administrator's mailing address is Vyaire Medical, Inc., Attn: David M. Barse, Plan Administrator, c/o Cole Schotz P.C., 500 Delaware Avenue, Suite 600, Wilmington, DE 19801.

"Court") on November 14, 2024 [Docket No. 745] (the "Confirmation Order"),[2] hereby files this third omnibus objection (non-substantive) (the "Objection") seeking entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), disallowing and expunging the claims listed on (i) **Schedule 1** (the "Duplicate Claims"), (ii) **Schedule 2** (the "Late Filed Claims"), and (iii) **Schedule 3** (the "Insufficient Documentation Claims").  In support of the Objection, the Plan Administrator submits and incorporates herein the declaration of Joel Amico of AP Services, LLC attached hereto as **Exhibit B** (the "Amico Declaration"), and respectfully represents as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider the Objection under 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated February 29, 2012.  This is a core proceeding under 28 U.S.C. § 157(b) and, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Plan Administrator consents to the entry of a final order by the Court in connection with the Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2.      Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and legal predicates for the relief requested in the Objection are sections 502(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Confirmation Order or Plan, as applicable.

Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Local Rule 3007-1, and the *General Order Regarding Applicability of Rule 3007(c) of the Amended Federal Rules of Bankruptcy Procedure* (the "Rule 3007(c) General Order").

## BACKGROUND

### A.    The Chapter 11 Cases

4.    On June 9, 2024, Vyaire Medical, Inc. and its affiliated debtors in the above-captioned chapter 11 cases (collectively, the "Debtors") each commenced a voluntary case under the Bankruptcy Code with the Court.

5.    The Debtors operated their business and managed their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code

6.    On November 14, 2024, this Court entered the Confirmation Order.

7.    On November 27, 2024 (the "Effective Date"), the Plan became effective in accordance with its terms [Docket No. 810].

8.    On the Effective Date, David M. Barse, in his capacity as Plan Administrator, became the sole representative of the Debtors' estates for the purpose of, *inter alia*, reconciling claims filed against the Debtors' estates and facilitating distributions in accordance with the Plan. *See* Plan, Art. IV.E. and VII.

9.    On January 25, 2025, the Court entered a *Final Decree Closing Certain Cases* [Docket No. 974], *inter alia,* closing all of the Debtors' cases other than the above-captioned case and authorizing that relief in connection with any of the Debtors be filed in the above-captioned case.

**B.      The Claims Reconciliation Process**

10.      On July 9, 2024, the Court entered the *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form of and Manner for Filing Proofs of Claim, Including Section 503(b)(9) Requests, and (IV) Approving Form and Manner of Notice Thereof* [Docket No. 227] (the "Bar Date Order").

11.      The Bar Date Order established, *inter alia*, (i) August 2, 2024 (the "General Bar Date") as deadline for all creditors, other than governmental units, holding a prepetition claim against one or more of the Debtors to file and serve a proof of claim and (ii) December 9, 2024 (the "Governmental Bar Date") as the deadline for all governmental units holding a prepetition claim against one or more of the Debtors to file and serve a proof of claim. *See* Bar Date Order at ¶¶ 3.a. and b.

12.      Pursuant to the Plan, the deadline for creditors to file Administrative Claims against the Debtors' estates expired on December 27, 2024.  *See* Plan, Art. I.A.5.

13.      Subject to the Plan Administrator's ability to seek an extension of such deadline, the Plan established May 27, 2025[3] as the deadline to file objections to the allowance of Claims filed against the Debtors. *See* Plan, Art. VII.E.

14.      On April 28, 2025, the Court entered the *Order Approving the Plan Administrator's (I) First Motion to Extend the Claims Objection Deadline and (II) Second Motion to Extend the Administrative Claims Objection Deadline* [Docket No. 1074] (the "Extension Order").

---

[3]      Because 180 days after the Effective Date falls on Memorial Day, May 26, 2025, the Claims Objection Deadline rolls until the next business day – i.e., Tuesday, May 27, 2025.  *See* FED. R. BANKR. P. 9006(a).

