## <u>EXHIBIT A</u>

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| VYAIRE MEDICAL, INC., | Case No. 24-11217 (BLS) |
| Liquidating Debtor. | **Re: Docket No. __** |

**ORDER APPROVING STIPULATION BY AND BETWEEN OWENS
& MINOR DISTRIBUTION, INC. AND PLAN ADMINISTRATOR**

Upon consideration of the *Stipulation By and Between Owens & Minor Distribution, Inc. and Plan Administrator* (the "Stipulation"), attached hereto as **Exhibit 1**, and after due deliberation; and sufficient cause appearing therefor:

IT IS HEREBY ORDERED THAT:

1.      The Stipulation is APPROVED in its entirety.

2.      Owens & Minor Distribution, Inc. and the Plan Administrator are authorized to take such actions as they may deem necessary or appropriate to effectuate and consummate the Stipulation.

3.      The United States Bankruptcy Court for the District of Delaware shall retain jurisdiction over any matter or dispute arising from or related to the implementation of this Order.

# EXHIBIT 1

## Stipulation

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| VYAIRE MEDICAL, INC.,[1] | ) Case No. 24-11217 (BLS) |
| | ) |
| Liquidating Debtor. | ) |
| | ) |

### STIPULATION BY AND BETWEEN
### OWENS & MINOR DISTRIBUTION, INC. AND PLAN ADMINISTRATOR

This stipulation (this "Stipulation") is entered into between Owens & Minor Distribution, Inc. ("O&M") and David M. Barse, solely in his capacity as the plan administrator (the "Plan Administrator", and together with O&M, the "Parties") in the above-captioned chapter 11 case.  The Parties hereby stipulate and agree as follows:

### Recitals

A.      On June 9, 2024, Vyaire Medical, Inc. and several of its affiliates (collectively, the "Debtors") each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

B.      On December 27, 2024, O&M filed claim no. 223 (the "Claim No. 223") against Debtor Vyaire Medical, Inc. asserting a: (i) $40,552.84 administrative claim and (ii) $13,974.29 general unsecured claim.

---

[1]     This chapter 11 case is now being administered by the Plan Administrator pursuant to the terms of the *Findings of Fact, Conclusions of Law, and Order Approving the Debtors' Disclosure Statement for, and Confirming the Second Amended Joint Chapter 11 Plan of Vyaire Medical, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 745] (the "Confirmation Order").  The Plan Administrator's mailing address is Vyaire Medical, Inc., Attn: David M. Barse, Plan Administrator, c/o Cole Schotz P.C., 500 Delaware Avenue, Suite 600, Wilmington, DE 19801

C.      On November 14, 2024 the Bankruptcy Court entered the Confirmation Order confirming the *Second Amended Joint Chapter 11 Plan of Reorganization of Vyaire Medical, Inc. and Its Debtor Affiliates* [Docket No. 719] (the "<u>Plan</u>").  The effective date of the Plan occurred on November 27, 2024 (the "<u>Plan Effective Date</u>").  *See* Docket No. 810.

D.      Upon the Plan Effective Date, pursuant to the terms of the Plan and Confirmation Order, David M. Barse was appointed as the plan administrator to, among other things, reconcile and object to claims as set forth in the Plan.

E.      On May 8, 2025, the Plan Administrator filed *The Plan Administrator's Third Omnibus Objection (Non-Substantive) to Certain Claims (Duplicate, Late Filed, Insufficient Documentation)* [Docket No. 1081] (the "<u>Third Omnibus Claim Objection</u>") and *The Plan Administrator's Fourth Omnibus Objection (Substantive) to Certain Claims (No Liability Claims, Reclassified Claims, and Overstated Claims)* [Docket No. 1082] (the "<u>Fourth Omnibus Claim Objection</u>", and together with the Third Omnibus Claim Objection, the "<u>Claim Objections</u>").  The deadline to respond to the Claim Objections was June 4, 2025 (the "<u>Response Deadline</u>").

F.      The Claim Objections each sought to disallow and expunge Claim No. 223 in its entirety.

G.      Prior to the Response Deadline, the Parties agreed to extend O&M's response deadline and counsel to O&M informally responded to the Claim Objections.

H.      The Parties have met and conferred and have agreed to resolve Claim No. 223, subject to the terms and conditions set forth below.

**NOW, THEREFORE, IT IS STIPULATED AND AGREED, AS FOLLOWS:**

1.       The recitals set forth above are incorporated herein as if fully set forth herein.

2.       This Stipulation shall have no force or effect unless and until approved by the Bankruptcy Court.  The effective date of this Stipulation shall be the date of the entry of an order by the Bankruptcy Court approving this Stipulation (the "Effective Date").

3.       The $40,552.84 administrative claim portion of Claim No. 223 shall be disallowed and expunged in its entirety and the $13,974.29 general unsecured claim portion of Claim No. 223 shall be allowed against the Debtors and treated in accordance with the Plan.

4.       The claims and noticing agent in this chapter 11 case shall revise the claims register consistent with this Stipulation.

5.       This Stipulation shall fully and finally resolve all disputes between the Parties related to Claim No. 223 and the Claim Objections. Claim No. 223 shall not be subject to any further objection and/or challenge by the Plan Administrator.

6.       The Parties acknowledge that they have read and fully understand the terms of this Stipulation and have had the opportunity to consult with counsel and agree that they are entering into this Stipulation knowingly and voluntarily and any claimed ambiguity shall be construed neither for nor against either of the Parties.

7.       This Stipulation shall be governed by, and construed in accordance with, the laws of the State of Delaware without regard to principles of conflicts of law that require the application of laws of another jurisdiction.

8.       This Stipulation shall not be modified, altered, amended, or vacated without the prior written consent of the Parties.

9.      This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

10.      Notwithstanding the potential applicability of any rule to the contrary, the terms and provisions of this Stipulation shall be immediately effective and enforceable upon the Effective Date and shall thereafter be binding upon the Parties hereto and their respective affiliates and successors (if any).

11.      The Parties agree that the Stipulation shall remain binding and effective in the event of any conversion of the chapter 11 case to a case under any other chapter of the Bankruptcy Code.

12.      The undersigned who execute this Stipulation by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

13.      This Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copies, electronic copies, or facsimiles signed by the Parties.

*[Signature Page Follows]*

Dated:  September 22, 2025
        Wilmington, Delaware

*/s/ Patrick J. Reilley*
_____
**COLE SCHOTZ P.C.**
Patrick J. Reilley (No. 4451)
Stacy L. Newman (No. 5044)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117
preilley@coleschotz.com
snewman@coleschotz.com

- and -

Matteo Percontino, Esq. (Admitted *Pro Hac Vice*)
Court Plaza North, 25 Main Street
Hackensack, NJ 07601
Telephone: (201) 489-3000
Facsimile: (201) 489-1536
mpercontino@coleschotz.com

*Counsel to David M. Barse, solely in his capacity*
*as the Plan Administrator of Vyaire Medical,*
*Inc., et al.*

Dated:  September 22, 2025
        Richmond, Virginia

*/s/ Robbie Westermann*
_____
**SPOTTS FAIN PC**
Robbie Westermann
411 E. Franklin Street, Suite 600
Richmond, Virginia 23219
Telephone:    (804) 697-2009
Facsimile:    (804) 697-2109
Email:    rwestermann@spottsfain.com

*Counsel to*
*Owens & Minor Distribution, Inc.*