15.     Pursuant to the Extension Order, (i) the deadline to object to all Claims, other than Administrative Claims, is November 24, 2025 and (ii) the deadline to object to Administrative Claims is August 25, 2025.

16.     The Plan Administrator, with the assistance of his professional advisors, has been reviewing and reconciling the filed proofs of claim with the Debtors' books and records to determine the validity of the asserted claims.  This reconciliation process includes identifying particular categories of claims that may be targeted for reduction, reclassification, and disallowance or expungement.  To avoid possible improper recovery by claimants, the Plan Administrator is filing this Objection to the Disputed Claims (as defined below).

## RELIEF REQUESTED

17.     By this Objection, the Plan Administrator objects to the claims set forth on **Schedules 1, 2,** and **3** to the Proposed Order (collectively, the "Disputed Claims") pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1.  The Plan Administrator respectfully requests entry of the Proposed Order disallowing and expunging the (i) Duplicate Claims on **Schedule 1** to the Proposed Order, (ii) Late Filed Claims on **Schedule 2** to the Proposed Order, and (iii) Insufficient Documentation Claims on **Schedule 3** to the Proposed Order, as set forth herein.

## OBJECTION

### A.     Legal Standard

18.     When asserting a proof of claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant.  *See In re Energy Future Holdings,* 2016 WL 4925052, at *3 (D. Del. Sept. 14, 2016) ("The initial burden is on the claimant to allege sufficient facts to support the claim"); *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d. Cir. 1992).  Where the claimant alleges sufficient facts to support its

claim, its claim is afforded *prima facie* validity.  *See Allegheny Int'l*, 954 F.2d at 173.  A party wishing to dispute such a claim must produce evidence in sufficient force to negate the claim's *prima facie* validity.  *See Energy Future Holdings*, 2016 WL 4925052, at *3 ("The objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency"); *see also* 11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001(f).  In addition, Bankruptcy Rule 3007 and Local Rule 3007-1 permits the Plan Administrator to make omnibus objections to the Disputed Claims.

19.     A claim, however, should not be allowed if that claim is unenforceable against a debtor and property of a debtor, under any agreement or applicable law.  *See* 11 U.S.C. § 502(b)(1).  If an objection is made to the proof of claim, the claimant has the ultimate burden of persuasion as to the validity and amount of the claim.  *See Allegheny Int'l*, 954 F.2d at 172.

**B.     Duplicate Claims**

20.     The Bankruptcy Rules and Local Rules specifically provide for the disallowance of the Duplicate Claims on the basis asserted by the Plan Administrator.  Bankruptcy Rule 3007(d)(1) permits omnibus claim objections on the basis that the claims should be disallowed because "they duplicate other claims."  Fed. R. Bankr. P. 3007(d)(1).

21.     The Plan Administrator has reviewed the Duplicate Claims on **Schedule 1** to the Proposed Order and has determined that each claim is duplicative of the corresponding "Remaining Claim" identified on **Schedule 1** (the "Remaining Claims").     The Plan Administrator believes that it was not the intention of the claimants asserting multiple identical claims to seek a double recovery against the Debtors' estates.  Instead, the filing of the Duplicate Claims may be a function of the claimants filing identical proofs of claim forms on account of a single claim through different means (*e.g.*, submitting electronically and via mail).  Regardless of the claimants' reasons for filing the Duplicate Claims, at most, only one claim against the

6

Debtors' estates should be allowed for each claimant.  Any failure to disallow the Duplicate Claims will result in the applicable claimants potentially receiving an unwarranted double recovery against the Debtors' estates, to the detriment of other creditors in these chapter 11 cases.

22.    Accordingly, the Plan Administrator requests that the Duplicate Claims be disallowed and expunged, and the Remaining Claims remain on the claims register as an outstanding liability, subject to the Plan Administrator's right to object on any other grounds. The claimant will suffer no prejudice because the Remaining Claims will be unaffected by the relief sought in this Objection, and the claimant's rights to assert the liability against the Debtors' estates will be preserved, subject to the Plan Administrator's right to file additional objections to the Remaining Claims.

**C.    Late Filed Claims**

23.    With respect to each of the Late Filed Claims identified on **Schedule 2** to the Proposed Order, the Plan Administrator has reviewed the proofs of claim, including the supporting documentation provided by the claimants, if any, and determined that the Late Filed Claims were not timely filed.  Among other things, the Bar Date Order established August 2, 2024 as the General Bar Date, and December 9, 2024 as the Governmental Bar Date. The Bar Date Order, which governs the timeliness of proofs of claim filed in these chapter 11 cases, further provides that any entity which failed to file a proof of claim subject to the applicable bar date is barred from asserting such a claim against the Debtors (or successors thereto) or from filing a proof of claim with respect thereto. Each of the Late Filed Claims was filed after the respective bar dates.

68877/0001-49603712v2

24.     In addition, Article VII.F. of the Plan, provides that "any and all Proofs of Claim Filed after the Claims Bar Date shall be deemed disallowed and expunged as of the Effective Date…and Holders of such Claims may not receive any distribution on account of such Claims."

25.     Disallowing and expunging the Late Filed Claims set forth on **Schedule 2** to the Proposed Order is necessary to ensure that the claimants ultimately entitled to receive distributions from the Debtors' estates receive the appropriate treatment and distribution. In addition, disallowing such claims is consistent with long standing Third Circuit law providing that a bar date is a "drop-dead date" that bars all claimants who fail to timely file their claims. *In re Trans World Airlines, Inc.,* 96 F.3d 687, 690 (3d Cir. 1996). Accordingly, the Plan Administrator seeks to disallow and expunge the Late Filed Claims in their entirety.

**D.      Insufficient Documentation Claims**

26.     Each of the Insufficient Documentation Claims was filed without sufficient documentation to substantiate the claim asserted therein as required by Bankruptcy Rule 3001. Additionally, the Plan Administrator has reviewed the Debtors' books and records and, after reasonable efforts, have been unable to locate any information of documentation that would substantiate the Insufficient Documentation Claims, whether in full or in part.  As a result, the Insufficient Documentation Claims fail to provide *prima facie* evidence of the validity and amount of the claims they assert, as required by section 502 of the Bankruptcy Code and Bankruptcy Rule 3001(f).

27.     Accordingly, the Plan Administrator objects to the Insufficient Documentation Claims and requests entry of the Proposed Order disallowing and expunging each of the Insufficient Documentation Claims, as indicated on **Schedule 3** thereto.

8

## **RESPONSES TO OBJECTION**

28.    <u>Filing and Service of Responses</u>.  To contest the Objection, a claimant must file and serve a written response to the Objection (a "<u>Response</u>") so that it is <u>received</u> by **4:00 p.m. (Eastern Time) on June 4, 2025** (the "<u>Response Deadline</u>").  A claimant who has timely filed a Response and wishes to oppose the Objection must attend or make other plans to participate in the hearing on the Objection, which is scheduled to be held on **June 11, 2025 at 10:30 a.m. (Eastern Time)** before The Honorable Brendan L. Shannon, United States Bankruptcy Judge, United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, 6th Floor, Courtroom No. 1, Wilmington, Delaware 19801.

29.    Every Response should be filed with the Office of the Clerk, United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, and served on counsel for the Plan Administrator, so that the Response is received no later than the Response Deadline at the following address:

> Patrick J. Reilley, Esq.
> Stacy L. Newman, Esq.
> 500 Delaware Avenue, Suite 600
> Wilmington, DE 19801
> Telephone: (302) 652-3131
> Facsimile: (302) 652-3117
> preilley@coleschotz.com
> snewman@coleschotz.com
>
> - and -
>
> Matteo Percontino, Esq.
> Court Plaza North, 25 Main Street
> Hackensack, NJ 07601
> Telephone: 201-489-8000
> mpercontino@coleschotz.com

68877/0001-49603712v2

30.    <u>Timely Response Required</u>.    If a claimant fails to file and serve a timely

Response, then, without further notice to the claimant or a hearing on the Objection, the Plan

Administrator will present the Court with an order, substantially in the form attached hereto as

**<u>Exhibit A</u>**, and the relief requested in the Objection may be granted without a hearing.

## SEPARATE CONTESTED MATTER

31.    To the extent that a Response is filed regarding any Disputed Claim listed in the

Objection and the Plan Administrator is unable to resolve the Response, each such claim, and the

objection by the Plan Administrator to each such claim asserted herein, shall constitute a separate

contested matter as contemplated by Bankruptcy Rule 9014.    The Plan Administrator

respectfully requests that any order entered by the Court regarding the Objection shall be deemed

a separate order with respect to each Disputed Claim.

## RESERVATION OF RIGHTS

32.    The Plan Administrator hereby reserves his right and those of the Debtors' estates

and any successors thereto to object further to the Disputed Claims on any additional factual or

legal grounds. Without limiting the generality of the foregoing, the Plan Administrator

specifically reserves the right to amend the Objection, file additional papers in support hereof or

take other appropriate actions, including to: (a) respond to any allegation or defense that may be

raised in a Response by or on behalf of any claimant or other party in interest; (b) object further

to any claim for which a claimant provides (or attempts to provide) additional documentation or

substantiation; and (c) object further to any claim based on additional information that may be

discovered on further review by the Plan Administrator or through discovery.

## COMPLIANCE WITH LOCAL RULE 3007-1

33.    To the best of the Plan Administrator's knowledge and belief, the Objection,

including the exhibits annexed to the Proposed Order, substantially complies with Local Rule

3007-1 and the Rule 3007(c) General Order.  To the extent that the Objection does not comply with the requirements of Local Rule 3007-1 or the Rule 3007(c) General Order, the Plan Administrator submits that the deviations are not material and respectfully request that those requirements be waived.

**NO PRIOR REQUEST**

34.     No prior request for the relief sought in the Objection has been made to this or any other court.

**NOTICE**

35.     Notice of this Objection will be given to: (i) the U.S. Trustee; (ii) claimants whose claims are subject to this Objection and their counsel, if known, and (iii) all parties entitled to notice pursuant to Bankruptcy Rule 2002.  The Plan Administrator submits that, under the circumstances, no other or further notice is required.

*[Remainder of Page Intentionally Left Blank]*

68877/0001-49603712v2

## <u>CONCLUSION</u>

WHEREFORE, for the reasons stated herein, the Plan Administrator respectfully requests

that the Court enter the Proposed Order, substantially in the form attached hereto as **<u>Exhibit A</u>**,

granting the relief requested in the Objection and such other and further relief as the Court deems

just and proper.

Dated: May 8, 2025
      Wilmington, Delaware

                                       **COLE SCHOTZ P.C.**

                                       */s/  Patrick J. Reilley*
                                       Patrick J. Reilley (No. 4451)
                                       Stacy L. Newman (No. 5044)
                                       500 Delaware Avenue, Suite 600
                                       Wilmington, DE 19801
                                       Telephone: (302) 652-3131
                                       Facsimile: (302) 652-3117
                                       preilley@coleschotz.com
                                       snewman@coleschotz.com

                                       - and -

                                       Matteo Percontino, Esq. (Admitted *Pro Hac Vice*)
                                       Court Plaza North, 25 Main Street
                                       Hackensack, NJ 07601
                                       Telephone: (201) 489-3000
                                       Facsimile: (201) 489-1536
                                       mpercontino@coleschotz.com

                                       *Counsel to David M. Barse, solely in his capacity as the Plan Administrator of Vyaire Medical, Inc., et al.*